290B101484

 citibank®

# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

Borrower(s):   **GRACE D. SOLIS**

Property Address: **730 86TH ST, MIAMI BEACH, FL 33141-0000 (the "Property")**

| | |
|---|---|
| Credit Limit: | $104,000.00 |
| Index: | 6.500% |
| Initial Margin (if applicable): | -1.150% |
| Initial Daily Periodic Rate (if applicable): | 0.014658% |
| Initial **ANNUAL PERCENTAGE RATE** (if applicable): <br> (The Initial Annual Percentage Rate will vary as the Index varies) | 5.350% <br> (Index +/- the Initial Margin) |
| Date the Initial Margin Ends and Regular Margin Begins (if applicable): | 03/02/2006 |
| Regular Margin: | -0.150% |
| Regular Daily Periodic Rate: | 0.017397% |
| Regular **ANNUAL PERCENTAGE RATE**: <br> (The Regular Annual Percentage Rate will vary as the Index varies) | 6.350% <br> (Index +/- the Regular Margin) |

**Closing Costs, Paid by Citibank***

| | | | |
|---|---|---|---|
| Appraisal Fee: | $5.50 | Recording Fees: | $61.00 |
| Credit Report Fee: | $2.00 | City/County Tax/Stamps: | $0.00 |
| Flood Certification Fee (Finance Charge): | $4.25 | State Tax/Stamps: | $0.00 |
| Settlement or Closing Fee (Finance Charge): | $350.00 | Intangible Tax: | $208.00 |
| Abstract or Title Search Fee: | $50.00 | Document Stamp Tax: | $364.00 |
| Title Examination Fee: | $0.00 | Mortgage Registration Tax: | $0.00 |
| Title Insurance Binder: | $0.00 | Tax Certificate Fee: | $0.00 |
| Document Preparation: | $0.00 | Mortgage Taxes:   Borrower Portion | $0.00 |
| Overnight/Postage Fee (Finance Charge): | $0.00 | Lender's Portion | $0.00 |
| **Total Closing Costs:** | **$ 1044.75** | | |

*These charges are paid outside of the closing by Lender. However, if your loan is terminated within the first 36 months, with the exception of the Lender's Portion of the Mortgage Taxes and the Document Preparation Fee, you will be required to repay us all of these closing costs incurred on your behalf.

The undersigned Borrower(s), jointly and severally if more than one, agree to all of the terms and conditions of this Home Equity Line of Credit Agreement and Disclosure, which consists of 9 pages, and acknowledge receipt of a completed copy, along with the notice about your Billing Rights. The date of this Agreement is the latest date next to a Borrower's signature.

_Grace Solis_                   09/02/2005          _____

GRACE D. SOLIS

 Ex. A

  

# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

1.  **DEFINITIONS:** As used herein:

    a)  "Account" means the Home Equity Line of Credit Account opened under the Agreement.

    b)  "Agreement" means this Home Equity Line of Credit Agreement and Disclosure together with any modifications, amendments, replacements or substitutions thereto.

    c)  "Business Day" means any day other than a Saturday, Sunday or a federal holiday.

    d)  "Citibank" means Citibank, F.S.B. also known as Citibank, Federal Savings Bank.

    e)  "Credit Limit" means the maximum aggregate amount of the Loan Advances that may be outstanding at any given time pursuant to the Agreement.

    f)  "Draw Period" means the ten years from the date of the Agreement during which Loan Advances may be made.

    g)  "Index" means the highest Prime Rate as published in the Money Rates section of *The Wall Street Journal* from time to time. *The Wall Street Journal* is available at many newsstands and public libraries, or you may obtain copies from The Wall Street Journal, 200 Burnett Road, Chicopee, Massachusetts 01020. A Prime Rate is not necessarily the lowest or best rate available.

    h)  "Initial Pricing" means that your Agreement has an Initial Margin, Initial Daily Periodic Rate, and an Initial Annual Percentage Rate.

    i)  "Loan Advances" means amounts drawn on your Account pursuant to the Agreement by Home Equity Line of Credit checks, or in any other way Citibank allows, and advances by Citibank pursuant to the Agreement or Mortgage to protect the Property or Citibank's security interest in the Property, including but not limited to advances to maintain required insurance on the Property or to pay taxes on the Property.

    j)  "Mortgage" means the mortgage, deed of trust, deed to secure debt or cooperative security agreement which covers the Property which secures the Agreement.

    k)  "Property" means the property described in the Mortgage which secures the Agreement.

    l)  "Repayment Period" means the twenty years immediately following the Draw Period during which Loan Advances may not be made.

    m)  "You," "Your" and "Yours," whether or not the first letter of the word is capitalized, means each person who signs below as Borrower, jointly and severally.

    Certain other terms are defined elsewhere in this Agreement.

2.  **PROMISE TO PAY:** You promise to pay to Citibank the total of all Closing Costs (if indicated above that Closing Costs are paid by Borrower), all Loan Advances, together with Finance Charges at the applicable daily periodic rate, and any other fees, charges or other Finance Charges, all as provided for in the Agreement.

3.  **HOW FINANCE CHARGES ARE IMPOSED AND DETERMINED:**

    a)  Finance Charges on Loan Advances at the applicable Daily Periodic Rate begin to accrue on the date the Loan Advance is posted to your Account. There is no grace period for repayment of your balance during which Finance Charges will not accrue. If there are any other Finance Charges payable under the Agreement, they will be dollar amounts itemized herein as Finance Charges and will be due and payable on the date of the Agreement.

    b)  The appropriate margin is added to the Index to determine the Annual Percentage Rate, which will be divided by 365 (366 in leap years) to determine the Daily Periodic Rate which will be applied to the balance on which the Finance Charge will be computed during your monthly billing cycle.



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

c) The Index used for a billing cycle will be the daily Index rate published each Business Day.

d) If your Account has Initial Pricing:
   (i) The Initial Margin shown above will be in effect from the date of the Agreement until the Date the Initial Margin Ends and Regular Margin Begins shown above.
   (ii) The Initial Annual Percentage Rate and the Initial Daily Periodic Rate, shown above, will be in effect from the date of the Agreement and can change each Business Day.
   (iii) On the Date the Initial Margin Ends and Regular Margin Begins shown above, the Regular Margin shown above will go into effect. If the Index has not changed so as to affect the rate, the Regular Annual Percentage Rate and Regular Daily Periodic Rate shown above will then be in effect and can change each Business Day.

e) If your Account does not have Initial Pricing:
   (i) The Regular Margin shown above will be in effect from the date of the Agreement.
   (ii) The Regular Annual Percentage Rate and the Regular Daily Periodic Rate will be in effect from the date of the Agreement and can change each Business Day.

f) Any increase in the Annual Percentage Rate will result in an increase in the minimum monthly payment. The Annual Percentage Rate will not exceed 18%, no matter how much the Index increases.

g) You will be sent statements on a monthly cycle which will reflect your Account activity and any amounts you owe Citibank. The amount of the Finance Charge in your statements will be calculated by multiplying the daily periodic rate for the day by the daily balance for your Account at the end of each day in the monthly billing cycle. The resulting Finance Charges for each day are totaled at the end of the statement period and disclosed on the statement as "Finance Charges - Interest". To determine the daily balance Citibank takes the beginning balance of your Account each day, adds any new Loan Advances and other charges, and subtracts any payments and credits. Late Fees, credit life insurance, if any, and unpaid Finance Charges will not be counted as part of the daily balance for purposes of calculating the Finance Charge.

h) Payments are applied first to due and unpaid Finance Charges and other charges and then to the unpaid balance of Loan Advances.

4. **FINANCE CHARGES NOT DUE TO DAILY PERIODIC RATE; CLOSING COSTS:**

   a) If you retained a mortgage broker, the amount of the mortgage broker fee, if any, is a Finance Charge. The amount of the mortgage broker fee is determined by your agreement with your mortgage broker and is not required by Citibank or paid by Citibank.

   b) If you agreed to pay the Closing Costs for your Account, your Closing Costs include Finance Charges in the amounts shown on page one of this Agreement for the cost of flood and tax certifications, overnight courier fees, and the cost charged by Citibank's attorneys or closing agents to conduct the closing for your Account.

   c) A transaction fee (Finance Charge) of $100.00 will be assessed each time you convert balances to a fixed rate, amortized repayment schedule pursuant to Section 13 of this Agreement.

5. **OTHER CHARGES:** These are charges other than Finance Charges. These charges are not counted as part of your daily unpaid balance of Loan Advances for purposes of computing Finance Charges:

   a) There is a $50 Annual Fee associated with your Account. This fee will automatically be charged to your Account in the same manner as a Loan Advance beginning on the first anniversary of your Account opening and annually thereafter.

  

# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

b) **Late Fee.** If Citibank does not receive the full amount of any monthly payment due within 15 calendar days of the due date, you will be charged a Late Fee of the greater of 6% of the overdue payment or $5. However, you will not be charged a Late Fee on an unpaid Late Fee.

c) **Overlimit Fee.** If there is a Loan Advance which causes your Credit Limit to be exceeded, Citibank will charge you a $10 overlimit fee. This charge will not be imposed on more than four transactions a day.

d) **Stop Payment Fee.** If you request Citibank to stop payment on one of your Home Equity Line of Credit Checks, Citibank will charge you an $8 stop payment charge per request.

e) **Returned Item Fee.** If your payment is returned unpaid for any reason, Citibank will charge you a $25 returned item fee.

f) **Early Closure Release Fee.** If Citibank pays the closing costs to open your Account and, within 36 months of the date of this Agreement, you request that your Account be closed or take any other action which will result in a release of the Mortgage, you agree to pay an early closure release fee which will consist of all costs Citibank incurred to open your Account. These costs are disclosed as Closing Costs on the first page of this Agreement. The amount of this fee will be automatically charged to your Account in the same manner as a Loan Advance.

g) **Document Research Fee.** If, for any purpose other than a billing error inquiry or a tax audit inquiry, you request Citibank to provide copies of Account documents, Citibank may charge you $2 per copy and a $20 per hour document research fee.

h) **Other Fees Disclosed in Agreement.** Any charges imposed by Citibank, if any, in connection with your Account are disclosed above at the beginning of the Agreement.

i) **Other Fees Disclosed in Mortgage.** You agree to pay any other fees or charges provided for in the Mortgage or otherwise provided for in the Agreement.

j) **Fee to Release Prior Lien.** You may have to pay a fee to release a prior lien or security interest in the Property.

k) You agree to pay any reasonable costs incurred by Citibank in connection with the enforcement of its rights and remedies under the Agreement and the Mortgage, including, but not limited to, any reasonable attorneys' fees and other collection costs.

6. **SECURITY INTEREST IN PROPERTY:** As security for the Agreement, you are giving Citibank a security interest in the Property located at the address shown above, which security interest secures all of your obligations under this Agreement and the Mortgage. This Property is more fully described in the Mortgage you will sign along with this Agreement. Collateral which secures other obligations to Citibank may also secure this Agreement.

7. **PAYMENT TERMS:** You agree to pay your monthly payments by the due date shown on your monthly statement. During the Draw Period, you agree to pay a minimum monthly payment, which will be shown on your monthly statement, and which will equal the sum of any past due or over Credit Limit amounts plus accrued and unpaid Finance Charges and other unpaid fees or charges imposed pursuant to the Agreement. Your paying this minimum monthly payment will not reduce the principal balance of Loan Advances which you owe Citibank, except to the extent over Credit Limit amounts are paid. During the Repayment Period, you agree to pay a monthly payment, which will be shown on your monthly statement, and which will equal the Finance Charges that have accrued on the outstanding balance for the billing period, plus principal equal to the greater of $50 or 1/240th of your principal balance of Loan Advances as of the end of the Draw Period, plus the sum of the following amounts when applicable: past due amounts on your Account, amount owing in excess of your Credit Limit, Late Fees and other charges imposed pursuant to the Agreement. On the last payment due date of the Repayment Period, any remaining unpaid amounts owed Citibank will be due and payable. You may prepay your Account in whole or in part at any time without penalty, but if you request that your Account be closed or take any other action which will result in a release of the Mortgage, you may owe an early closure release fee as provided for in the OTHER CHARGES section. Loan Advances may not be drawn to make payments on the Account. Citibank may accept late payments or partial payments, even though marked "payment in full," without losing any of Citibank's rights under the Agreement.



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

8.  **TRANSACTION REQUIREMENTS:** You may draw Loan Advances during the Draw Period up to your Credit Limit if your Account has not been closed or suspended or your Credit Limit reduced to where further Loan Advances would not be permitted.

9.  **TERMINATION OF ACCOUNT BY CITIBANK:** Citibank may close your Account, and require payment of the outstanding balance in full in a single payment, if:

    a)  You fail to meet the repayment terms of the Agreement for any outstanding balance.

    b)  There has been fraud or a material misrepresentation by you in connection with the Account.

    c)  You take any action or fail to take any action which adversely affects the Property or Citibank's security interest in the Property, including but not limited to: a transfer of title to the Property or sale of the Property without Citibank's written permission; a failure to maintain any required insurance on the Property; failure to pay taxes on the Property; you permit the filing of a lien senior to that held by Citibank; the sole Borrower obligated on the Account dies; the Property is taken through eminent domain; a prior lien-holder forecloses; you commit waste or otherwise destructively use or fail to maintain the Property in a way that adversely affects the Property; there is illegal use of the Property which could subject the Property to seizure; one of two Co-Borrowers dies and Citibank's security is thereby adversely affected; or you move out of the Property and Citibank's security is thereby adversely affected.

    d)  You are or become an "executive officer" of Citibank as defined in Federal Reserve Board Regulation O and Citibank determines to require payment in full to comply with federal regulation.

    In addition to the foregoing, Citibank shall have the right to exercise any and all of it rights and remedies allowed by law or as set forth in this Agreement or in the Mortgage, including, but not limited to, the right to bring an action against you and the right to bring a foreclosure action against the Property.

10. **SUSPENSION OF ACCOUNT OR REDUCTION OF CREDIT LIMIT BY CITIBANK:** Citibank may prohibit additional extensions of credit or reduce your Credit Limit during any period in which:

    a)  You or any of you request a suspension of the Account or reduction of the Credit Limit.

    b)  The maximum Annual Percentage Rate is reached.

    c)  The value of the Property declines significantly below the Property's appraised value for purposes of the Account. As an example, if the value of the Property declines such that the initial difference between the Credit Limit and the available equity (based on the Property's appraised value) is reduced by fifty percent, such an event would constitute a significant decline in the value of the Property.

    d)  Citibank reasonably believes that you will be unable to fulfill the repayment obligations under the Agreement because of a material change in your financial circumstances.

    e)  You are in default of any material obligation under the Agreement or Mortgage.

    f)  Citibank is precluded by government action from imposing the Annual Percentage Rate provided for in the Agreement.

    g)  The priority of Citibank's security interest is adversely affected by government action to the extent that the value of the security interest is less than 120% of the Credit Limit.

    h)  Citibank is notified by its regulatory agency that continued advances constitute an unsafe and unsound practice.

    If any of the above circumstances change during the Draw Period and you want to reopen your Account or increase your Credit Limit to the original Credit Limit, you must make such a request to Citibank in writing and pay any bona fide and reasonable appraisal and credit report fees actually incurred by Citibank to investigate whether the above circumstances continue to exist. If Citibank suspended your Account or reduced your Credit Limit as a result of your request, the request for reinstatement must be signed by all of you.

 

# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

**citibank**

You agree that you will not attempt to obtain any additional credit extensions once you know that your credit privileges have been terminated or suspended. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations under the Agreement.

11. **OTHER CHANGES TO THE ACCOUNT:** Citibank may change the Index and Regular Margin used under the Agreement if the original Index is no longer available, the new index has an historical movement substantially similar to that of the original Index, and the new index and margin would have resulted in an Annual Percentage Rate substantially similar to the rate in effect at the time the original Index became unavailable. Citibank may make a specified change to the Account if you specifically agree to the change in writing at that time. Citibank may make changes to the Account that will unequivocally benefit you throughout the remainder of the Account. Citibank may make insignificant changes in the terms of the Account, including but not limited to: changing the address to which payments are sent; minor changes to features such as the billing cycle date, the payment due date and the day of the month on which Index values are measured; changes in rounding practices within the tolerance rules allowed by applicable regulation; and changes to balance computation methods if the change produces an insignificant difference in the Finance Charge you pay.

12. **PROMOTIONAL RATE OFFERS:** At Citibank's discretion, Citibank may offer you a promotional rate (a promotional daily periodic rate and/or promotional margin). The period of time for which the promotional rate applies may be limited. Citibank will allocate your payments and credits to pay off balances at low promotional rates before paying off balances at higher periodic rates. Any promotional rate, the corresponding periodic rate, and the period of time during which it is in effect will be disclosed to you. Any promotional rate offer will be subject to the terms of the offer and this Agreement.

13. **OPTIONAL CONVERTED BALANCE FEATURE FOR CERTAIN ACCOUNTS:** The terms described herein are available only to accounts with an assigned credit limit of $25,000.00 or greater and a loan to value ratio (LTV) of 80% or less.

During the Draw Period and during the first 15 years of the Repayment Period, and provided that Your Account is in good standing and You meet such other conditions as we may establish, you may use the optional fixed rate Converted Balance feature to convert all or a portion of your Account balance to a fixed rate, amortizing repayment schedule. Once converted, the interest rate on any converted amount will be fixed and will no longer vary. The unpaid balances of all outstanding Converted Balances will reduce your available credit limit within the variable rate portion of your Account. As you repay each Converted Balance, your available credit limit will be replenished in like amounts subject to your general availability to obtain Loan Advances under the terms of this Agreement. The minimum amount of each Converted Balance is $10,000.00 and available loan terms range between 12 to 240 months. You may establish a maximum of three (3) Converted Balances at any one time and may not establish more than five (5) Converted Balances during the term of your Account. You will pay a transaction fee (Finance Charge) of $100 when establishing a Converted Balance. You may establish a new Converted Balance to pay off all or part of an existing Converted Balance.

The minimum payment on each Converted Balance will be an amount of principal and interest sufficient to repay the Converted Balance in amortized installments over the term you select provided that you make all payments by the scheduled due date. This minimum payment will not change when the Repayment Period begins. The payment amount is in addition to the minimum monthly payment for the variable rate portion of your Account as provided for in Section 7 above and will be due on the same due date as shown on your monthly statement. If you still owe any part of the Converted Balance or interest thereon as of the final payment date, any remaining unpaid amounts will be due and payable.

The Annual Percentage Rate for each Converted Balance is fixed and will be determined by the value of an index. We will take the index in effect on the date the Converted Balance is established by us and add a margin. The index we will use is the Federal Reserve Statistical Release H.15 "Selected Interest Rates" Interest Rate Swaps 14 (3 Year). The maximum ANNUAL PERCENTAGE RATE that can apply to a Converted Balance is 18%.

14. **TAX IMPLICATIONS:** You should consult a tax advisor regarding the deductibility of interest (Finance Charges) and other charges under the Agreement.

15. **DELAY IN ENFORCEMENT:** Citibank may delay the exercise of Citibank's rights under the Agreement or Mortgage without losing them.



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

16. **PROPERTY INSURANCE:** You agree to maintain insurance on the Property as provided for in the Mortgage. If Borrower fails to maintain property insurance, Citibank may obtain insurance coverage, at Citibank's option and Borrower's expense. Citibank is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Citibank, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Citibank under this Section shall be considered Loan Advances and become additional debt of Borrower secured by the Mortgage.

17. **CREDIT INFORMATION:** You understand and agree that Citibank may obtain credit reports for credit applications and for updates, renewals or extensions of the credit granted. Upon request, Citibank will inform you if a report has been obtained and will give you the name and address of the agency that furnished the report. You also agree that Citibank may obtain and use credit reports and other information that Citibank has obtained in a lawful manner consistent with Citibank's privacy policies about you for subsequent solicitations or for any other lawful purpose.

18. **FURTHER ASSURANCES:** You agree that, upon Citibank's request, you will promptly execute, acknowledge, initial and deliver to Citibank any documentation Citibank deems necessary to replace or correct any lost, misplaced, misstated or inaccurate document signed by you at closing.

19. **GOVERNING LAW:** The Agreement will be governed by United States federal law and, to the extent the United States federal law is inapplicable, then by the laws of the Commonwealth of Virginia; except that, with regard to the perfection and enforcement of Citibank's security interest in the Property, the Agreement will be governed by the law of the state where the Property is located.

20. **DUE ON SALE:** The Mortgage or Deed of Trust which covers the Property contains substantially the following provision: Due on Transfer Provision – Transfer of the Property. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in You is sold or transferred and You are not a natural person) without Citibank's prior written consent, Citibank may, at Citibank's option, require immediate payment in full of all sums secured by this Mortgage or Deed of Trust. However, Citibank shall not exercise this option if the exercise is prohibited by applicable law as of the date of this Mortgage or Deed of Trust. If Citibank exercises this option, Citibank shall give You notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which all sums secured by this Mortgage or Deed of Trust must be paid. If these sums are not paid prior to the expiration of this period, Citibank may invoke any remedies permitted by this Mortgage or Deed of Trust without further notice or demand on You.

21. **CHANGE IN NAME, ADDRESS OR EMPLOYMENT:** You agree to notify us in writing of any change in name, address or employment.

22. **NO WAIVER:** Neither you nor Citibank shall be deemed to have waived any of rights, powers or remedies hereunder unless such waiver is embodied in a writing executed by either you or Citibank. The waiver by either you or Citibank of any breach or default by the other party to the Agreement in the performance of any obligation hereunder shall not constitute a waiver of any subsequent breach or default.

23. **NOTICES:** All notices provided for in the Agreement shall be in writing and shall be deemed given (a) when delivered on a Business Day if delivered personally, (b) on the day after deposit with any overnight courier if such date is a Business Day, (c) three days after deposit in the United States mail, if delivered by certified mail, return receipt requested, postage prepaid and addressed to you at the address set forth on the first page of the Agreement or addressed to Citibank at the customer service address shown on your monthly statement.

24. **INVALIDITY CLAUSE:** If any provision of the Agreement shall be otherwise unlawful, void, or for any reason unenforceable, then that provision shall be enforced to the maximum extent permissible so as to effect the intent of you and Citibank. In either case, the remainder of the Agreement shall continue in full force and effect.

  

# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

### YOUR BILLING RIGHTS (KEEP THIS NOTICE FOR FUTURE USE)

This notice contains important information about your rights and Citibank's responsibilities under the Fair Credit Billing Act.

**Notify Citibank in case of errors or questions about your bill.**

If you think your bill is wrong, or if you need more information about a transaction on your bill, write to Citibank on a separate sheet at the address listed on your bill.  Write to Citibank as soon as possible.  Citibank must hear from you no later than 60 days after Citibank sent you the first bill on which the error or problem appeared.  You can telephone Citibank, but doing so will not preserve your rights.

In your letter, give us the following information:

- Your name and Account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error.  If you need more information, describe the item you are not sure about.

If you have authorized Citibank to pay your Home Equity Line of Credit bill automatically from your checking or other authorized account, you can stop the payment on any amount you think is wrong.  To stop the payment your letter must reach Citibank three business days before the automatic payment is scheduled to occur.

### YOUR RIGHTS AND CITIBANK'S RESPONSIBILITIES AFTER CITIBANK RECEIVES YOUR WRITTEN NOTICE

Citibank must acknowledge your letter within 30 days, unless Citibank has corrected the error by then.  Within 90 days, Citibank must either correct the error or explain why Citibank believes the bill was correct.

After Citibank receives your letter, Citibank cannot try to collect any amount you question, or report you as delinquent.  Citibank can continue to bill you for the amount you question, including Finance Charges, and Citibank can apply any unpaid amount against your credit limit.  You do not have to pay any questioned amount while Citibank is investigating, but you are still obligated to pay the parts of your bill that are not in question.

If Citibank finds that Citibank made a mistake on your bill, you will not have to pay any Finance Charges related to any questioned amount.  If Citibank did not make a mistake, you may have to pay Finance Charges, and you will have to make up any missed payments on the questioned amount.  In either case, Citibank will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that Citibank thinks you owe, Citibank may report you as delinquent.  However, if Citibank's explanation does not satisfy you and you write to Citibank within ten days telling Citibank that you still refuse to pay, Citibank must tell anyone Citibank reports you to that you have a question about your bill.  And, Citibank must tell you the name of anyone Citibank reported you to.  Citibank must tell anyone Citibank reports you to that the matter has been settled between you and Citibank when it finally is.

If Citibank does not follow these rules, Citibank cannot collect the first $50 of the questioned amount, even if your bill was correct.

  

# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

### AUTHORIZATION TO CHARGE ACCOUNT – AUTO-DEDUCT SERVICE

By signing below, you authorize Citibank to charge your account described below to pay the minimum amounts due Citibank under the above Home Equity Line of Credit Agreement and Disclosure.

Financial Institution Name: _____

Address: _____

ABA Number: _____

Account type:  [  ] Checking  [  ] Money Market  [  ] Savings

Account Number: _____

_____       _____
Authorized Signature      Date           Authorized Signature      Date

As an option and not a condition to the Agreement, Citibank has offered you the convenience of making payments using pre-authorized payments from a checking or savings account as described.

Your payment will be made automatically on your current due date from your account described above.  If your due date falls on a weekend or holiday, your payment will be deducted on the last business day before your due date.  If there are insufficient funds in your account, Citibank may debit your account for the payment when sufficient funds are available.  Your payment will be made automatically at the minimum due amount, as indicated on your billing statement.  Even after you enroll for the auto-deduct service, you should continue to make payments due under your statement until the auto-deduct service is in place for your Account.

Citibank reserves the right to cancel the auto-deduct service for your Account if there are insufficient funds in your Account for any three consecutive scheduled debits or if any payment is 60 days in arrears.  Citibank also reserves the right to change the terms and conditions of this Auto Deduct Agreement after 21 days prior notice to you.

YOU MAY ATTACH A COPY OF A VOIDED CHECK OR PREPRINTED DEPOSIT OR WITHDRAWAL SLIP FROM THE ACCOUNT DESCRIBED ABOVE IN WHICH FUNDS ARE TO BE DEBITED FROM.

# NAME AFFIDAVIT

THE STATE OF *Florida*
COUNTY OF: *Dade*                    )
                                                  SS

Before me, the undersigned authority, a Notary Public in and for said **Dade**                                    County
and State of *Florida*                                , on this day personally appeared **GRACE DENISE SOLIS** who, after being by
me first duly sworn, under oath does depose and say:

That, **GRACE DENISE SOLIS** as the name(s) appear on the Mortgage/Deed of Trust in connection with the property known as **730
86TH ST, MIAMI BEACH, FL 33141-0000** is/are one and the same person(s) as **GRACE D. SOLIS,** as the name(s) appear on the
various documents that have been presented in conjunction with the line/loan request.

_____          **09/02/2005**          _____
**GRACE D. SOLIS**

_____          _____


(Outside of California)

Subscribed and sworn to before me this _____ 2ⁿᵈ _____ day of _____September_____ 2005_____.

_____
Notary Public

Felix J. Reimundo
Commission # DD128597
Expires June 24, 2006
Bonded Thru
Atlantic Bonding Co., Inc.


(Within California)

STATE OF CALIFORNIA
COUNTY OF _____

        Subscribed and sworn to (or affirmed) before me on this ____ day of _____, 20___, by_____, personally
known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Seal_____

Signature_____

# Mail To

AMERICAN TITLE CORP.
1540 N. OLD RAND ROAD
WAUCONDA, IL 60084
847-487-9200

CFN 2005R1025692
OR Bk 23824 Pss 3563 - 3569; (7pss)
RECORDED 09/29/2005 14:32:09
MTG DOC TAX 364.00
INTANG TAX 208.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

**WHEN RECORDED RETURN TO:**
**CITIBANK**
Document Administration
1000 Technology Drive - MS 221
O'Fallon, MO 63368-2240

**THIS INSTRUMENT WAS PREPARED BY:**
SHAILESH S RAI
P.O. Box 790017, MS 221
St. Louis, MO 63179
(800) 925-2484

## HOME EQUITY LINE OF CREDIT MORTGAGE

### ACCOUNT NO.: 105080800610000

In this Mortgage, "You", "Your" and "Yours" means <u>GRACE DENISE SOLIS, A SINGLE WOMAN, SYLVIA SOLIS, AN UNMARRIED WOMAN AND SHIRLEY JANICE SOLIS, A SINGLE WOMAN</u>, of <u>730 86TH ST, MIAMI BEACH, FL 33141-0000</u>, each person signing as mortgagor. "We", "Us" and "Our" means CITIBANK, FEDERAL SAVINGS BANK, 11800 Spectrum Center Drive, Reston, VA 22090. The "Borrower" means the individual(s) who has(ve) signed the Home Equity Line of Credit Agreement and Disclosure (the "Agreement") of even date herewith and in connection with this Mortgage. The "Property" means the real estate, including the leasehold (if any), located at <u>730 86TH ST, MIAMI BEACH, FL 33141-0000</u> and having the legal description attached to and made a part of this Mortgage.

**THIS MORTGAGE** between You and Us is made as of the date next to Your first signature below and has a final maturity date 30 years from such date.

The Agreement provides that the credit secured by the Property is an open-end revolving line of credit at a variable rate of interest. The maximum amount of all loan advances made to the Borrower under the Agreement and which may be secured by this Mortgage may not exceed **$104,000.00** (the "Credit Limit"). At any particular time, the outstanding obligation of Borrower to Us under the Agreement may be any sum equal to or less than the Credit Limit plus interest and other charges owing under the Agreement and amounts owing under this Mortgage. Obligations under the Agreement, Mortgage and any riders thereto shall not be released even if all indebtedness under the Agreement is paid, unless and until We cause a mortgage release to be executed and such release is properly recorded.

**TO SECURE to Us:** (a) the payment and performance of all indebtedness and obligations of the Borrower under the Agreement or any modification or replacement of the Agreement; (b) the payment of all other sums advanced in accordance herewith to protect the security of this Mortgage, with finance charges thereon at the variable rate described in the Agreement; and (c) the payment of any future advances made by Us to Borrower (pursuant to Paragraph 16 of this Mortgage (herein "Future Loan Advances")) and, in consideration of the indebtedness herein recited, You hereby mortgage, grant and convey to Us, with, if allowed by applicable law, power of sale, the Property.

**TOGETHER WITH** all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to You to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, water rights and water stock, and all fixtures now or hereafter attached to the Property (which, if this Mortgage is on a unit in a condominium project or planned unit development, shall include the common elements in such project or development associated with such unit), all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property.

CFX-H-SI-702-FL
SOLIS

1 of 6

Revised 06/24/2005
ACAPS: 105080800610000

Ex. B

# citibank®

**Mortgage, continued**

**IN WITNESS WHEREOF, YOU HAVE EXECUTED THIS MORTGAGE, AND AGREE TO BE BOUND BY ALL TERMS AND CONDITIONS STATED ON PAGES 3 THROUGH 6 FOLLOWING.**

**NOTICE TO BORROWER**
**DO NOT SIGN THIS MORTGAGE IF IT CONTAINS BLANK SPACES.**
**ALL SPACES SHOULD BE COMPLETED BEFORE YOU SIGN.**

_____ 09/02/2005
Mortgagor: GRACE DENISE SOLIS
730 86TH ST, MIAMI BEACH, FL  33141-0000
[ ] Married                    [X] Unmarried

_____ 09/02/2005
Mortgagor: SYLVIA SOLIS
730 86TH ST, MIAMI BEACH, FL  33141-0000
[ ] Married                    [X] Unmarried

_____ 09/02/2005
Mortgagor: SHIRLEY JANICE SOLIS
730 86TH ST, MIAMI BEACH, FL  33141-0000
[ ] Married                    [X] Unmarried

Mortgagor:

[ ] Married                    [ ] Unmarried


[ ] Married                    [ ] Unmarried

[ ] Married                    [ ] Unmarried

Signed, sealed and delivered in the presence of

Witness                                               Date

STATE OF FLORIDA
County of _____Dade_____

The foregoing instrument was acknowledged before me this **09/02/2005**, by **GRACE DENISE SOLIS, SHIRLEY JANICE SOLIS, and SYLVIA SOLIS** who is personally known to me or who has produced _____Driver'n License_____ as identification and who did (did not) take an oath.

_____
(Signature of Person Taking Acknowledgment)

(Title or Rank)

(Name of Person Taking Acknowledgment Typed, Printed or
Stamped)   Felix J. Redondo
           Commission # DD128537
           Expires June 24, 2006
           Bonded Thru
(Serial Number, if any) Atlantic Bonding Co., Inc.



## Mortgage, continued

You covenant that You are lawfully seized of the estate hereby conveyed and have the right of mortgage, grant, and convey the Property, and that the Property is unencumbered, except for the encumbrances of record and any first mortgage. You covenant that You warrant and will defend generally the title to the Property against all claims and demands, except those disclosed in writing to Us as of the date of this Mortgage.

You and We covenant and agree as follows:

1. **Payment of Indebtedness.** Borrower shall promptly pay when due the indebtedness secured by this Mortgage including, without limitation, that evidenced by the Agreement.

2. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Us under the Agreement will be applied to the principal balance and any finance charges, late charges, collection costs, and other charges owing with respect to the indebtedness secured by this Mortgage in such order as We may choose from time to time.

3. **Charges; Liens.** Except as expressly provided in this Paragraph 3, You shall pay all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any, by Your making payments, when due, directly to the payee thereof. In the event You make payments directly to the payee thereof, upon Our request You shall promptly furnish to Us receipts evidencing such payment.

You shall make payments, when due, on any indebtedness secured by a mortgage or other lien that is prior in right or time to this Mortgage (a "Prior Mortgage"). You shall promptly discharge the lien of any Prior Mortgage not disclosed to Us in writing at the time of application for the Agreement, provided, however, that You shall not be required to discharge any such lien so long as You shall (a) in good faith contest such lien by, or defend enforcement of such lien in, legal proceedings which operate to prevent the enforcement of the lien or forfeiture of the Property or any part thereof, or (b) secure from the holder of such prior lien an agreement in form and substance satisfactory to Us subordinating such lien to this Mortgage. You shall not enter into any agreement with the holder of a Prior Mortgage whereby such Prior Mortgage, or the indebtedness secured thereby is modified, amended, extended or renewed, without Our prior written consent. You shall neither request nor allow any future advances to be secured by a Prior Mortgage without Our prior written consent.

4. **Hazard Insurance.** You shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and such other hazards as We may require (including flood insurance coverage, if required by Us) and in such amounts and for such periods as We may require. Unless We require in writing otherwise, the policy shall provide insurance on a replacement cost basis in an amount not less than that necessary to comply with any coinsurance percentage stipulated in the hazard insurance policy. All insurance policies and renewals thereof shall be in form and substance and with carriers acceptable to Us and shall include a standard mortgage clause in favor of and in form and substance satisfactory to Us. In the event of loss, You shall give prompt notice to the insurance carrier and Us. We may make proof of loss if not made promptly by You.

If the Property is abandoned by You, or if You fail to respond to Us within thirty (30) days from the date the notice is mailed by Us to You that the insurance carrier offers to settle a claim for insurance benefits, We are authorized to collect and apply the insurance proceeds at Our option either to restoration or repair of the Property, or to sums secured by this Mortgage.

If the Property is acquired by Us under Paragraph 14 of this Mortgage, all of Your right, title and interest in and to any insurance policies, and in and to the proceeds thereof resulting from damage to the Property prior to the sale or acquisition, shall pass to Us to the extent of the sums secured by this Mortgage immediately prior to such sale or acquisition.

The provisions of this Paragraph 4 shall be subject to the provisions of Paragraph 5 if this Mortgage covers a unit in a condominium project or a planned unit development.

5. **Preservation and Maintenance of Property; Condominiums and Planned Unit Developments.** If this Mortgage is on a unit in a condominium or a planned unit development (herein "Condominium Project"), then: (a) You shall perform all of Your obligations under the declaration or covenants creating or governing the Condominium Project, the by-laws and regulations of the Condominium Project, and all constituent documents (herein "Project Documents"), including the payment when due of assessments imposed by the

# citibank®

**Mortgage, continued**

homeowners association or other governing body of the Condominium Project (herein "Owner's Association"); (b) You shall be deemed to have satisfied the insurance requirements under Paragraph 4 of this Mortgage if the Owners Association maintains full force and effect a "master" or "blanket" policy on the Condominium Project which provides insurance coverage against fire, hazards included within the term "extended coverage" and such other hazards (including flood insurance) as We may require, and in such amounts and for such periods as We may require naming Us as additional loss payee; (c) the provisions of any Project Documents regarding the application of any insurance proceeds from "master" or "blanket" policies covering the Condominium Project shall supersede the provisions of Paragraph 4 of this Mortgage to the extent necessary to avoid conflict between the provisions thereof and hereof; (d) You hereby assign to Us the right to receive distributions on account of the Property under "master" or "blanket" policies covering the Condominium Project to the extent not applied to the restoration or repair of the Property, with any such distributions in excess of the amount necessary to satisfy in full the obligations secured by this Mortgage being paid to You; (e) You shall give Us prompt written notice of any lapse in any insurance coverage under a "master" or "blanket" policy on the Condominium Project; and (f) You shall not, without Our prior written consent, consent to either (i) the abandonment or termination of the Condominium Project (except for the abandonment or termination provided by law in the case of substantial destruction by fire or other casualty or in the case of a taking or condemnation or eminent domain), (ii) any material amendment to the Project Documents (including any change in the percentage interest of the unit owners in the Condominium Project), or (iii) the effectuation of any decision by the Owners Association to terminate professional management and assume self-management of the Condominium Project. If the Property has rental units, You shall maintain insurance against rent loss in addition to the other hazards for which insurance is required herein.

**6. Protection of Our Security.** If You fail to perform Your obligations under this Mortgage, or if any action or proceedings adversely affects our interest in the Property, We may, at Our option, take any action reasonably necessary (including, without limitation, paying expenses and attorney fees and to have entry upon the Property to make repairs) to perform Your obligations or to protect Our interests. Any amounts disbursed by Us pursuant to this Paragraph 6, with interest thereon at the variable rate described in the Agreement, shall become indebtedness secured by this Mortgage (except as expressly provided herein). Nothing contained in this Paragraph 6 shall require Us to incur any expense or take any action hereunder.

**7. Inspection.** We or Our agents may enter and inspect the Property, after giving You reasonable prior notice.

**8. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Us. Neither Borrower nor You will be relieved of any obligation to make payments if We apply the award received to the outstanding balance owed.

If You abandon the Property, or if, after notice by Us to You that the condemnor offers to make an award or settle a claim for damages, You fail to respond to Us within thirty (30) days after the date such notice is mailed, We are authorized to collect and apply the proceeds in the same manner as provided in Paragraph 4 hereof.

**9. Forbearance Not a Waiver.** Any forbearance by Us in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy in the future. Any waiver by Us must be in writing and signed by Us.

**10. Successors and Assigns Bound; Joint and Several Liability; Captions.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, Your and Our respective successors and assigns, subject to the provisions of Paragraph 13 hereof. All Your covenants and agreements shall be joint and several. The captions and headings of the paragraphs of this Mortgage are for convenience only and are not to be used to interpret or define the provisions hereof.

**11 Notices.** Except for any notice required under applicable law to be given in another manner, (a) any notice to You provided for in this Mortgage shall be given by personal delivery or by mailing such notice by first-class postage paid, addressed to You at the address of the Property shown at the beginning of this Mortgage or at such other address as You may designate by notice to Us as provided herein, and (b) any notice to Us shall be given by personal delivery or by mailing such notice by certified mail, return receipt requested, to Our address stated herein or to such other address as We may designate by notice to You as provided herein.



**Mortgage, continued**

12. **Severability.** If any term of this Mortgage is found to be unenforceable, all other provisions will remain in full force.

13. **Due on Transfer Provision – Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in You is sold or transferred and You are not a natural person) without Our prior written consent, We may, at Our option, require immediate payment in full of all sums secured by this Mortgage. However, We shall not exercise this option if the exercise is prohibited by applicable law as of the date of this Mortgage. If We exercise this option, We shall give You notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which all sums secured by this Mortgage paid. If these sums are not paid prior to the expiration of this period, We may invoke any remedies permitted by this Mortgage without further notice or demand on You.

14. **Default.** If You breach any term in this Mortgage, or if Borrower fails to perform any obligation under the Agreement, We may, at Our option, declare all sums secured by this Mortgage to be immediately due and payable without further demand and may may invoke the power of sale under this Mortgage and any other remedies permitted by law. We may collect from You all reasonable costs incurred in enforcing the terms of this Mortgage, including attorney's fees and allocated costs of Our salaried employees.

15. **Assignment of Rents.** As additional security hereunder, You hereby assign to Us the rents of the Property; provided, however, that You shall have, prior to acceleration under Paragraph 14 hereof or abandonment of the Property, the right to collect and retain such rents as they become due and payable.

16. **Future Loan Advances.** Upon Your request, We at Our option may make Future Loan Advances to You or Borrower. Such Future Loan Advances, with interest thereon, shall be secured by this Mortgage when evidenced by a promissory note or agreement stating that said note or agreement is so secured.

17. **Release.** Upon payment of all sums secured by this Mortgage and upon (a) expiration of the Agreement or (b) Your request, We shall release this Mortgage and You shall pay all costs of recordation, if any.

18. **Appointment of Receiver; Lender in Possession.** Upon acceleration under this Mortgage or abandonment of the Property, We shall be entitled to have a receiver appointed by a court to enter upon, take possession of, and manage the Property and collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including but not limited to, receiver's fees and premiums on the receiver's bonds and reasonable attorneys fees and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

19. **Statement of Obligation.** We may collect a fee for furnishing a statement of obligation in an amount not to exceed the maximum amount permitted under applicable law.

20. **No Merger.** There shall be no merger of the interest or estate created by this Mortgage with any other interest or estate in the Property at any time held by or for Our benefit in any capacity, without Our prior written consent.

21. **Fixture Filing.** This Mortgage constitutes a financing statement filed as a fixture filing in the Official Records of the County Recorder of the county in which the Property is located with respect to any and all fixtures included within the term "Property" as used in this Mortgage and with respect to any goods or other personal property that may now or hereafter become such fixtures.

22. **Third Party Waivers.** In the event that any of You has not also signed the Agreement as Borrower, each of You: (a) agrees that We may, from time to time, without notice to, consent from or demand on You, and without affecting or impairing in any way any of Our rights or Your obligations, (i) renew, extend, accelerate, compromise or change the interest rate or other terms of the Agreement and any promissory note or agreement evidencing a Future Loan Advance, and (ii) accept, waive and release other security (including guarantees) for the obligations arising under the Agreement or any promissory note or agreement evidencing a Future Loan Advance, and (b) waives (i) any right to require Us to proceed against any Borrower or any other person, proceed against or exhaust any security for the obligations secured by this Mortgage or pursue any other remedy in Our power whatsoever, (ii) any defense or right against Us arising out of any



**Mortgage, continued**

disability or other defense or cessation of liability of any Borrower for any reason other than full payment, (iii) any defense or right against Us arising out of Our foreclosure upon the Property, even though such foreclosure results in the loss of any right of subrogation, reimbursement or other right You have against any Borrower, (iv) all presentments, diligence, protests, demands and notice of protest, dishonor, and nonperformance, (v) until payment in full of the indebtedness secured by this Mortgage, any right of subrogation or the benefit of any security for such indebtedness, and (vi) the benefit of the statute of limitations affecting the Property to the extent permitted by law. Any partial payment by Borrower or other circumstance that operates to toll any statute of limitations as to such person shall operate to toll such statute as to You.

**23. Choice of Law.** The Mortgage will be governed by United States federal law and, to the extent the United States federal law is inapplicable, then by the laws of the Commonwealth of Virginia; except that, with regard to the perfection and enforcement of Citibank's security interest in the Property, the Mortgage will be governed by the law of the state where the Property is located.

**24. Your Copy.** You shall be given one conformed copy of the Agreement and this Mortgage.

**25. Loan Charges Legislation Affecting Our Rights.** If the Agreement is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Agreement exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any such loan charge already collected from You or Borrower which exceeded permitted limits will be refunded to You or Borrower; We may choose to make this refund by reducing the principal owed under the Agreement or by making a direct payment to You or Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge due. If enactment or expiration of applicable laws has the effect of rendering any provision of the Agreement or this Mortgage unenforceable according to its terms, We may at Our option, require immediate payment in full of all sums secured by this Mortgage and may invoke any remedies permitted by Paragraph 14.

OR BK 23824 PG 3569
LAST PAGE

ACAPS #: 105080800610000
ATC FILE #: 0057110
Customer Name: Grace Solis

### LEGAL DESCRIPTION

THE WEST 24.85 FEET OF LOT 10, IN BLOCK 12, OF BISCAYNE BEACH
2ND ADDITION, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN
PLAT BOOK 46, AT PAGE 39, OF THE PUBLIC RECORDS OF MIAMI–DADE
COUNTY, FLORIDA.

P.I.N. #: 02–3203–011–0170

Grace D Solis
730 86th Street
Miami Beach, FL  33141

CITIBANK, N.A.
PO Box 769004
San Antonio, TX 78245-9004

ATTN: ACCOUNT MANAGER

Certified Mail #: 7001-2510-0008-9411-2081

November 19, 2010

RESPA QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF
DEBT LETTER, TILA REQUEST

This letter is a "qualified written request" in compliance with and under the Real Estate Settlement
Procedures Act, 12 U.S.C. Section 2605(e) and Regulation X at 24 C.F.R. 3500, and The Gramm
Leach Bliley Act.

REF: Alleged Account # 2908101484

Dear Madam or Sir:

I am writing to you to complain about the accounting and servicing of this mortgage and my need for
understanding and clarification of various sale, transfer, funding source, legal and beneficial owner-
ship, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related
to the servicing of this account from its origination to the present date.

To date, the documents and information I have, that you have sent, and the conversations with your
service representatives, have been unproductive and have not answered many questions.
It is my understanding that your company may have been accused of engaging in one or more preda-
tory servicing or lending and servicing schemes. As a consumer, I am extremely concerned about
such practices by anyone, let alone this mortgage company or anyone who has any interest this mat-
ter. I am concerned that such abuses are targeting the uneducated and uninformed consumer and
disadvantaged, poor, elderly and minority Americans.

Needless to say, I am most concerned. I am worried that potential fraudulent and deceptive practices
by unscrupulous mortgage brokers; sales and transfers of mortgage servicing rights; deceptive and
fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent account-
ing tricks and practices may have also negatively affected any credit rating, mortgage account and/or
the debt or payments that I am currently, or may be legally obligated to.

I hereby demand absolute 1st hand evidence from you of the original uncertificated or certificated se-
curity regarding account number 2908101484. In the event you do not supply me with the very securi-
ty it will be a positive confirmation on your part that you never really created and owned one. I also
hereby demand that a chain of transfer from you to wherever the security is now be promptly sent to
me as well. Absent the actual evidence of the security I have no choice but to dispute the validity of
your lawful ownership, funding, entitlement right, and the current debt you allege I owe. By debt I am
referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow
payment and any fees claimed to be owed by you or any trust or entity you may service or subservice
for.

Ex. C



UNITED STATES POSTAL SERVICE®

Home | Help | Sign In

Track & Confirm FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7001 2510 0008 9411 2081**
Status: **Delivered**

Your item was delivered at 10:41 am on November 27, 2010 in SAN ANTONIO, TX 78245. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

Restore Offline Details > (?) Return to USPS.com Home >

**Track & Confirm**

Enter Label/Receipt Number.

Go >

Site Map | Customer Service | Forms | Gov't Services | Careers | Privacy Policy | Terms of Use | Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved. No FEAR Act EEO Data FOIA

---

7001 2510 0008 9411 2081

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Citibank, N.A.
PO Box 769004
San Antonio, TX
78245-9004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X EC ☐ Agent ☐ Addressee

B. Received by (Printed Name) EC

C. Date of Delivery 11-27

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

7001 2510 0008 9411 2081

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7001-2510-0008-9411-2081

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

SAN ANTONIO TX 78245

| | |
|---|---|
| Postage | $ $1.73 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $6.83 |

0425
03
11/24/2010
Postmark Here

Sent To Citibank, N.A.
Street, Apt. No.; or PO Box No. PO Box 769004
City, State, ZIP+4 San Antonio, TX 78245-9004





Comptroller of the Currency
Administrator of National Banks

March 14, 2011

Grace Solis
730  86th Street
Miami Beach FL 33141

Re:    Case# 01485224
       CITIBANK, NATIONAL ASSOCIATION

Dear Ms. Solis:

This letter acknowledges receipt of your correspondence concerning the above referenced bank.
The Office of the Comptroller of the Currency (OCC) is the federal regulator responsible for this
institution.  Based upon your correspondence we have opened a case in the OCC's Customer
Assistance Group (CAG).  Please make note of the case number listed above, and provide the
number on any future correspondence or contact with our office.

We have carefully reviewed the information you provided, and contacted the bank requesting a
response to your issues.  In most instances, the bank will respond directly to you and copy us in
writing.  Once you receive the bank's response, it is very important that you carefully review
their summary and actions taken, if any.

If the bank has satisfactorily addressed your issues and/or concerns no further action on your part
is required.  If however, the bank failed to address any of your issues and/or concerns or you
disagree with their response, please contact the CAG in writing within 30 days of receipt of the
bank's letter.  Please include in your reply the specific issues that the bank failed to address or, if
applicable, the reasons you disagree with the bank's assessment.  Also, please include any
additional documentation that supports your position.

The OCC examines national banks to ensure their safe and sound financial condition and ensures
compliance with applicable banking laws, rules and regulations.  The CAG was established to
assist customers who have questions or complaints involving national banks.  For additional
information on the OCC and CAG please visit our internet site www.helpwithmybank.gov.

Ex. D

he CAG offers guidance, and assists consumers in resolving complaints about national banks and their subsidiaries. The CAG is not a consumer advocacy or bank advocacy group. The OCC is an administrative agency and we do not have jurisdiction to resolve contractual and factual issues. We do not have judicial authority and cannot award damages in excess of a bank's error.

While complaint processing times may vary, on average you should receive a written response from CAG within 60 days after we have a complete file. If you would like to check the status of your case online, please visit www.helpwithmybank.gov and click on the Check Case Status link. Should you have questions, please contact this office at the number listed below.

Sincerely,

*Customer Assistance Group*

Grace D Solis
730 86th Street
Miami Beach, FL  33141

CITIBANK, N.A.
PO Box 769004
San Antonio, TX 78245-9004

ATTN: ACCOUNT MANAGER

Certified Mail #:  7010 0780 0001 7592 8593

March 4, 2011

SECOND REQUEST - RESPA QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT
& VALIDATION OF DEBT LETTER, TILA REQUEST

This letter is a "qualified written request" in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e) and Regulation X at 24 C.F.R. 3500, and The Gramm Leach Bliley Act.

REF: Alleged Account # 2908101484

Dear Madam or Sir:

You are hereby notified that this is the second certified letter I send to your office.  I sent one previously on November 19, 2010 and I have not received a response within the sixty days time period allotted be Federal law.  Your office has proceeded in foreclosure activity through Morris Hardwick Schneider, Attorneys at Law, in violation of RESPA, TILA, Federal Debt Collection Practices Act and several other laws.

I am again writing to you to complain about the accounting and servicing of this mortgage and my need for understanding and clarification of various sale, transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date.

To date, the documents and information I have, that you have sent, and the conversations with your service representatives, have been unproductive and have not answered many questions. It is my understanding that your company may have been accused of engaging in one or more predatory servicing or lending and servicing schemes. As a consumer, I am extremely concerned about such practices by anyone, let alone this mortgage company or anyone who has any interest this matter. I am concerned that such abuses are targeting the uneducated and uninformed consumer and disadvantaged, poor, elderly and minority Americans.

Needless to say, I am most concerned. I am worried that potential fraudulent and deceptive practices by unscrupulous mortgage brokers; sales and transfers of mortgage servicing rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks and practices may have also negatively affected any credit rating, mortgage account and/or the debt or payments that I am currently, or may be legally obligated to.

I hereby demand absolute 1st hand evidence from you of the original un-certificated or certificated security regarding account number 2908101484. In the event you do not supply me with the very security it will be a positive confirmation on your part that you never really created and owned one. I also hereby demand that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security I have no choice but to dispute the validity of

Ex. E

to Grace D Solis's a certified check for the original value of Grace D Solis's monetary instrument.

6. Grace D Solis's right to have account # 2908101484 completely set off because of CITI-BANK, N.A., wrongful registration, breach of intermediary responsibility with regard to Grace D Solis's monetary instrument/asset by CITIBANK, N.A., sending confirmation of set off of wrongful liability of Grace D Solis and issuing a certified check for the difference between the original value of Grace D Solis's monetary instrument/asset and what Grace D Solis mistakenly sent to CITIBANK, N.A. as payment for such wrongful liability.

CITIBANK, N.A. or any transfers, agents or assigns offering a rebuttal of this RESPA REQUEST must do so in the manner of this "RESPA REQUEST" in accordance of and in compliance with current statutes and/or laws by signing in the capacity of a fully liable man or woman being responsible and liable under the penalty of perjury while offering direct testimony with the official capacity as an appointed agent for CITIBANK, N.A., in accordance with CITIBANK, N.A., Articles of Incorporation, Article of Incorporation, By Laws duly signed by a current and duly sworn under oath director(s) of such corporation/Holding Corporation/National Association. Any direct rebuttal with certified true and complete accompanying proof must be posted with the Notary address herein within sixty days. When no verified rebuttal of this "RESPA REQUEST" is made in a timely manner, a "Certificate of Non-Response" serves as CITIBANK, N.A.'s judgment and consent/agreement by means of silence with any and all claims and/or violations herein-stated in the default provisions or any other law.

Power of Attorney: When CITIBANK, N.A. fails by not rebutting to any part of this "RESPA REQUEST" CITIBANK, N.A. agrees with the granting unto Grace D Solis's unlimited Power of Attorney and any and all full authorization in signing or endorsing CITIBANK, N.A. name upon any instruments in satisfaction of the obligation(s) of this RESPA REQUEST/Agreement or any agreement arising from this CITIBANK, N.A. Grace D Solis's agreement. Pre-emption of or to any Bankruptcy proceeding shall not discharge any obligation(s) of this agreement. Consent and agreement with this Power of Attorney by CITIBANK, N.A. waives any and all claims of Grace D Solis, and/or defenses and remains in effect until satisfaction of all obligation(s) by CITIBANK, N.A. has been satisfied.

Sincerely,

Grace D Solis

CC:

1.Consumer Response Center
Federal Trade Commission
600 Pennsylvania Avenue NW,
Room 130A
Washington, DC  20580

2. Office of the Comptroller of the Currency
Customer Assistance Group
1301 McKinney Street, Suite 3450
Houston, TX  77010-9050

3. Office of Attorney General
State of Florida
The Capitol PL -01


**UNITED STATES**
**POSTAL SERVICE**®

Home | Help |
Sign In

Track & Confirm          FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: 7010 0780 0001 7592 8593
Expected Delivery Date: **March 7, 2011**
Class: **First-Class Mail**®
Service(s): **Certified Mail**™
**Return Receipt**
Status: **Delivered**

Your item was delivered at 11:00 am on March 07, 2011 in SAN
ANTONIO, TX 78245.

Detailed Results:

• **Delivered, March 07, 2011, 11:00 am, SAN ANTONIO, TX 78245**
• **Arrival at Unit, March 07, 2011, 9:19 am, SAN ANTONIO, TX 78245**
• **Acceptance, March 04, 2011, 4:51 pm, MIAMI, FL 33180**

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   Go >

---

Track & Confirm

Enter Label/Receipt Number.

Go >

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

**SENDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

Citibank, N.A
PO Box 769004
San Antonio, TX
78245-9004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
FD                               3-7-11

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Article Number
(Transfer from service label)    7010 0780 0001 7592 8593

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

7010 0780 0001 7592 8593

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

SAN ANTONIO TX 78245

| | Postage | $ | $1.39 |
| Certified Fee | | $2.80 | |
| Return Receipt Fee (Endorsement Required) | | $2.30 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $6.49 | |

Sent To Citibank, N.A
Street, Apt No; or PO Box No. PO Box 769004
City, State, ZIP+4 San Antonio, TX

03/04/2011    13

Postmark
Here

730 86th Street
Miami Beach, FL  33141


January 16, 2012


CITIBANK, N.A.
PO Box 769004
San Antonio, TX  78245-9004

Via USPS Certified Mail #7007 0220 0001 5134 8741

Attn: Mortgage loan accounting department

RE: Loan# 2908101484

Dear Sir or Madam,

CitiMortgage is the servicer of our mortgage loan at the above address.  We dispute the amount that is owned according the Monthly Billing Statement and request that you send us information about the fees, costs, and escrow accounting on our loan.  This is a Qualified Written Request, pursuant to Real Estate Settlement and Procedures Act section (2605(e)).

Specifically, we are requesting the itemization of the following:

1.  a complete payment history that can be easily read and understood including, but not limited to, the dates and amounts of all the payments made on the loan to date;

2.  a breakdown of the amount of claimed arrears of delinquencies;

3.  An explanation of what you mean by assignment, sale, or transfer.  Which one is it? Please include a copy of any all assignments, proof of sale, proof of transfer and to whom.

In order to avoid any misunderstanding, all communication shall henceforth be on the record, i.e. in writing and duly served.  Please serve all communications and process directly to the mailing address provided above.

**I am hereby requesting in writing that neither you, nor any agent on your behalf, call me at home or at work.  Do not call me at my home number, or at my place of employment. Please give this information to the appropriate parties within your company so they may comply.**

Thank you for taking to acknowledge and answer the request s required by Real Estate Settlement and Procedures Act section (2605(e)).

Very truly yours,


Grace D. Solis


Ex. F

730 86th Street
Miami Beach, FL  33141


January 16, 2012


Citibank, N.A.
PO Box 769004
San Antonio, TX  78245-9004

Re:  Account #2908101484

Via Certified Mail #7007 0220 0001 5134 8741

To Whom It May Concern:

This letter is being sent to you in response to a notice sent to me.  Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section.  I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

What the money you say I owe is for;
Explain and show me how you calculated what you say I owe;
Provide me with copies of any papers that show I agreed to pay what you say I owe;
Provide a verification or copy of any judgment, if applicable;
Identify the original creditor;
Prove the Statute of Limitations has not expired on this account;
Show me that you are licensed to collect in my state;
Provide me with your license numbers and Registered Agent;

At this time I will also inform you that if your offices have reported invalidated information to any of the three major credit bureaus (Equifax, Experian, or TransUnion) this action may constitute fraud under both Federal and State Laws.  Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent, I will not hesitate in bringing legal action against you for the following:

Violation of the Fair Credit Reporting Act;

Violation of the Fair Debt Collection Practices Act;
Defamation of Character.

If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least thirty days for reviewing and investigating this information.  During such time, all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit.  This includes any listing of any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is not provided proof that it is.

If your offices fail to respond to this validation request within thirty days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I also request, in writing, that no telephone contact be made by your offices to my home or to my place of employment.  If your offices attempt telephone communication with me, including but not limited to, computer generated calls, calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit.  All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action.  This is an attempt to correct your records and any information obtained shall be used for that purpose.

Best regards,


Grace D Solis

English        Customer Service        USPS Mobile                                          Register / Sign in

# USPS.COM

Search USPS.com or Track Packages

Quick Tools              Ship a Package         Send Mail          Manage Your Mail           Shop          Business Solutions

# Track & Confirm

GET EMAIL UPDATES    PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70070220000151348741 | First-Class Mail® | Delivered | January 23, 2012, 9:35 am | SAN ANTONIO, TX 78245 | **Expected Delivery By:** January 23, 2012 Certified Mail™ Return Receipt |
| | | Processed at USPS Origin Sort Facility | January 23, 2012, 12:19 am | SAN ANTONIO, TX 78284 | |
| | | Dispatched to Sort Facility | January 19, 2012, 6:58 pm | MIAMI BEACH, FL 33141 | |
| | | Acceptance | January 19, 2012, 1:52 pm | MIAMI BEACH, FL 33141 | |

**Check on Another Item**

What's your label (or receipt) number?

Find

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2012 USPS. All Rights Reserved

7007 0220 0001 5134 8741

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Citibank, N.A.
PO Box 769004
San Antonio, TX 78245
9004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery    1-23-12

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7007 0220 0001 5134 8741

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-15

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage    $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees    $

CitiMortgage 

CitiMortgage, Inc.
PO BOX 790005
St. Louis, MO 63179-0005

10/5/2016
GRACE D SOLIS
730 86TH ST
MIAMI BEACH, FL 33141

Re: Property Address:       730 86TH ST
                            MIAMI BEACH, FL 33141
CitiMortgage, Inc. Loan No.:  2908101484
Security Instrument Dated:    9/2/2005

Dear CitiMortgage, Inc. Customer(s):

Your debt was previously accelerated by the filing of a mortgage foreclosure lawsuit. The foreclosure complaint demanded immediate payment of all sums owed under your loan. The mortgage foreclosure lawsuit was dismissed.

We believe that the dismissal of the mortgage foreclosure lawsuit automatically resulted in your loan returning to installment status.  However, to be clear, we are writing to inform you that any previous acceleration of your loan is revoked and nullified.  By decelerating your loan, you are no longer obligated to pay immediately all sums due and owing on your loan.  However, you are still required to pay monthly installments, as well as any past due amounts, on your loan as specified in your loan documents and monthly billing statement.  In other words, your loan is returned to installment status as a result of the deceleration. We may continue to proceed with collection activity, re-acceleration of the debt, and/or foreclosure initiation in accordance with your loan documents and applicable law.

If you have any questions or if you would like to discuss loss mitigation assistance available to you, please contact us at 1-844-862-5498* Monday through Friday 7am-8pm CT,  Saturday 7am-4pm CT**.

Sincerely,


CitiMortgage, Inc.

TTY Services are also available.  To access: Dial 711 from the United States or Dial 1-866-280-2050 from Puerto Rico.  When you call or write to us, please refer to your loan number: 2908101484.



CitiMortgage



*Calls are randomly monitored and may be recorded to ensure quality service.

**Hours provided reflect general hours of operation.

This letter contains important information.  You may want to consult an attorney for legal advice.  If an attorney represents you, please refer this letter to your attorney and provide us with the attorney's name, address and telephone number.

The purpose of this communication is to collect a debt and any information obtained will be used for that purpose.

**TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO AN AUTOMATIC STAY OF A BANKRUPTCY ORDER UNDER TITLE 11 OF THE UNITED STATES CODE, THIS NOTICE IS FOR COMPLIANCE AND INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT ANY SUCH OBLIGATION.**

# citibank

®

CITIBANK, N.A.
P.O. Box 790110
St. Louis, MO 63179-0110

Citibank, N.A.
Account
2908101484

16708
UPGR

GRACE D SOLIS
730 86TH ST
MIAMI BEACH FL   33141

Statement Period
July 27, 2016 - August 27, 2016
Page 1 of 4

16708

EDLR400C 1076 5010 CFN087 07 160827 PAGE 00001 OF 00002

Home Equity Line of Credit as of August 27, 2016

## Summary of Account Activity

| | |
|---|---|
| Previous Balance | $122,430.29 |
| Payments (-) | $0.00 |
| Other Credits (-) | $0.00 |
| Loans/Advances (+) | $0.00 |
| Other Debits (+) | $0.00 |
| Fees Charged (+) | $0.00 |
| Interest Charged (+) | $292.67 |
| New Balance | $122,722.96 |
| Credit Limit | $103,148.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 08/27/16 |
| Days in Billing Cycle | 31 |

**For Billing Inquiries Or Credit Bureau Disputes
Write To This Address: For Billing Inquiries,
Calling Or Sending an E-Mail will Not Preserve
Your Rights.**

CITIBANK
PO BOX 769004
SAN ANTONIO, TX 78245-9004

## Summary of Current Minimum Payment Due

| | |
|---|---|
| Payment Due Date | 09/27/16 |
| Total Scheduled Payment | $722.45 |
| Past Due Amount | $23,802.35 |
| Current and Past Due Fees | $207.54 |
| Minimum Payment Due | $24,732.34 |

At Citi, we value you as a customer and appreciate the opportunity to assist you with all of your lending needs. If you have any questions regarding your account or to learn more about how our lending products can help you make a smart decision about borrowing, stop by your nearest Citibank branch today or call 800-321-CITI (2484). Hours are Monday thru Sunday 8AM - 10PM CST.

## TRANSACTION

**Home Equity Line of Credit**          **Account Number 2908101484**

### Interest Charged

| | | |
|---|---|---|
| 08/27/16 | Interest Charged | $292.67 |
| | **TOTAL INTEREST FOR THIS PERIOD** | $292.67 |

**2016 Totals Year-To-Date**
Total Fees Charged in 2016   $0.00
Total Interest Charged in 2016    $2,256.43

Ex. H

63

# CITIbank

CITIBANK, N.A.
P.O. Box 790110
St. Louis, MO 63179-0110

Citibank, N A
Account
2908101484

6972
UPGR

GRACE D SOLIS
730 86TH ST
MIAMI BEACH  FL    33141

Statement Period
August 27, 2016  -  September 27, 2016
Page 1 of 4

## Summary of Account Activity

| | |
|---|---|
| Previous Balance | $122,722.96 |
| Payments (-) | $0.00 |
| Other Credits (-) | $0.00 |
| Loans/Advances (+) | $0.00 |
| Other Debits (+) | $0.00 |
| Fees Charged (+) | $0.00 |
| Interest Charged (+) | $292.68 |
| New Balance | $123,015.64 |
| Credit Limit | $103,148.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 09/27/16 |
| Days in Billing Cycle | 31 |

**For Billing Inquiries Or Credit Bureau Disputes
Write To This Address: For Billing Inquiries,
Calling Or Sending an E-Mail Will Not Preserve
Your Rights.**

CITIBANK
PO BOX 769004
SAN ANTONIO, TX 78245-9004

## Summary of Current Minimum Payment Due

| | |
|---|---|
| Payment Due Date | 10/27/16 |
| Total Scheduled Payment | $722.46 |
| Past Due Amount | $24,524.80 |
| Current and Past Due Fees | $207.54 |
| Minimum Payment Due | $25,454.80 |

At Citi, we value you as a customer and appreciate the opportunity to assist you with all of
your lending needs. If you have any questions regarding your account or to learn more
about how our lending products can help you make a smart decision about borrowing,
stop by your nearest Citibank branch today or call 800-321-CITI (2484). Hours are
Monday thru Sunday 8AM - 10PM CST.

## Home Equity Line of Credit    Account Number 2908101484

### Interest Charged

| | | |
|---|---|---|
| 09/27/16 | Interest Charged | $292.68 |
| | **TOTAL INTEREST FOR THIS PERIOD** | $292.68 |

**2016 Totals Year-To-Date**
Total Fees Charged in 2016   $0.00
Total Interest Charged in 2016    $2,549.10

Ex. I

63

730 86TH Street
Miami Beach, FL  33141


January 12, 2018


CITIBANK, NA
PO BOX 76900
SAN ANTONIO, TX  78245-9004

Via USPS Certified Mail #7016 1970 0000 9572 9623

Re:        Account #2908101484

To Whom It May Concern:

This letter is being sent to you in response to a notice sent to me.  Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) and the Fair Credit Billing Act 15 U.S.C. § 1601 et seq. that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section.  I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

What the money you say I owe is for;

Explain and show me how you calculated the entire amount of what you say I owe – please include how the index and margin was calculated in order to arrive at the interest rate charged;

I received a deceleration letter – how does this affect the amount owed?

How does the deceleration letter affect the past due amount plus the alleged monthly amount owed?

Please provide a copy of the signed 3 day rescission period document;

Provide me with copies of any and all "**account level documents**" that show I agreed to pay what you say I owe to include **original signatures**. Provide a verification or copy of any judgment if applicable;

Identify the original creditor;

1

Ex. J

If you purchased this alleged account, identify the **SELLER** you purchased it from and **ALL PREVIOUS OWNERS**.

Provide me with **ANY** documentation which establishes your legal standing to collect anything from me.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records and any information obtained shall be used for that purpose.

Cordially

Grace Solis

# USPS Tracking®

**FAQs** › (http://faq.usps.com/?articleId=220900)

## Track Another Package ➕

**Tracking Number:** 70161970000095729623     Remove ✕

Your item has been delivered to an agent at 9:05 am on January 17, 2018 in SAN ANTONIO, TX 78245.

## ✓ Delivered

January 17, 2018 at 9:05 am
Delivered, To Agent
SAN ANTONIO, TX 78245

---

### Tracking History ⌃

**January 17, 2018, 9:05 am**
Delivered, To Agent
SAN ANTONIO, TX 78245
Your item has been delivered to an agent at 9:05 am on January 17, 2018 in SAN ANTONIO, TX 78245.

**January 16, 2018**
In Transit to Next Facility

**January 15, 2018, 1:53 pm**
Departed USPS Regional Destination Facility
SAN ANTONIO TX DISTRIBUTION CENTER

**January 15, 2018, 10:03 am**
Arrived at USPS Regional Destination Facility
SAN ANTONIO TX DISTRIBUTION CENTER





CitiMortgage, Inc.
PO BOX 790005
St. Louis, MO 63179-0005

5/17/2018
GRACE D SOLIS
730 86TH ST
MIAMI BEACH, FL 331410000

Re: Property Address:        730 86TH ST
                             MIAMI BEACH, FL 33141
CitiMortgage, Inc. Loan No.: 2908101484

Dear CitiMortgage, Inc. Customer(s):

CitiMortgage, Inc. has waived certain past due installment payments (including interest, principal,
and associated late fees) on your mortgage loan. Those waived installment payments could be
deemed uncollectible because they were not enforced within the applicable statute of limitation.
The specific amounts waived are as follows:

|            |            |
|------------|------------|
| Principal: | $0.00      |
| Interest:  | $10,127.09 |
| Late Fees: | $207.54    |
| Other:     | $0.00      |

By waiving the amounts identified above, you are no longer obligated to pay those amounts, and
CitiMortgage, Inc. will not seek to collect those amounts from you. The change to your outstanding
balance will be reflected on your next periodic billing statement, which you will or may have
already received.

While this waiver reduces the outstanding balance of your loan, it does not change the obligations
and/or terms of your applicable Note and/or Security Instrument. Specifically, it does not change
your obligation to make timely monthly installment payments.  Further, it does not change
CitiMortgage, Inc.'s rights under the applicable Note and Security Instrument.

No action is needed from you for this waiver to take effect.

The waiver of past due payments is generally income to you in the year of waiver, unless you
qualify for a tax exclusion. You will be responsible for paying any income taxes due on the
amount waived. CitiMortgage, Inc. will report to you and the Internal Revenue Service the
amount of the waiver on an applicable Form 1099 (or Form 1042-S for non-U.S. Borrowers), as
required by law. The Form 1099 (or Form 1042-S for non-U.S. Borrowers), will generally be
mailed to you by January 31 of the year following the year of waiver. Please consult your tax
advisor if you have any questions.

©2016 Citi,  Arc Design,  and Citi with Arc are registered service marks of Citigroup Inc.

Ex. K



If you have any questions or if you would like to discuss loss mitigation assistance available to you, please contact us at 1-844-862-5498* Monday through Friday 7am-8pm CT, Saturday 7am-4 pm CT**.

Sincerely,

CitiMortgage, Inc.

TTY Services are also available. To access: Dial 711 from the United States or Dial 1-866-280-2050 from Puerto Rico. When you call or write to us, please refer to your loan number: 2908101484.

*Calls are randomly monitored and may be recorded to ensure quality service.

**Hours provided reflect general hours of operation.

This letter contains important information. You may want to consult an attorney for legal advice. If an attorney represents you, please refer this letter to your attorney and provide us with the attorney's name, address and telephone number.

THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO AN AUTOMATIC STAY OF A BANKRUPTCY ORDER UNDER TITLE 11 OF THE UNITED STATES CODE, THIS NOTICE IS FOR COMPLIANCE AND INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT ANY SUCH OBLIGATION.**

©2016 Citi, Arc Design, and Citi with Arc are registered service marks of Citigroup Inc.

730 86th Street
Miami Beach, FL  33141


June 22, 2018


CITIBANK, NA
PO Box 7690004          *PO Box 6117*
St. Louis, MO  63179-0005     *Sioux Falls, SD 57117-6117*

Via US Certified Mail #7017 3380 0000 8449 7799

Attn: Mortgage loan accounting department

RE ACCOUNT #2908101484

Dear Sir or Madam,          *Qualified Written Request*

This is letter sent to you in response to a notice sent to me dated June 18, 2018 stating that you will begin foreclosure action in response to my debt validation letter that you received on June 4, 2018 via certified mail. **I dispute the total amount that is owed including interest calculations. I again request that you send me information about the fees and costs of the accounting on this account.** This is my fifth Qualified Written Request, pursuant to Real Estate Settlement and Procedures Act section (2605(e)), the Helping Families Save Their Homes Act, Truth In Lending Act and the Fair Credit Billing Act.

Specifically, I am requesting the itemization of the following:

1. a complete payment history that can be easily read and understood including, but not limited to, the dates and amounts of all the payments made on the loan to date;

2. **The indices and margins including dates used to calculate the interest rates for the life of the line of credit;**

3. **Explain and show me how you calculated the entire amount of what you say I owe – please include how the index and margin was calculated in order to arrive at the interest rate charged;**

4. **I received a deceleration letter – how does this affect the amount owed?**

5. **How does the deceleration letter affect the past due amount plus the alleged monthly amount owed?**

6. **Why wasn't an updated amount provided to me when the deceleration letter was sent? I received several monthly notices directly contradicting the deceleration letter.**

7. **Why wasn't the deceleration amount sent to me when I sent prior Qualified Written Requests?**

8. **Please provide a copy of the signed 3 day rescission period document;**

1

*Ex. L*

9. a breakdown of the amount of claimed arrears of delinquencies, how late charges were assessed and calculated;

10. The name, address and phone number of the owner of the mortgage/debt.

11. An explanation of what you mean by successor by merger, assignment, sale, or transfer. Which one is it?  Please include a copy of any all assignments, proof of sale, proof of transfer and to whom.

In order to avoid any misunderstanding, all communication shall henceforth be on the record, i.e. in writing and duly served.  Please serve all communications and process directly to the mailing address provided above.  I am hereby requesting in writing that neither you, nor any agent on your behalf, call me at home or at work.  Do not call me at my home number, or at my place of employment.  Please give this information to the appropriate parties within your company so they may comply.

Thank you for taking the time to acknowledge and answer this request as required **by Real Estate Settlement and Procedures Act section (2605(e)), the Helping Families Save Their Homes Act, Truth In Lending Act and the Fair Credit Billing Act.**

Very truly yours,

Grace D. Solis

2

730 86TH Street
Miami Beach, FL  33141

June 22, 2018

CITIBANK, NA             *PO Box 6117*
PO BOX 76900             *Sioux Falls, SD  57117-6117*
SAN ANTONIO, TX  78245-9004

Via USPS Certified Mail #7017 3380 0000 8449 7799

Re:      Account #2908101484

To Whom It May Concern:

This is letter sent to you in response to a notice sent to me dated June 18, 2018 stating
that you will begin foreclosure action in response to my debt validation letter that you
received on June 4, 2018 via certified mail.  Be advised that this is not a refusal to pay,
but a notice sent pursuant to **the Truth In Lending Act, 15 USC 1692g Sec. 809 (b),
the Fair Credit Billing Act 15 U.S.C. § 1601 et seq. and the Florida Consumer
Collection Practices Act** that your claim is disputed and validation is requested. I have
sent several Qualified Written Requests via certified mail to which your offices have not
responded.

This is NOT a request for "verification" or proof of my mailing address, but a request for
VALIDATION made pursuant to the above named Title and Section.  I respectfully
request that your offices provide me with competent evidence that I have any legal
obligation to pay you.

**Please provide me with the following:**

**What the money you say I owe is for:**

**Explain and show me how you calculated the entire amount of what you say I owe
– please include how the index and margin was calculated in order to arrive at the
interest rate charged;**

**I received a deceleration letter  – how does this affect the amount owed?**

**How does the deceleration letter affect the past due amount plus the alleged
monthly amount owed?**

**Why wasn't an updated amount provided to me when the deceleration letter was
sent?  I received several monthly notices directly contradicting the deceleration
letter.**

**Please provide a copy of the signed 3 day rescission period document;**

1

**Provide me with copies of any and all "account level documents" that show I agreed to pay what you say I owe to include original signatures.**

Provide a verification or copy of any judgment if applicable;

Identify the original creditor;

If you purchased this alleged account, identify the **SELLER** you purchased it from and **ALL PREVIOUS OWNERS**.

Provide me with **ANY** documentation which establishes your legal standing to collect anything from me.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records and any information obtained shall be used for that purpose.

Cordially,

Grace Solis

2

# USPS Tracking®

FAQs ›

## Track Another Package +

**Tracking Number:** 70173380000084497799

Remove ✕

Your item was delivered at 6:07 am on June 28, 2018 in SIOUX FALLS, SD 57117.

## ⊘ Delivered

June 28, 2018 at 6:07 am
Delivered
SIOUX FALLS, SD 57117

---

**Tracking History** ⌃

**June 28, 2018, 6:07 am**
Delivered
SIOUX FALLS, SD 57117
Your item was delivered at 6:07 am on June 28, 2018 in SIOUX FALLS, SD 57117.

**June 28, 2018, 2:50 am**
Arrived at Unit
SIOUX FALLS, SD 57104

**June 27, 2018, 2:36 am**
Arrived at USPS Regional Destination Facility
SIOUX FALLS SD DISTRIBUTION CENTER

**June 26, 2018**
In Transit to Next Facility

730 86th Street
Miami Beach, FL  33141

July 27, 2018

CITIBANK, NA
PO Box 7690004
St. Louis, MO  63179-0005

Via US Certified Mail #7017 3380 0000 8449 7850

Attn: Mortgage loan accounting department

RE ACCOUNT #2908101484

Dear Sir or Madam,

This is letter sent to you in response to a notice sent to me dated July 18, 2018.  **I dispute the total amount that is owed including interest calculations.  I again request that you send me information about the fees and costs of the accounting on this account.**  This is my sixth Qualified Written Request, pursuant to Real Estate Settlement and Procedures Act section (2605(e)), the Helping Families Save Their Homes Act, Truth In Lending Act and the Fair Credit Billing Act. I still haven't received answers to my Qualified Written Request and Debt Validation letter regarding the information below.

Specifically, I am requesting the itemization and answers to the following:

1. a complete payment history that can be easily read and understood including, but not limited to, the dates and amounts of all the payments made on the loan to date;

2. **The indices and margins including dates used to calculate the interest rates for the life of the line of credit;**

3. **Explain and show me how you calculated the entire amount of what you say I owe – please include how the index and margin was calculated in order to arrive at the interest rate charged;**

4. **I received a deceleration letter – how does this affect the amount owed?**

5. **How does the deceleration letter affect the past due amount plus the alleged monthly amount owed?**

6. **Why wasn't an updated amount provided to me when the deceleration letter was sent?  I received several monthly notices directly contradicting the deceleration letter.**

Ex. m

1

7. **Why wasn't the deceleration amount sent to me when I sent prior Qualified Written Requests?**

8. a breakdown of the amount of claimed arrears of delinquencies, how late charges were assessed and calculated;

9. The name, address and phone number of the owner of the mortgage/debt.

10. An explanation of what you mean by successor by merger, assignment, sale, or transfer. Which one is it?  Please include a copy of any all assignments, proof of sale, proof of transfer and to whom.

In order to avoid any misunderstanding, all communication shall henceforth be on the record, i.e. in writing and duly served.  Please serve all communications and process directly to the mailing address provided above.  I am hereby requesting in writing that neither you, nor any agent on your behalf, call me at home or at work.  Do not call me at my home number, or at my place of employment.  Please give this information to the appropriate parties within your company                 so                 they                 may                 comply.

Thank you for taking the time to acknowledge and answer this request as required **by Real Estate Settlement and Procedures Act section (2605(e)), the Helping Families Save Their Homes Act, Truth In Lending Act and the Fair Credit Billing Act.**

Very truly yours,

Grace D. Solis

2

ALERT: DUE TO THE FLOODING FROM HURRICANE FLORENCE, MANY POST OFFICES IN TH...

# USPS Tracking®

FAQs  >  (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package  +

**Tracking Number:** 70173380000084497850

Remove ✕

**Expected Delivery on**

# MONDAY

# 24 SEPTEMBER 2018 ⓘ

**See Product Information** ∨

Feedback

## ✓ Delivered

September 24, 2018 at 6:20 am
Delivered
SAINT LOUIS, MO 63179

**Get Updates** ∨

---

**Text & Email Updates**                                     ∨

---

**Tracking History**                                          ∧

**September 24, 2018, 6:20 am**
Delivered
SAINT LOUIS, MO 63179
Your item was delivered at 6:20 am on September 24, 2018 in SAINT LOUIS, MO 63179.

**September 23, 2018, 5:45 am**
Available for Pickup
SAINT LOUIS, MO 63179

June 25, 2018, 9:52 pm
Arrived at USPS Regional Origin Facility
MIAMI FL DISTRIBUTION CENTER

June 25, 2018, 6:22 pm
Departed Post Office
HALLANDALE, FL 33009

June 25, 2018, 4:44 pm
USPS in possession of item
HALLANDALE, FL 33009

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
_Domestic Mail Only_

For delivery information, visit our website at _www.usps.com®_.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required            $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To  _Citibank NA_

Street and Apt. No., or PO Box No.  _PO 6117_

City, State, ZIP+4®  _SD 57117-6117_

7017 3380 0000 8449 7799

PS Form 3800

See Reverse for Instructions

---

## Product Information                                              ︿

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™

---

### See Less ︿

---

Can'

Go to our FAC

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

_Citibank, NA_
_PO Box 6117_
_Sioux Falls, SD 57117-_
_                    6117_

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Richard_                    ☐ Agent
                               ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                JUN 2 8 2018

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)           ☐ Yes

2. Article Number
(Transfer from service l    7017 3380 0000 8449 7799

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## FLORIDA STATUTES, § 702.015(4) POSSESSION CERTIFICATE

1.     I, Sue Jorden, am employed by CitiMortgage, Inc., as Vice President - Document Control. Pursuant to an agreement, CitiMortgage, Inc., provides certain loan servicing activities for Citibank, N.A., the holder of the Home Equity Line of Credit Agreement ("HELOC") described below. Pursuant to a corporate resolution from CitiMortgage, Inc., I am authorized to make the representations contained in this Possession Certificate ("Certificate") on behalf of Citibank, N.A. The statements made in this Certificate are based on my personal knowledge obtained through my review of business records that are kept by CitiMortgage, Inc., in the normal course of business.

2.     I am over the age of 18 and competent to certify the information contained herein. Pursuant to Florida Statutes, § 702.015(4), under penalty of perjury, I give this certification.

3.     For convenience, the following party or parties listed on the HELOC are referred herein as "Borrower": Grace D. Solis. The Borrower executed a Home Equity Line of Credit Agreement ("HELOC") dated September 2, 2005, in the amount of $104,000.00.

4.     Citibank, N.A. is in possession of the original HELOC upon which this action is brought through its custodian, CitiMortgage, Inc., which possesses the HELOC on behalf of Citibank, N.A.

5.     At the time of verification, the original HELOC was located at CitiMortgage, Inc. at 1000 Technology Drive, O'Fallon, Missouri 63368.

6.     I personally verified CitiMortgage, Inc.'s possession of the original HELOC on July 10, 2018 at 9:01 AM.

1

FL – Possession Certificate – 20160128M
v.FL20160128M DEX0340.28598

Ex. N

7.      A true and correct copy of the HELOC is attached to this Certificate as <u>Exhibit A</u>.

Under penalty of perjury, I declare that I have read the foregoing Possession Certificate, and the facts alleged therein are true and correct to the best of my knowledge and belief.

**CERTIFIER**

By: _____

Name: <u>Sue Jorden</u>

Date: _7 - 10 - 18_

2

arise with respect to assessments due or allegedly due to any Homeowners or Condominium Association, if applicable.

## VERIFICATION OF COMPLAINT

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on this 25 day of September , 2018 .

By: _____
Printed Name: Jennifer Ollier
Title: Vice President-Document Control, Employed by CitiMortgage, Inc., which provides certain loan servicing for Plaintiff
PLAINTIFF: CITIBANK, N.A.
Date: 9/25/18

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Plaintiff
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
Service Email: mail@rasflaw.com

By: _____
[ ] Melissa Konick, Esq., FL Bar No. 17569, Email Address: mkonick@rasflaw.com
[ ] Wendy Manswell, Esq., FL Bar No. 12027, Email Address: wmanswell@rasflaw.com
[X] Rosemarie Wildman, Esq., FL Bar No. 645869, Email Address: rwildman@rasflaw.com
[ ] Gweneth Brimm, Esq., FL Bar No. 727601, Email Address: gbrimm@rasflaw.com
[ ] Shannon Dobel, Esq., FL Bar No. 126299, Email Address: sdobel@rasflaw.com

PAGE 6

18-191226 - JoD

Ex. D

claim an interest as spouses, heirs, devisees, grantees, or other claimants, are joined as Defendants herein. The claims of said Defendants are subordinate, junior, and inferior to the interest of the Plaintiff.

WHEREFORE, Plaintiff demands judgment foreclosing the mortgage, for costs (and, when applicable, attorneys' fees), and, if the proceeds of the sale are insufficient to pay Plaintiff's judgment, Plaintiff asks the court to reserve jurisdiction to determine whether a deficiency is appropriate, in the event it is sought. Subject to any applicable statute of limitations, Plaintiff further requests that the Court ascertain the amount due to Plaintiff for principal and interest on the Mortgage and Note, and for late charges, abstracting, taxes, expenses and costs, including attorney's fees, plus interest thereon. If the sums due Plaintiff under the Mortgage and Note are not paid immediately, Plaintiff requests that the Court foreclose the Mortgage and the Clerk of the Court sell the Property securing the indebtedness to satisfy the Plaintiff's mortgage lien in accordance with the provisions of Florida Statutes §45.031 (2006); and that the rights, title and interest of any Defendant, or any party claiming by, through, under or against any Defendant named herein or hereinafter made a Defendant be forever barred and foreclosed. Plaintiff further requests, where applicable, that the Court appoint a receiver of the Property and of the rents, issues, income and profits thereof, or in the alternative, order sequestration of rents, issues, income and profits pursuant to Florida Statutes §697.07 (2006); and that the Court retain jurisdiction of this action to make any and all further orders and judgments as may be necessary and proper, including the issuance of a writ of possession and the entry of a deficiency judgment decree, when and if such deficiency decree shall appear proper, provided Borrower(s) has/have not been discharged in bankruptcy. Finally, Plaintiff asks the Court to retain jurisdiction to resolve disputes that might

18-191226 - JoD

16.     Defendant, UNKNOWN SPOUSE OF SHIRLEY JANICE SOLIS, may claim some right, title, or interest in the property herein sought to be foreclosed by virtue of homestead rights, possession or some other unknown interest, the exact nature of which is unknown to Plaintiff and not a matter of public record. However, said interest, if any, is subordinate, junior, and inferior to the lien of Plaintiff's mortgage.

17.     The Defendant, EDWARD SOLIS, may claim some right, title, or interest in the property herein sought to be foreclosed by virtue of POSSIBLE HEIR IN THE ESTATE OF SYLVIA SOLIS, DECEASED or some other unknown interest, the exact nature of which is unknown to Plaintiff and not a matter of public record. However, said interest, if any, is subordinate, junior, and inferior to the lien of Plaintiff's mortgage.

18.     Any interest in the property inuring to the Defendant, CITIBANK, N.A. SUCCESSOR BY MERGER TO CITIBANK (SOUTH DAKOTA), N.A., is subordinate and inferior to the lien of Plaintiff's mortgage, including, but not limited to, FINAL JUDGMENT recorded August 4, 2011, in Official Records Book 27779 at Page 2655 and RE-RECORDED FINAL JUDGMENT recorded September 15, 2011, in Official Records Book 27826 at Page 438 of the Public Records of Miami-Dade County, Florida.

19.     Any interest in the property inuring to the Defendant, 13500 NE 3RD COURT, LLC, is subordinate and inferior to the lien of Plaintiff's mortgage, including, but not limited to, FINAL JUDGMENT recorded January 3, 2017, in Official Records Book 30370 at Page 1018 and RE-RECORDED FINAL JUDGMENT recorded April 6, 2017, in Official Records Book 30485 at Page 4281 of the Public Records of Miami-Dade County, Florida.

20.     Any and all unknown parties claiming by, through, under, and against the herein named individual Defendant(s) who are not known to be dead or alive, whether said unknown parties may

PAGE 4

18-191226 - JoD

9.   On or about October 26, 2013, SYLVIA SOLIS died.

10.   In order to protect its security, the Plaintiff may have advanced and paid Ad Valorem Taxes, premiums on insurance required by the Mortgage and other necessary costs, or may be required to make such advances during the pendency of this action.  Any such sum(s) so paid will also be due and owing pursuant to the terms of the note and mortgage.

11.   The property is now owned by Defendant(s), GRACE DENISE SOLIS A/K/A GRACE D. SOLIS and SHIRLEY JANICE SOLIS and THE UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, GRANTEES, ASSIGNEES, LIENORS, CREDITORS, TRUSTEES AND ALL OTHERS WHO MAY CLAIM AN INTEREST IN THE ESTATE OF SYLVIA SOLIS, DECEASED, if living and, if dead, the unknown spouses, heirs, and beneficiaries of GRACE DENISE SOLIS A/K/A GRACE D. SOLIS and SHIRLEY JANICE SOLIS who now hold(s) possession.

12.   All conditions precedent to the acceleration of this mortgage note and to foreclosure of the mortgage have occurred, been satisfied or been waived.

13.   Plaintiff is obligated to pay its attorneys a reasonable fee for their services. Plaintiff is entitled to recover its attorneys' fees pursuant to the express terms of the Note and Mortgage.

14.   Plaintiff alleges that the claims of the remaining Defendants are secondary, junior, inferior and subject to the prior claim of Plaintiff.

15.   Defendant, UNKNOWN SPOUSE OF GRACE DENISE SOLIS A/K/A GRACE D. SOLIS, may claim some right, title, or interest in the property herein sought to be foreclosed by virtue of homestead rights, possession or some other unknown interest, the exact nature of which is unknown to Plaintiff and not a matter of public record. However, said interest, if any, is subordinate, junior, and inferior to the lien of Plaintiff's mortgage.

PAGE 3

18-191226 - JoD

1.    This is an action to foreclose a mortgage on real property in MIAMI-DADE County, Florida.

2.    The Court has jurisdiction over the subject matter.

3.    On September 2, 2005, GRACE DENISE SOLIS A/K/A GRACE D. SOLIS executed and delivered a promissory note securing the payment of the note to CITIBANK, FEDERAL SAVINGS BANK. A copy of the Note is attached hereto as Exhibit "A". On September 2, 2005 GRACE DENISE SOLIS A/K/A GRACE D. SOLIS and SYLVIA SOLIS, DECEASED and SHIRLEY JANICE SOLIS executed and delivered a mortgage. The Mortgage was recorded on September 29, 2005 in Official Records Book 23824, Page 3563, of the Public Records of Miami-Dade County, Florida and mortgaged the property described in the mortgage then owned by the Mortgagor(s). A copy of the Mortgage is attached hereto as Exhibit "B".

4.    The Plaintiff's Mortgage is a lien superior in dignity to any prior or subsequent right, title, claim, lien, or interest of any defendant in this action, including but not limited to, any interest arising out of Mortgagor(s) or Mortgagor(s)' predecessor(s) and/or successors in interest.

5.    Plaintiff is the holder of the original note secured by the mortgage.

6.    Defendant(s) have defaulted under the Note and Mortgage by failing to pay the payment due December 27, 2013, and all subsequent payments.

7.    Plaintiff declares the full amount payable under the Note and Mortgage to be due, except to the extent any part of that amount is or would be subject to a statute of limitations defense.

8.    Pursuant to the terms of the note and mortgage, and except for those Defendants who have been discharged in bankruptcy, Defendant(s) owe Plaintiff **$101,833.68** that is due and owing on principal on the Note and Mortgage, plus interest from and after September 27, 2010, and title search expenses for ascertaining necessary parties to this action.

PAGE 2

18-191226 - JoD

Filing # 78722967 E-Filed 10/02/2018 11:57:50 AM

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO.

CITIBANK, N.A.,
      Plaintiff,

vs.

GRACE DENISE SOLIS A/K/A GRACE
D. SOLIS; UNKNOWN SPOUSE OF
GRACE DENISE SOLIS A/K/A GRACE
D. SOLIS; SHIRLEY JANICE SOLIS;
UNKNOWN SPOUSE OF SHIRLEY
JANICE SOLIS; THE UNKNOWN HEIRS,
BENEFICIARIES, DEVISEES,
GRANTEES, ASSIGNEES, LIENORS,
CREDITORS, TRUSTEES AND ALL
OTHERS WHO MAY CLAIM AN
INTEREST IN THE ESTATE OF SYLVIA
SOLIS, DECEASED; EDWARD SOLIS;
CITIBANK, N.A. SUCCESSOR BY
MERGER TO CITIBANK (SOUTH
DAKOTA), N.A.; 13500 NE 3RD COURT,
LLC; ANY AND ALL UNKNOWN
PARTIES CLAIMING BY, THROUGH,
UNDER, AND AGAINST THE HEREIN
NAMED INDIVIDUAL DEFENDANT(S)
WHO ARE NOT KNOWN TO BE DEAD
OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN
INTEREST AS SPOUSES, HEIRS,
DEVISEES, GRANTEES, OR OTHER
CLAIMANTS,
      Defendant(s).
_____/

## VERIFIED COMPLAINT FOR FORECLOSURE OF MORTGAGE

Plaintiff, CITIBANK, N.A., sues the Defendants and alleges:

## COUNT I – MORTGAGE FORECLOSURE

PAGE 1

18-191226 - JoD