UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



Grace D. Solis and
Shirley J. Solis
    Plaintiffs

v.                                         Case No. 1:19-cv-24042-KMW

CITIBANK, N.A. and
CITIMORTGAGE, INC.
    Defendants

### PLAINTIFFS' OBJECTIONS TO MAGISTRATES REPORT AND RECOMMENDATIONS

    Plaintiffs, Grace Solis and Shirley Solis, *pro se*, hereby timely file their Objections to the Magistrates Report and Recommendations and state as follows for clarification purposes:

    1. Plaintiffs withheld their interest only payments upon the discovery that the Defendants were accused of rigging the LIBOR rates. Plaintiff1 (Grace Solis) was not delinquent at the time she withheld her interest payment. The Index and Margin utilized to calculate the interest rate was not included in the Home Equity Line Credit Agreement. Furthermore, nowhere in the HELOC does it state which margin and index is utilized and to this date, it has never been provided to the Plaintiffs.

    2. According to Investopedia, Lenders, including banks and other financial institutions, use LIBOR as the benchmark reference for determining interest rate for various debt instruments. It is also used as a benchmark rate for mortgages, corporate loans, government bonds, credit cards, student loans in various countries. Apart from debt instruments, LIBOR is also used for other financial products like derivatives including interest rate swaps or currency swaps.

1

3. Plaintiff1 had been sending certified letters yearly from 2010 to 2018 to the Defendants upon receipt of the monthly account summary. Plaintiff1 has received many documents but has never received a breakdown on which margins and index were utilized to calculate the interest rate and interest due in violation of the Truth In Lending Act and in violation of the HELOC agreement. Furthermore, Defendants transferred the servicing of the HELOC to CENLAR in 2019 and CENLAR has also been unable to provide this information to the Plaintiffs.

4. Plaintiffs never claimed that the Defendants used the LIBOR rates. Plaintiffs are requesting from the Defendants to provide which margin and indices were utilized to calculate the interest charged to verify the accuracy of the charges. Plaintiffs do not know how the interest rate was calculated therefore they do not know what portion of the debt is incorrect, if any.

5. Plaintiffs alleged that the Defendants were involved in rigging the LIBOR rate and the Defendants have settled with the United States Government regarding this issue without admission of wrongdoing. Upon this settlement, it confirmed Plaintiffs' suspicions that the index and margins used may be fraudulent, thus necessitating confirmation from the Defendants regarding which index and margin was used to calculate the interest rate and interest due.

6. The Defendants voluntarily dismissed the foreclosure complaint against the Plaintiffs on February 5, 2014. Defendants sent a letter to the Plaintiffs in 2016 decelerating the loan. Plaintiff discovered this letter in January 2018 amongst all the other documentation received because she assumed it was a letter regarding the insurance carrier. Plaintiff began questioning the Defendants regarding this letter in 2018. According to the letter, "By decelerating your loan, you are no longer obligated to pay immediately all sums due and owing on your loan. However, you are still required to pay monthly installments, as well as any past due amounts, on your loan

as specified in your loan documents and monthly billing statement. In other words, your loan is returned to installment status as a result of the deceleration."

7. The Defendants were continuously receiving letters via certified mail from the Plaintiffs regarding the interest amount owed yet never informed the Plaintiffs in their responses that the HELOC was decelerated and the Plaintiffs could resume the payments. If the loan is decelerated, what is actually due? Plaintiff1 continued sending certified letters to the Defendants requesting clarity about the deceleration and the Defendants responded by reducing the interest amount owed. That still did not answer the question of why the debt amount was reduced or how the interest was calculated.

In summary, the Defendants years' long action of refusing to provide the index and margins utilized to calculate the interest owed is extremely confounding. The issue could have been dealt with in 2010. Then their reduction of the interest owed without explanation adds to the confusion. Their failure to provide the information causes the Plaintiffs to believe that the interest owed that is calculated is incorrect or perhaps, does utilize LIBOR, which makes all notifications to the credit reporting agencies regarding amounts past due and the monthly account summary to the Plaintiffs inaccurate and violate the Fair Credit Reporting Act and the Florida Consumer Collection Practices Act. Plaintiff re-disputed the HELOC tradeline in 2015 and 2016 directly with the credit reporting agencies. If the Defendants were rigging the interest rate, the interest charged is inaccurate and illegal. The question is why haven't the Defendants provided this information all these years? The Plaintiffs appreciate the Magistrate's Recommendation of granting leave to amend the complaint.

CONCLUSION For the forgoing reasons, Plaintiffs Grace Solis and Shirley Solis respectfully requests that the Court adopt the Magistrate Judge's Report and Recommendation dated April 8, 2020 to include these factual corrections.

Respectfully submitted,                                April 29, 2020

_____                                _____
Grace Solis                                            Shirley Solis
730 86th Street                                        730 86th Street
Miami Beach, FL  33141                                 Miami Beach, FL  33141
Pro Se                                                 Pro Se

## CERTIFICATE OF SERVICE

We hereby certify that we filed the foregoing with the Clerk of the Court for the United States Court, Southern District of Florida, Miami Division on April 30, 2020 via certified US Postal mail #7019 0700 0000 4653 3340.  A copy via USPS was mailed to counsel for the Defendants.

CITIBANK, NA
CITIMORTGAGE, INC.
Christopher Roach
101 E Kennedy Boulevard, Suite 4000
Tampa, FL  33602

7308 64th St
Miami Beach, FL 33141

MAY 01 2020
12:17 PM

USMS
INSPECTED
RECEIVED

US District Court Clerk
400 N Miami Avenue
8th Floor
Miami, FL 3308

7019 0700 0000 4653 0340

CERTIFIED MAIL

1020   33128

U.S. POSTAGE PAID
FCM LETTER
SURFSIDE, FL
33154
APR 30 20
AMOUNT
$4.10
R2305K132569-05