# EXHIBIT A

# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

290 8101484


citibank

# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

**Borrower(s):   GRACE D. SOLIS**

**Property Address: 730 86TH ST, MIAMI BEACH, FL  33141-0000 (the "Property")**

| | |
|---|---|
| Credit Limit: | $104,000.00 |
| Index: | 6.500% |
| Initial Margin (if applicable): | -1.150% |
| Initial Daily Periodic Rate (if applicable): | 0.014658% |
| Initial **ANNUAL PERCENTAGE RATE** (if applicable): <br> (The Initial Annual Percentage Rate will vary as the Index varies) | 5.350% <br> (Index +/- the Initial Margin) |
| Date the Initial Margin Ends and Regular Margin Begins (if applicable): | 03/02/2006 |
| Regular Margin: | -0.150% |
| Regular Daily Periodic Rate: | 0.017397% |
| Regular **ANNUAL PERCENTAGE RATE:** <br> (The Regular Annual Percentage Rate will vary as the Index varies) | 6.350% <br> (Index +/- the Regular Margin) |

**Closing Costs, Paid by Citibank\***

| | | | |
|---|---|---|---|
| Appraisal Fee: | $5.50 | Recording Fees: | $61.00 |
| Credit Report Fee: | $2.00 | City/County Tax/Stamps: | $0.00 |
| Flood Certification Fee (Finance Charge): | $4.25 | State Tax/Stamps: | $0.00 |
| Settlement or Closing Fee (Finance Charge): | $350.00 | Intangible Tax: | $208.00 |
| Abstract or Title Search Fee: | $50.00 | Document Stamp Tax: | $364.00 |
| Title Examination Fee: | $0.00 | Mortgage Registration Tax: | $0.00 |
| Title Insurance Binder: | $0.00 | Tax Certificate Fee: | $0.00 |
| Document Preparation: | $0.00 | Mortgage Taxes:    Borrower Portion | $0.00 |
| Overnight/Postage Fee (Finance Charge): | $0.00 | Lender's Portion | $0.00 |

**Total Closing Costs:**          **$ 1044.75**

\*These charges are paid outside of the closing by Lender.  However, if your loan is terminated within the first 36 months, with the exception of the Lender's Portion of the Mortgage Taxes and the Document Preparation Fee, you will be required to repay us all of these closing costs incurred on your behalf.

The undersigned Borrower(s), jointly and severally if more than one, agree to all of the terms and conditions of this Home Equity Line of Credit Agreement and Disclosure, which consists of 9 pages, and acknowledge receipt of a completed copy, along with the notice about Your Billing Rights.  The date of this Agreement is the latest date next to a Borrower's signature.

_Grace D. Solis_          09/02/2005          _____
GRACE D. SOLIS

_____          _____

_____          _____

Ex. A

  

# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

1. **DEFINITIONS:  As used herein:**

   a)  "Account" means the Home Equity Line of Credit Account opened under the Agreement.

   b)  "Agreement" means this Home Equity Line of Credit Agreement and Disclosure together with any modifications, amendments, replacements or substitutions thereto.

   c)  "Business Day" means any day other than a Saturday, Sunday or a federal holiday.

   d)  "Citibank" means Citibank, F.S.B. also known as Citibank, Federal Savings Bank.

   e)  "Credit Limit" means the maximum aggregate amount of the Loan Advances that may be outstanding at any given time pursuant to the Agreement.

   f)  "Draw Period" means the ten years from the date of the Agreement during which Loan Advances may be made.

   g)  "Index" means the highest Prime Rate as published in the Money Rates section of *The Wall Street Journal* from time to time. *The Wall Street Journal* is available at many newsstands and public libraries, or you may obtain copies from The Wall Street Journal, 200 Burnett Road, Chicopee, Massachusetts 01020.  A Prime Rate is not necessarily the lowest or best rate available.

   h)  "Initial Pricing" means that your Agreement has an Initial Margin, Initial Daily Periodic Rate, and an Initial Annual Percentage Rate.

   i)  "Loan Advances" means amounts drawn on your Account pursuant to the Agreement by Home Equity Line of Credit checks, or in any other way Citibank allows, and advances by Citibank pursuant to the Agreement or Mortgage to protect the Property or Citibank's security interest in the Property, including but not limited to advances to maintain required insurance on the Property or to pay taxes on the Property.

   j)  "Mortgage" means the mortgage, deed of trust, deed to secure debt or cooperative security agreement which covers the Property which secures the Agreement.

   k)  "Property" means the property described in the Mortgage which secures the Agreement.

   l)  "Repayment Period" means the twenty years immediately following the Draw Period during which Loan Advances may not be made.

   m)  "You," "Your" and "Yours," whether or not the first letter of the word is capitalized, means each person who signs below as Borrower, jointly and severally.

Certain other terms are defined elsewhere in this Agreement.

2. **PROMISE TO PAY:**  You promise to pay to Citibank the total of all Closing Costs (if indicated above that Closing Costs are paid by Borrower), all Loan Advances, together with Finance Charges at the applicable daily periodic rate, and any other fees, charges or other Finance Charges, all as provided for in the Agreement.

3. **HOW FINANCE CHARGES ARE IMPOSED AND DETERMINED:**

   a)  Finance Charges on Loan Advances at the applicable Daily Periodic Rate begin to accrue on the date the Loan Advance is posted to your Account.  There is no grace period for repayment of your balance during which Finance Charges will not accrue.  If there are any other Finance Charges payable under the Agreement, they will be dollar amounts itemized herein as Finance Charges and will be due and payable on the date of the Agreement.

   b)  The appropriate margin is added to the Index to determine the Annual Percentage Rate, which will be divided by 365 (366 in leap years) to determine the Daily Periodic Rate which will be applied to the balance on which the Finance Charge will be computed during your monthly billing cycle.



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

c) The Index used for a billing cycle will be the daily Index rate published each Business Day.

d) If your Account has Initial Pricing:
   (i) The Initial Margin shown above will be in effect from the date of the Agreement until the Date the Initial Margin Ends and Regular Margin Begins shown above.
   (ii) The Initial Annual Percentage Rate and the Initial Daily Periodic Rate, shown above, will be in effect from the date of the Agreement and can change each Business Day.
   (iii) On the Date the Initial Margin Ends and Regular Margin Begins shown above, the Regular Margin shown above will go into effect. If the Index has not changed so as to affect the rate, the Regular Annual Percentage Rate and Regular Daily Periodic Rate shown above will then be in effect and can change each Business Day.

e) If your Account does not have Initial Pricing:
   (i) The Regular Margin shown above will be in effect from the date of the Agreement.
   (ii) The Regular Annual Percentage Rate and the Regular Daily Periodic Rate will be in effect from the date of the Agreement and can change each Business Day.

f) Any increase in the Annual Percentage Rate will result in an increase in the minimum monthly payment. The Annual Percentage Rate will not exceed 18%, no matter how much the Index increases.

g) You will be sent statements on a monthly cycle which will reflect your Account activity and any amounts you owe Citibank. The amount of the Finance Charge in your statements will be calculated by multiplying the daily periodic rate for the day by the daily balance for your Account at the end of each day in the monthly billing cycle. The resulting Finance Charges for each day are totaled at the end of the statement period and disclosed on the statement as "Finance Charges - Interest". To determine the daily balance Citibank takes the beginning balance of your Account each day, adds any new Loan Advances and other charges, and subtracts any payments and credits. Late Fees, credit life insurance, if any, and unpaid Finance Charges will not be counted as part of the daily balance for purposes of calculating the Finance Charge.

h) Payments are applied first to due and unpaid Finance Charges and other charges and then to the unpaid balance of Loan Advances.

4. **FINANCE CHARGES NOT DUE TO DAILY PERIODIC RATE; CLOSING COSTS:**

   a) If you retained a mortgage broker, the amount of the mortgage broker fee, if any, is a Finance Charge. The amount of the mortgage broker fee is determined by your agreement with your mortgage broker and is not required by Citibank or paid by Citibank.

   b) If you agreed to pay the Closing Costs for your Account, your Closing Costs include Finance Charges in the amounts shown on page one of this Agreement for the cost of flood and tax certifications, overnight courier fees, and the cost charged by Citibank's attorneys or closing agents to conduct the closing for your Account.

   c) A transaction fee (Finance Charge) of $100.00 will be assessed each time you convert balances to a fixed rate, amortized repayment schedule pursuant to Section 13 of this Agreement.

5. **OTHER CHARGES:** These are charges other than Finance Charges. These charges are not counted as part of your daily unpaid balance of Loan Advances for purposes of computing Finance Charges:

   a) There is a $50 Annual Fee associated with your Account. This fee will automatically be charged to your Account in the same manner as a Loan Advance beginning on the first anniversary of your Account opening and annually thereafter.

  

# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

b) **Late Fee.** If Citibank does not receive the full amount of any monthly payment due within 15 calendar days of the due date, you will be charged a Late Fee of the greater of 6% of the overdue payment or $5. However, you will not be charged a Late Fee on an unpaid Late Fee.

c) **Overlimit Fee.** If there is a Loan Advance which causes your Credit Limit to be exceeded, Citibank will charge you a $10 overlimit fee. This charge will not be imposed on more than four transactions a day.

d) **Stop Payment Fee.** If you request Citibank to stop payment on one of your Home Equity Line of Credit Checks, Citibank will charge you an $8 stop payment charge per request.

e) **Returned Item Fee.** If your payment is returned unpaid for any reason, Citibank will charge you a $25 returned item fee.

f) **Early Closure Release Fee.** If Citibank pays the closing costs to open your Account and, within 36 months of the date of this Agreement, you request that your Account be closed or take any other action which will result in a release of the Mortgage, you agree to pay an early closure release fee which will consist of all costs Citibank incurred to open your Account. These costs are disclosed as Closing Costs on the first page of this Agreement. The amount of this fee will be automatically charged to your Account in the same manner as a Loan Advance.

g) **Document Research Fee.** If, for any purpose other than a billing error inquiry or a tax audit inquiry, you request Citibank to provide copies of Account documents, Citibank may charge you $2 per copy and a $20 per hour document research fee.

h) **Other Fees Disclosed in Agreement.** Any charges imposed by Citibank, if any, in connection with your Account are disclosed above at the beginning of the Agreement.

i) **Other Fees Disclosed in Mortgage.** You agree to pay any other fees or charges provided for in the Mortgage or otherwise provided for in the Agreement.

j) **Fee to Release Prior Lien.** You may have to pay a fee to release a prior lien or security interest in the Property.

k) You agree to pay any reasonable costs incurred by Citibank in connection with the enforcement of its rights and remedies under the Agreement and the Mortgage, including, but not limited to, any reasonable attorneys' fees and other collection costs.

6. **SECURITY INTEREST IN PROPERTY:** As security for the Agreement, you are giving Citibank a security interest in the Property located at the address shown above, which security interest secures all of your obligations under this Agreement and the Mortgage. This Property is more fully described in the Mortgage you will sign along with this Agreement. Collateral which secures other obligations to Citibank may also secure the Agreement.

7. **PAYMENT TERMS:** You agree to pay your monthly payments by the due date shown on your monthly statement. During the Draw Period, you agree to pay a minimum monthly payment, which will be shown on your monthly statement, and which will equal the sum of any past due or over Credit Limit amounts plus accrued and unpaid Finance Charges and other unpaid fees or charges imposed pursuant to the Agreement. Your paying this minimum monthly payment will not reduce the principal balance of Loan Advances which you owe Citibank, except to the extent over Credit Limit amounts are paid. During the Repayment Period, you agree to pay a monthly payment, which will be shown on your monthly statement, and which will equal the Finance Charges that have accrued on the outstanding balance for the billing period, plus principal equal to the greater of $50 or 1/240th of your principal balance of Loan Advances as of the end of the Draw Period, plus the sum of the following amounts when applicable: past due amounts on your Account, amount owing in excess of your Credit Limit, Late Fees and other charges imposed pursuant to the Agreement. On the last payment due date of the Repayment Period, any remaining unpaid amounts owed Citibank will be due and payable. You may prepay your Account in whole or in part at any time without penalty, but if you request that your Account be closed or take any other action which will result in a release of the Mortgage, you may owe an early closure release fee as provided for in the OTHER CHARGES section. Loan Advances may not be drawn to make payments on the Account. Citibank may accept late payments or partial payments, even though marked "payment in full," without losing any of Citibank's rights under the Agreement.

  

# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

8.  **TRANSACTION REQUIREMENTS:** You may draw Loan Advances during the Draw Period up to your Credit Limit if your Account has not been closed or suspended or your Credit Limit reduced to where further Loan Advances would not be permitted.

9.  **TERMINATION OF ACCOUNT BY CITIBANK:** Citibank may close your Account, and require payment of the outstanding balance in full in a single payment, if:

    a)  You fail to meet the repayment terms of the Agreement for any outstanding balance.

    b)  There has been fraud or a material misrepresentation by you in connection with the Account.

    c)  You take any action or fail to take any action which adversely affects the Property or Citibank's security interest in the Property, including but not limited to: a transfer of title to the Property or sale of the Property without Citibank's written permission; a failure to maintain any required insurance on the Property; failure to pay taxes on the Property; you permit the filing of a lien senior to that held by Citibank; the sole Borrower obligated on the Account dies; the Property is taken through eminent domain; a prior lien-holder forecloses; you commit waste or otherwise destructively use or fail to maintain the Property in a way that adversely affects the Property; there is illegal use of the Property which could subject the Property to seizure; one of two Co-Borrowers dies and Citibank's security is thereby adversely affected; or you move out of the Property and Citibank's security is thereby adversely affected.

    d)  You are or become an "executive officer" of Citibank as defined in Federal Reserve Board Regulation O and Citibank determines to require payment in full to comply with federal regulation.

    In addition to the foregoing, Citibank shall have the right to exercise any and all of it rights and remedies allowed by law or as set forth in this Agreement or in the Mortgage, including, but not limited to, the right to bring an action against you and the right to bring a foreclosure action against the Property.

10. **SUSPENSION OF ACCOUNT OR REDUCTION OF CREDIT LIMIT BY CITIBANK:** Citibank may prohibit additional extensions of credit or reduce your Credit Limit during any period in which:

    a)  You or any of you request a suspension of the Account or reduction of the Credit Limit.

    b)  The maximum Annual Percentage Rate is reached.

    c)  The value of the Property declines significantly below the Property's appraised value for purposes of the Account. As an example, if the value of the Property declines such that the initial difference between the Credit Limit and the available equity (based on the Property's appraised value) is reduced by fifty percent, such an event would constitute a significant decline in the value of the Property.

    d)  Citibank reasonably believes that you will be unable to fulfill the repayment obligations under the Agreement because of a material change in your financial circumstances.

    e)  You are in default of any material obligation under the Agreement or Mortgage.

    f)  Citibank is precluded by government action from imposing the Annual Percentage Rate provided for in the Agreement.

    g)  The priority of Citibank's security interest is adversely affected by government action to the extent that the value of the security interest is less than 120% of the Credit Limit.

    h)  Citibank is notified by its regulatory agency that continued advances constitute an unsafe and unsound practice.

    If any of the above circumstances change during the Draw Period and you want to reopen your Account or increase your Credit Limit to the original Credit Limit, you must make such a request to Citibank in writing and pay any bona fide and reasonable appraisal and credit report fees actually incurred by Citibank to investigate whether the above circumstances continue to exist. If Citibank suspended your Account or reduced your Credit Limit as a result of your request, the request for reinstatement must be signed by all of you.



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

You agree that you will not attempt to obtain any additional credit extensions once you know that your credit privileges have been terminated or suspended. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations under the Agreement.

11. **OTHER CHANGES TO THE ACCOUNT:** Citibank may change the Index and Regular Margin used under the Agreement if the original Index is no longer available, the new index has an historical movement substantially similar to that of the original Index, and the new index and margin would have resulted in an Annual Percentage Rate substantially similar to the rate in effect at the time the original Index became unavailable. Citibank may make a specified change to the Account if you specifically agree to the change in writing at that time. Citibank may make changes to the Account that will unequivocally benefit you throughout the remainder of the Account. Citibank may make insignificant changes in the terms of the Account, including but not limited to: changing the address to which payments are sent; minor changes to features such as the billing cycle date, the payment due date and the day of the month on which Index values are measured; changes in rounding practices within the tolerance rules allowed by applicable regulation; and changes to balance computation methods if the change produces an insignificant difference in the Finance Charge you pay.

12. **PROMOTIONAL RATE OFFERS:** At Citibank's discretion, Citibank may offer you a promotional rate (a promotional daily periodic rate and/or promotional margin). The period of time for which the promotional rate applies may be limited. Citibank will allocate your payments and credits to pay off balances at low promotional rates before paying off balances at higher periodic rates. Any promotional rate, the corresponding periodic rate, and the period of time during which it is in effect will be disclosed to you. Any promotional rate offer will be subject to the terms of the offer and this Agreement.

13. **OPTIONAL CONVERTED BALANCE FEATURE FOR CERTAIN ACCOUNTS:** The terms described herein are available only to accounts with an assigned credit limit of $25,000.00 or greater and a loan to value ratio (LTV) of 80% or less.

     During the Draw Period and during the first 15 years of the Repayment Period, and provided that Your Account is in good standing and You meet such other conditions as we may establish, you may use the optional fixed rate Converted Balance feature to convert all or a portion of your Account balance to a fixed rate, amortizing repayment schedule. Once converted, the interest rate on any converted amount will be fixed and will no longer vary. The unpaid balances of all outstanding Converted Balances will reduce your available credit limit within the variable rate portion of your Account. As you repay each Converted Balance, your available credit limit will be replenished in like amounts subject to your general availability to obtain Loan Advances under the terms of this Agreement. The minimum amount of each Converted Balance is $10,000.00 and available loan terms range between 12 to 240 months. You may establish a maximum of three (3) Converted Balances at any one time and may not establish more than five (5) Converted Balances during the term of your Account. You will pay a transaction fee (Finance Charge) of $100 when establishing a Converted Balance. You may establish a new Converted Balance to pay off all or part of an existing Converted Balance.

     The minimum payment on each Converted Balance will be an amount of principal and interest sufficient to repay the Converted Balance in amortized installments over the term you select provided that you make all payments by the scheduled due date. This minimum payment will not change when the Repayment Period begins. The payment amount is in addition to the minimum monthly payment for the variable rate portion of your Account as provided for in Section 7 above and will be due on the same due date as shown on your monthly statement. If you still owe any part of the Converted Balance or interest thereon as of the final payment date, any remaining unpaid amounts will be due and payable.

     The Annual Percentage Rate for each Converted Balance is fixed and will be determined by the value of an index. We will take the index in effect on the date the Converted Balance is established by us and add a margin. The index we will use is the Federal Reserve Statistical Release H.15 "Selected Interest Rates" Interest Rate Swaps 14 (3 Year). The maximum **ANNUAL PERCENTAGE RATE** that can apply to a Converted Balance is 18%.

14. **TAX IMPLICATIONS:** You should consult a tax advisor regarding the deductibility of interest (Finance Charges) and other charges under the Agreement.

15. **DELAY IN ENFORCEMENT:** Citibank may delay the exercise of Citibank's rights under the Agreement or Mortgage without losing them.



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

16. **PROPERTY INSURANCE:** You agree to maintain insurance on the Property as provided for in the Mortgage. If Borrower fails to maintain property insurance, Citibank may obtain insurance coverage, at Citibank's option and Borrower's expense. Citibank is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Citibank, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Citibank under this Section shall be considered Loan Advances and become additional debt of Borrower secured by the Mortgage.

17. **CREDIT INFORMATION:** You understand and agree that Citibank may obtain credit reports for credit applications and for updates, renewals or extensions of the credit granted. Upon request, Citibank will inform you if a report has been obtained and will give you the name and address of the agency that furnished the report. You also agree that Citibank may obtain and use credit reports and other information that Citibank has obtained in a lawful manner consistent with Citibank's privacy policies about you for subsequent solicitations or for any other lawful purpose.

18. **FURTHER ASSURANCES:** You agree that, upon Citibank's request, you will promptly execute, acknowledge, initial and deliver to Citibank any documentation Citibank deems necessary to replace or correct any lost, misplaced, misstated or inaccurate document signed by you at closing.

19. **GOVERNING LAW:** The Agreement will be governed by United States federal law and, to the extent the United States federal law is inapplicable, then by the laws of the Commonwealth of Virginia; except that, with regard to the perfection and enforcement of Citibank's security interest in the Property, the Agreement will be governed by the law of the state where the Property is located.

20. **DUE ON SALE:** The Mortgage or Deed of Trust which covers the Property contains substantially the following provision: Due on Transfer Provision – Transfer of the Property. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in You is sold or transferred and You are not a natural person) without Citibank's prior written consent, Citibank may, at Citibank's option, require immediate payment in full of all sums secured by this Mortgage or Deed of Trust. However, Citibank shall not exercise this option if the exercise is prohibited by applicable law as of the date of this Mortgage or Deed of Trust. If Citibank exercises this option, Citibank shall give You notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which all sums secured by this Mortgage or Deed of Trust must be paid. If these sums are not paid prior to the expiration of this period, Citibank may invoke any remedies permitted by this Mortgage or Deed of Trust without further notice or demand on You.

21. **CHANGE IN NAME, ADDRESS OR EMPLOYMENT:** You agree to notify us in writing of any change in name, address or employment.

22. **NO WAIVER:** Neither you nor Citibank shall be deemed to have waived any of rights, powers or remedies hereunder unless such waiver is embodied in a writing executed by either you or Citibank. The waiver by either you or Citibank of any breach or default by the other party to the Agreement in the performance of any obligation hereunder shall not constitute a waiver of any subsequent breach or default.

23. **NOTICES:** All notices provided for in the Agreement shall be in writing and shall be deemed given (a) when delivered on a Business Day if delivered personally, (b) on the day after deposit with any overnight courier if such date is a Business Day, (c) three days after deposit in the United States mail, if delivered by certified mail, return receipt requested, postage prepaid and addressed to you at the address set forth on the first page of the Agreement or addressed to Citibank at the customer service address shown on your monthly statement.

24. **INVALIDITY CLAUSE:** If any provision of the Agreement shall be otherwise unlawful, void, or for any reason unenforceable, then that provision shall be enforced to the maximum extent permissible so as to effect the intent of you and Citibank. In either case, the remainder of the Agreement shall continue in full force and effect.



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

## YOUR BILLING RIGHTS (KEEP THIS NOTICE FOR FUTURE USE)

This notice contains important information about your rights and Citibank's responsibilities under the Fair Credit Billing Act.

**Notify Citibank in case of errors or questions about your bill.**

If you think your bill is wrong, or if you need more information about a transaction on your bill, write to Citibank on a separate sheet at the address listed on your bill. Write to Citibank as soon as possible. Citibank must hear from you no later than 60 days after Citibank sent you the first bill on which the error or problem appeared. You can telephone Citibank, but doing so will not preserve your rights.

In your letter, give us the following information:

- Your name and Account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

If you have authorized Citibank to pay your Home Equity Line of Credit bill automatically from your checking or other authorized account, you can stop the payment on any amount you think is wrong. To stop the payment your letter must reach Citibank three business days before the automatic payment is scheduled to occur.

## YOUR RIGHTS AND CITIBANK'S RESPONSIBILITIES AFTER CITIBANK RECEIVES YOUR WRITTEN NOTICE

Citibank must acknowledge your letter within 30 days, unless Citibank has corrected the error by then. Within 90 days, Citibank must either correct the error or explain why Citibank believes the bill was correct.

After Citibank receives your letter, Citibank cannot try to collect any amount you question, or report you as delinquent. Citibank can continue to bill you for the amount you question, including Finance Charges, and Citibank can apply any unpaid amount against your credit limit. You do not have to pay any questioned amount while Citibank is investigating, but you are still obligated to pay the parts of your bill that are not in question.

If Citibank finds that Citibank made a mistake on your bill, you will not have to pay any Finance Charges related to any questioned amount. If Citibank did not make a mistake, you may have to pay Finance Charges, and you will have to make up any missed payments on the questioned amount. In either case, Citibank will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that Citibank thinks you owe, Citibank may report you as delinquent. However, if Citibank's explanation does not satisfy you and you write to Citibank within ten days telling Citibank that you still refuse to pay, Citibank must tell anyone Citibank reports you to that you have a question about your bill. And, Citibank must tell you the name of anyone Citibank reported you to. Citibank must tell anyone Citibank reports you to that the matter has been settled between you and Citibank when it finally is.

If Citibank does not follow these rules, Citibank cannot collect the first $50 of the questioned amount, even if your bill was correct.

**citibank®**

# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

**AUTHORIZATION TO CHARGE ACCOUNT – AUTO-DEDUCT SERVICE**

By signing below, you authorize Citibank to charge your account described below to pay the minimum amounts due Citibank under the above Home Equity Line of Credit Agreement and Disclosure.

Financial Institution Name: _____

Address: _____

ABA Number: _____

Account type:     [ ] Checking          [ ] Money Market          [ ] Savings

Account Number: _____

_____          _____
Authorized Signature      Date                    Authorized Signature      Date

As an option and not a condition to the Agreement, Citibank has offered you the convenience of making payments using pre-authorized payments from a checking or savings account as described.

Your payment will be made automatically on your current due date from your account described above.  If your due date falls on a weekend or holiday, your payment will be deducted on the last business day before your due date.  If there are insufficient funds in your account, Citibank may debit your account for the payment when sufficient funds are available.  Your payment will be made automatically at the minimum due amount, as indicated on your billing statement.  Even after you enroll for the auto-deduct service, you should continue to make payments due under your statement until the auto-deduct service is in place for your Account.

Citibank reserves the right to cancel the auto-deduct service for your Account if there are insufficient funds in your Account for any three consecutive scheduled debits or if any payment is 60 days in arrears.  Citibank also reserves the right to change the terms and conditions of this Auto Deduct Agreement after 21 days prior notice to you.

YOU MAY ATTACH A COPY OF A VOIDED CHECK OR PREPRINTED DEPOSIT OR WITHDRAWAL SLIP FROM THE ACCOUNT DESCRIBED ABOVE IN WHICH FUNDS ARE TO BE DEBITED FROM.

# NAME AFFIDAVIT

THE STATE OF _Florida_ )
COUNTY OF: _Dade_ ) SS

Before me, the undersigned authority, a Notary Public in and for said _Dade_ _____ County and State of _Florida_ _____, on this day personally appeared **GRACE DENISE SOLIS** who, after being by me first duly sworn, under oath does depose and say:

That, **GRACE DENISE SOLIS** as the name(s) appear on the Mortgage/Deed of Trust in connection with the property known as **730 86TH ST, MIAMI BEACH, FL 33141-0000** is/are one and the same person(s) as **GRACE D. SOLIS**, as the name(s) appear on the various documents that have been presented in conjunction with the line/loan request.

_[signature]_                                      09/02/2005                    _____
GRACE D. SOLIS

_____                        _____


(Outside of California)

Subscribed and sworn to before me this __2nd__ day of __September 2005__ .

_[signature]_
Notary Public

_[notary seal]_ Felix J. Reimundo
Commission # DD128597
Expires June 24, 2006
Bonded Thru
Atlantic Bonding Co., Inc.


(Within California)

STATE OF CALIFORNIA
COUNTY OF _____

    Subscribed and sworn to (or affirmed) before me on this ___ day of _____, 20___, by _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Seal _____

Signature _____

# EXHIBIT B

## HOME EQUITY LINE OF CREDIT MORTGAGE

# Mail To

AMERICAN TITLE CORP.
1540 N. OLD RAND ROAD
WAUCONDA, IL 60084
847-487-9200

CFN 2005R1025692
OR Bk 23824 Pss 3563 - 3569; (7pss)
RECORDED 09/29/2005 14:32:09
MTG DOC TAX 364.00
INTANG TAX 208.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

**WHEN RECORDED RETURN TO:**
CITIBANK
Document Administration
1000 Technology Drive - MS 221
O'Fallon, MO 63368-2240

**THIS INSTRUMENT WAS PREPARED BY:**
SHAILESH S RAI
P.O. Box 790017, MS 221
St. Louis, MO 63179
(800) 925-2484

# HOME EQUITY LINE OF CREDIT MORTGAGE

### ACCOUNT NO.: 105080800610000

In this Mortgage, "You", "Your" and "Yours" means GRACE DENISE SOLIS, A SINGLE WOMAN, SYLVIA SOLIS, AN UNMARRIED WOMAN AND SHIRLEY JANICE SOLIS, A SINGLE WOMAN, of 730 86TH ST, MIAMI BEACH, FL 33141-0000, each person signing as mortgagor. "We", "Us" and "Our" means CITIBANK, FEDERAL SAVINGS BANK, [1800 Spectrum Center Drive, Reston, VA 22090. The "Borrower" means the individual(s) who has(ve) signed the Home Equity Line of Credit Agreement and Disclosure (the "Agreement") of even date herewith and in connection with this Mortgage. The "Property" means the real estate, including the leasehold (if any), located at 730 86TH ST, MIAMI BEACH, FL 33141-0000 and having the legal description attached to and made a part of this Mortgage.

    THIS MORTGAGE between You and Us is made as of the date next to Your first signature below and has a final maturity date 30 years from such date.

    The Agreement provides that the credit secured by the Property is an open-end revolving line of credit at a variable rate of interest. The maximum amount of all loan advances made to the Borrower under the Agreement and which may be secured by this Mortgage may not exceed $104,000.00 (the "Credit Limit"). At any particular time, the outstanding obligation of Borrower to Us under the Agreement may be any sum equal to or less than the Credit Limit plus interest and other charges owing under the Agreement and amounts owing under this Mortgage. Obligations under the Agreement, Mortgage and any riders thereto shall not be released even if all indebtedness under the Agreement is paid, unless and until We cause a mortgage release to be executed and such release is properly recorded.

    TO SECURE to Us:  (a) the payment and performance of all indebtedness and obligations of the Borrower under the Agreement or any modification or replacement of the Agreement; (b) the payment of all other sums advanced in accordance herewith to protect the security of this Mortgage, with finance charges thereon at the variable rate described in the Agreement; and (c) the payment of any future advances made by Us to Borrower (pursuant to Paragraph 16 of this Mortgage (herein "Future Loan Advances")) and, in consideration of the indebtedness herein recited, You hereby mortgage, grant and convey to Us, with, if allowed by applicable law, power of sale, the Property.

    TOGETHER WITH all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to You to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, water rights and water stock, and all fixtures now or hereafter attached to the Property (which, if this Mortgage is on a unit in a condominium project or planned unit development, shall include the common elements in such project or development associated with such unit), all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property.

Revised 06/24/2005
ACAPS: 105080800610000

Ex. B

# citibank

## Mortgage, continued

IN WITNESS WHEREOF, YOU HAVE EXECUTED THIS MORTGAGE, AND AGREE TO BE BOUND BY ALL TERMS AND CONDITIONS STATED ON PAGES 3 THROUGH 6 FOLLOWING.

**NOTICE TO BORROWER**
DO NOT SIGN THIS MORTGAGE IF IT CONTAINS BLANK SPACES.
ALL SPACES SHOULD BE COMPLETED BEFORE YOU SIGN.

| | |
|---|---|
| _(signature)_ 09/02/2005 | _(signature)_ 09/02/2005 |
| Mortgagor: **GRACE DENISE SOLIS** | Mortgagor: **SHIRLEY JANICE SOLIS** |
| 730 86TH ST, MIAMI BEACH, FL 33141-0000 | 730 86TH ST, MIAMI BEACH, FL 33141-0000 |
| [ ] Married    [✗] Unmarried | [ ] Married    [✗] Unmarried |
| _(signature)_ 09/02/2005 | |
| Mortgagor: **SYLVIA SOLIS** | Mortgagor: |
| 730 86TH ST, MIAMI BEACH, FL 33141-0000 | |
| [ ] Married    [✗] Unmarried | [ ] Married    [ ] Unmarried |
| [ ] Married    [ ] Unmarried | [ ] Married    [ ] Unmarried |
| Signed, sealed and delivered in the presence of | Witness                    Date |

STATE OF FLORIDA
County of **Dade**

The foregoing instrument was acknowledged before me this **09/02/2005**, by **GRACE DENISE SOLIS, SHIRLEY JANICE SOLIS, and SYLVIA SOLIS** who is personally known to me or who has produced **Driver License** as identification and who did (did not) take an oath.

_(signature)_

| | |
|---|---|
| (Signature of Person Taking Acknowledgment) | (Name of Person Taking Acknowledgment) Typed, Printed or Stamped) **Felix J. Redundo** Commission # DD129597 Expires June 24, 2006 Bonded Thru Atlantic Bonding Co., Inc. |
| (Title or Rank) | (Serial Number, if any) |



## Mortgage, continued

You covenant that You are lawfully seized of the estate hereby conveyed and have the right of mortgage, grant, and convey the Property, and that the Property is unencumbered, except for the encumbrances of record and any first mortgage. You covenant that You warrant and will defend generally the title to the Property against all claims and demands, except those disclosed in writing to Us as of the date of this Mortgage.

You and We covenant and agree as follows:

1. **Payment of Indebtedness.** Borrower shall promptly pay when due the indebtedness secured by this Mortgage including, without limitation, that evidenced by the Agreement.

2. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Us under the Agreement will be applied to the principal balance and any finance charges, late charges, collection costs, and other charges owing with respect to the indebtedness secured by this Mortgage in such order as We may choose from time to time.

3. **Charges; Liens.** Except as expressly provided in this Paragraph 3, You shall pay all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any, by Your making payments, when due, directly to the payee thereof. In the event You make payments directly to the payee thereof, upon Our request You shall promptly furnish to Us receipts evidencing such payment.

You shall make payments, when due, on any indebtedness secured by a mortgage or other lien that is prior in right on time to this Mortgage (a "Prior Mortgage"). You shall promptly discharge the lien of any Prior Mortgage not disclosed to Us in writing at the time of application for the Agreement, provided, however, that You shall not be required to discharge any such lien so long as You shall (a) in good faith contest such lien by, or defend enforcement of such lien in, legal proceedings which operate to prevent the enforcement of the lien or forfeiture of the Property or any part thereof, or (b) secure from the holder of such prior lien an agreement in form and substance satisfactory to Us subordinating such lien to this Mortgage. You shall not enter into any agreement with the holder of a Prior Mortgage whereby such Prior Mortgage, or the indebtedness secured thereby is modified, amended, extended or renewed, without Our prior written consent. You shall neither request nor allow any future advances to be secured by a Prior Mortgage without Our prior written consent.

4. **Hazard Insurance.** You shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and such other hazards as We may require (including flood insurance coverage, if required by Us) and in such amounts and for such periods as We may require. Unless We require in writing otherwise, the policy shall provide insurance on a replacement cost basis in an amount not less than that necessary to comply with any coinsurance percentage stipulated in the hazard insurance policy. All insurance policies and renewals thereof shall be in form and substance and with carriers acceptable to Us and shall include a standard mortgage clause in favor of and in form and substance satisfactory to Us. In the event of loss, You shall give prompt notice to the insurance carrier and Us. We may make proof of loss if not made promptly by You.

If the Property is abandoned by You, or if You fail to respond to Us within thirty (30) days from the date the notice is mailed by Us to You that the insurance carrier offers to settle a claim for insurance benefits, We are authorized to collect and apply the insurance proceeds at Our option either to restoration or repair of the Property, or to sums secured by this Mortgage.

If the Property is acquired by Us under Paragraph 14 of this Mortgage, all of Your right, title and interest in and to any insurance policies, and in and to the proceeds thereof resulting from damage to the Property prior to the sale or acquisition, shall pass to Us to the extent of the sums secured by this Mortgage immediately prior to such sale or acquisition.

The provisions of this Paragraph 4 shall be subject to the provisions of Paragraph 5 if this Mortgage covers a unit in a condominium project or a planned unit development.

5. **Preservation and Maintenance of Property; Condominiums and Planned Unit Developments.** If this Mortgage is on a unit in a condominium or a planned unit development (herein "Condominium Project"), then: (a) You shall perform all of Your obligations under the declaration or covenants creating or governing the Condominium Project, the by-laws and regulations of the Condominium Project, and all constituent documents (herein "Project Documents"), including the payment when due of assessments imposed by the

# citibank®

## Mortgage, continued

homeowners association or other governing body of the Condominium Project (herein "Owner's Association"); (b) You shall be deemed to have satisfied the insurance requirements under Paragraph 4 of this Mortgage if the Owners Association maintains full force and effect a "master" or "blanket" policy on the Condominium Project which provides insurance coverage against fire, hazards included within the term "extended coverage" and such other hazards (including flood insurance) as We may require, and in such amounts and for such periods as We may require naming Us as additional loss payee; (c) the provisions of any Project Documents regarding the application of any insurance proceeds from "master" or "blanket" policies covering the Condominium Project shall supersede the provisions of Paragraph 4 of this Mortgage to the extent necessary to avoid conflict between the provisions thereof and hereof; (d) You hereby assign to Us the right to receive distributions on account of the Property under "master" or "blanket" policies covering the Condominium Project to the extent not applied to the restoration or repair of the Property to make repairs) to perform Your obligations or to protect Our interests. Any amounts disbursed by Us pursuant to this Paragraph 6, with any such distributions in excess of the amount necessary to satisfy in full the obligations secured by this Mortgage being paid to You; (e) You shall give Us prompt written notice of any lapse in any insurance coverage under a "master" or "blanket" policy on the Condominium Project; and (f) You shall not, without Our prior written consent, consent to either (i) the abandonment or termination of the Condominium Project (except for the abandonment or termination provided by law in the case of substantial destruction by fire or other casualty or in the case of a taking or condemnation or eminent domain), (ii) any material amendment to the Project Documents (including any change in the percentage interest of the unit owners in the Condominium Project), or (iii) the effectuation of any decision by the Owners Association to terminate professional management and assume self-management of the Condominium Project. If the Property has rental units, You shall maintain insurance against rent loss in addition to the other hazards for which insurance is required herein.

6. **Protection of Our Security.** If You fail to perform Your obligations under this Mortgage, or if any action or proceedings adversely affects our interest in the Property, We may, at Our option, take any action reasonably necessary (including, without limitation, paying expenses and attorney fees and to have entry upon the Property to make repairs) to perform Your obligations or to protect Our interests. Any amounts disbursed by Us pursuant to this Paragraph 6, with interest thereon at the variable rate described in the Agreement, shall become indebtedness secured by this Mortgage (except as expressly provided herein). Nothing contained in this Paragraph 6 shall require Us to incur any expense or take any action hereunder.

7. **Inspection.** We or Our agents may enter and inspect the Property, after giving You reasonable prior notice.

8. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Us. Neither Borrower nor You will be relieved of any obligation to make payments if We apply the award received to the outstanding balance owed.

If You abandon the Property, or if, after notice by Us to You that the condemnor offers to make an award or settle a claim for damages, You fail to respond to Us within thirty (30) days after the date such notice is mailed, We are authorized to collect and apply the proceeds in the same manner as provided in Paragraph 4 hereof.

9. **Forbearance Not a Waiver.** Any forbearance by Us in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy in the future. Any waiver by Us must be in writing and signed by Us.

10. **Successors and Assigns Bound; Joint and Several Liability; Captions.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, Your and Our respective successors and assigns, subject to the provisions of Paragraph 13 hereof. All Your covenants and agreements shall be joint and several. The captions and headings of the paragraphs of this Mortgage are for convenience only and are not to be used to interpret or define the provisions hereof.

11. **Notices.** Except for any notice required under applicable law to be given in another manner, (a) any notice to You provided for in this Mortgage shall be given by personal delivery or by mailing such notice by first-class postage paid, addressed to You at the address of the Property shown at the beginning of this Mortgage or at such other address as You may designate by notice to Us as provided herein, and (b) any notice to Us shall be given by personal delivery or by mailing such notice by certified mail, return receipt requested, to Our address stated herein or to such other address as We may designate by notice to You as provided herein.



**Mortgage, continued**

12. **Severability.** If any term of this Mortgage is found to be unenforceable, all other provisions will remain in full force.

13. **Due on Transfer Provision – Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in You is sold or transferred and You are not a natural person) without Our prior written consent, We may, at Our option, require immediate payment in full of all sums secured by this Mortgage. However, We shall not exercise this option if the exercise is prohibited by applicable law as of the date of this Mortgage. If We exercise this option, We shall give You notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which all sums secured by this Mortgage paid. If these sums are not paid prior to the expiration of this period, We may invoke any remedies permitted by this Mortgage without further notice or demand on You.

14. **Default.** If You breach any term in this Mortgage, or if Borrower fails to perform any obligation under the Agreement, We may, at Our option, declare all sums secured by this Mortgage to be immediately due and payable without further demand any may invoke the power of sale under this Mortgage and any other remedies permitted by law. We may collect from You all reasonable costs incurred in enforcing the terms of this Mortgage, including attorney's fees and allocated costs of Our salaried employees.

15. **Assignment of Rents.** As additional security hereunder, You hereby assign to Us the rents of the Property; provided, however, that You shall have, prior to acceleration under Paragraph 14 hereof or abandonment of the Property, the right to collect and retain such rents as they become due and payable.

16. **Future Loan Advances.** Upon Your request, We at Our option may make Future Loan Advances to You or Borrower. Such Future Loan Advances, with interest thereon, shall be secured by this Mortgage when evidenced by a promissory note or agreement stating that said note or agreement is so secured.

17. **Release.** Upon payment of all sums secured by this Mortgage and upon (a) expiration of the Agreement or (b) Your request, We shall release this Mortgage and You shall pay all costs of recordation, if any.

18. **Appointment of Receiver; Lender in Possession.** Upon acceleration under this Mortgage or abandonment of the Property, We shall be entitled to have a receiver appointed by a court to enter upon, take possession of, and manage the Property and collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including but not limited to, receiver's fees and premiums on the receiver's bonds and reasonable attorneys fees and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

19. **Statement of Obligation.** We may collect a fee for furnishing a statement of obligation in an amount not to exceed the maximum amount permitted under applicable law.

20. **No Merger.** There shall be no merger of the interest or estate created by this Mortgage with any other interest or estate in the Property at any time held by or for Our benefit in any capacity, without Our prior written consent.

21. **Fixture Filing.** This Mortgage constitutes a financing statement filed as a fixture filing in the Official Records of the County Recorder of the county in which the Property is located with respect to any and all fixtures included within the term "Property" as used in this Mortgage and with respect to any goods or other personal property that may now or hereafter become such fixtures.

22. **Third Party Waivers.** In the event that any of You has not also signed the Agreement as Borrower, each of You: (a) agrees that We may, from time to time, without notice to, consent from or demand on You, and without affecting or impairing in any way any of Our rights or Your obligations, (i) renew, extend, accelerate, compromise or change the interest rate or other terms of the Agreement and any promissory note or agreement evidencing a Future Loan Advance, and (ii) accept, waive and release other security (including guarantees) for the obligations arising under the Agreement or any promissory note or agreement evidencing a Future Loan Advance, and (b) waives (i) any right to require Us to proceed against any Borrower or any other person, proceed against or exhaust any security for the obligations secured by this Mortgage or pursue any other remedy in Our power whatsoever, (ii) any defense or right against Us arising out of any

# citibank

## Mortgage, continued

disability or other defense or cessation of liability of any Borrower for any reason other than full payment, (iii) any defense or right against Us arising out of Our foreclosure upon the Property, even though such foreclosure results in the loss of any right of subrogation, reimbursement or other right You have against any Borrower, (iv) all presentments, diligence, protests, demands and notice of protest, dishonor, and nonperformance, (v) until payment in full of the indebtedness secured by this Mortgage, any right of subrogation or the benefit of any security for such indebtedness, and (vi) the benefit of the statute of limitations affecting the Property to the extent permitted by law. Any partial payment by Borrower or other circumstance that operates to toll any statute of limitations as to such person shall operate to toll such statute as to You.

**23. Choice of Law.** The Mortgage will be governed by United States federal law and, to the extent the United States federal law is inapplicable, then by the laws of the Commonwealth of Virginia; except that, with regard to the perfection and enforcement of Citibank's security interest in the Property, the Mortgage will be governed by the law of the state where the Property is located.

**24. Your Copy.** You shall be given one conformed copy of the Agreement and this Mortgage.

**25. Loan Charges Legislation Affecting Our Rights.** If the Agreement is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Agreement exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any such loan charge already collected from You or Borrower which exceeded permitted limits will be refunded to You or Borrower; We may choose to make this refund by reducing the principal owed under the Agreement or by making a direct payment to You or Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge due. If enactment or expiration of applicable laws has the effect of rendering any provision of the Agreement or this Mortgage unenforceable according to its terms, We may at Our option, require immediate payment in full of all sums secured by this Mortgage and may invoke any remedies permitted by Paragraph 14.

```
OR BK 23824 PG 3569
LAST PAGE
```

ACAPS #: 1050808006100000
ATC FILE #: 0057110
Customer Name: Grace Solis

## LEGAL DESCRIPTION

THE WEST 24.85 FEET OF LOT 10, IN BLOCK 12, OF BISCAYNE BEACH 2ND ADDITION, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 46, AT PAGE 39, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

P.I.N. #: 02-3203-011-0170

# EXHIBIT C


## 2010 RESPA QUALIFIED WRITTEN REQUEST WITH PROOF OF DELIVERY

Grace D Solis
730 86th Street
Miami Beach, FL 33141

CITIBANK, N.A.
PO Box 769004
San Antonio, TX 78245-9004

ATTN: ACCOUNT MANAGER

Certified Mail #: 7001-2510-0008-9411-2081

November 19, 2010

### RESPA QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER, TILA REQUEST

**This letter is a "qualified written request" in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e) and Regulation X at 24 C.F.R. 3500, and The Gramm Leach Bliley Act.**

REF: Alleged Account # 2908101484

Dear Madam or Sir:

I am writing to you to complain about the accounting and servicing of this mortgage and my need for understanding and clarification of various sale, transfer, funding source, legal and beneficial owner-ship, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date.

To date, the documents and information I have, that you have sent, and the conversations with your service representatives, have been unproductive and have not answered many questions.
It is my understanding that your company may have been accused of engaging in one or more preda-tory servicing or lending and servicing schemes. As a consumer, I am extremely concerned about such practices by anyone, let alone this mortgage company or anyone who has any interest this mat-ter. I am concerned that such abuses are targeting the uneducated and uninformed consumer and disadvantaged, poor, elderly and minority Americans.

Needless to say, I am most concerned. I am worried that potential fraudulent and deceptive practices by unscrupulous mortgage brokers; sales and transfers of mortgage servicing rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent account-ing tricks and practices may have also negatively affected any credit rating, mortgage account and/or the debt or payments that I am currently, or may be legally obligated to.

I hereby demand absolute 1st hand evidence from you of the original uncertificated or certificated se-curity regarding account number 2908101484. In the event you do not supply me with the very securi-ty it will be a positive confirmation on your part that you never really created and owned one. I also hereby demand that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you allege I owe. By debt I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or subservice for.

Ex. C

<u>To independently validate this debt, I need to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information [if any] to any credit reporting agency until you respond to each of the requests.</u>

I also request that you kindly conduct your own investigation and audit of this account since its inception to validate the debt you currently claim I owe. I would like you to validate this debt so that it is accurate to the penny!

Please do not rely on previous servicers or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account.  I understand that potential abuses by you or previous servicers could have deceptively, wrongfully, unlawfully, and/or illegally:

<u>Increased the amounts of monthly payments.</u>
<u>Increased the principal balance I owe;</u>
<u>Increased escrow payments;</u>
<u>Increased the amounts applied and attributed toward interest on this account;</u>
<u>Decreased the proper amounts applied and attributed toward principal on this account; and/or</u>
<u>Assessed, charged and/or collected fees, expenses and misc. charges I am not legally obligated to pay under this mortgage, note and/or deed of trust.</u>

I request you insure that I have not been the victim of such predatory servicing or lending practices. To insure this, I have authorized a thorough review, examination, accounting and audit of mortgage account # 2908101484 by mortgage auditing and predatory servicing or lending experts. This exam and audit will review this mortgage account file from the date of initial contact, application and the origination of this account to the present date written above.

Again this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code as well as a request under Truth In Lending Act [TILA] 15 U.S.C. § 1601, et seq. RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions provided in this letter within sixty [60] days of its receipt!

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed by myself and others to insure that this loan:

Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to Title 62 of the Revised Statutes, RESPA, TILA, Fair Debt Collection Act, HOEPA and other laws;

That any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

That the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of  payments;

That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc., was and still is properly disclosed to me;

That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust;

That each servicers and sub-servicers of this mortgage has serviced this mortgage in compliance with local, state and federal statutes, laws and regulations;

That this mortgage account has properly been credited, debited, adjusted, amortized and charged correctly;

That interest and principal have been properly calculated and applied to this loan;

That any principal balance has been properly calculated, amortized and accounted for; that no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account;

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, certified, in writing, to various servicing questions. For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account number or my name.

As such, please send to me, at the address above, copies of the documents requested below as soon as possible. Please also provide copies of:

1) Any certificated or uncertificated security, front and back, used for the funding of account # 2908101484

2) Any and all "Pool Agreement(s)" including account # 2908101484 between CITIBANK, N.A. and any government sponsored entity, hereinafter (GSE).

3) Any and all "Deposit Agreement(s)" regarding account # 2908101484 or the "Pool Agreement" including account # 2908101484 between CITIBANK, N.A. and any GSE.

4) Any and all "Servicing Agreement(s)" between CITIBANK, N.A. and any GSE.

5) Any and all "Custodial Agreement(s)" between CITIBANK, N.A. and any GSE.

6) Any and all "Master Purchasing Agreement" between CITIBANK, N.A. and any GSE.

7) Any and all "Issuer Agreement(s)" between CITIBANK, N.A. and any GSE.

8) Any and all "Commitment to Guarantee" agreement(s) between CITIBANK, N.A. and any GSE.

9) Any and all "Release of Document agreements" between CITIBANK, N.A. and any GSE.

10) Any and all "Master Agreement for servicer's Principle and Interest Custodial Account" between CITIBANK, N.A. and any GSE.

11) Any and all "Servicers Escrow Custodial Account" between CITIBANK, N.A. and any GSE.

12) Any and all "Release of Interest" agreements between CITIBANK, N.A. and any GSE.

13) Any Trustee agreement(s) between CITIBANK, N.A. and CITIBANK, N.A. trustee regarding account #2908101484 or pool accounts with any GSE.

14) Please send to the requester a copy of any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust and any Note in this matter.

15)   Please send to the requester a copy of any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust <u>and</u> any Note.

16)   Please send to the requester a copy of any and all document(s) establishing the date of any appointment of Trustee Mortgage/Deed of Trust <u>and</u> any Note. Please also include any and all assignments or transfers or nominees of any substitute trustee(s).

17)   Please send to the requester a copy of any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust <u>and</u> any Note.

18)   Please send to the requester a copy of any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust <u>and</u> any Note.

19)   Please send to the requester a copy of any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust <u>and</u> any Note.

20)   Please send to the requester any documentation evidencing the Mortgage or Deed of trust is <u>not</u> a constructive trust or any other form of trust.

21)   All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

22)   All descriptions and legends of all Codes used in your mortgage servicing and accounting system so that the examiners, auditors and experts retained to audit and review this mortgage account may properly conduct their work.

23)   All assignments, transfers, allonge, or other document evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignments on MERS.

24)   All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

25)   All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

26)   The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

27)   All escrow analyses conducted on this account from the inception of this account until the date of this letter;

28)   The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statement(s) including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

29)   Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

30)     All letters, statements and documents sent to me by your company, CITIBANK, N.A.

31)     All letters, statements and documents sent to me by agents, attorneys or representatives of your company;

32)     All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

33)     All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to present date.

34)     All electronic transfers, assignments, sales of the note/asset, mortgage, deed of trust or other security instrument.

35)     All copies of property inspection reports, appraisals, BPOs and reports done on the property.

36)     All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense, which has been charged to this mortgage account from the inception of this account to the present date.

37)     All checks used to pay invoices for each charged such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

38)     All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

39)     All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until present date.

40)     All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the from the inception of this account until present date.

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below.

ACCOUNT ACCOUNTING & SERVICING SYSTEMS

1)     Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that this experts can decipher the data provided.

2)     For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company or party that designed and sold the system.

3)     For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

## DEBITS & CREDITS

1)       In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account and the date such credit was posted to this account as well as the date any credit was received.

2)       In a spreadsheet form or in letterform in a columnar format, please detail for me each and every debit on this account and the date debit was posted to this account as well as the date any debit was received.

3)       For each debit or credit listed, please provide me with the definition for each corresponding transaction code you utilize?

4)       For each transaction code, please provide us with the master transaction code list used by you or previous servicers.

## MORTGAGE & ASSIGNMENTS

1)       Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the county property records in the county and state in which my property is located from the inception of this account to the present date? Yes or No?

2)       If not, why?

3)       Is your company the servicers of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

4)       Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

5)       If yes, please detail for me the names of each seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed or security instrument I executed securing the obligation on this account that was not recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.

## ATTORNEY FEES

1)       For purposes of my questions below dealing with attorney fees, please consider the terms attorney fees and legal fees to be one in the same.

2)       Have attorney fees ever been assessed to this account from the inception of this account to the present date?

3)       If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessment to this account?

4)       Have attorney fees ever been charged to this account from the inception of this account to the present date?

5)       If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such charge to this account?

6)      Have attorney fees ever been collected from this account from the inception of this account to the present date?

7)      If yes, please detail each separate collection of attorney fees from this account from the inception of this account to the present date and the date of such collection from this account?

8)      Please provide for me the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date?

9)      Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed authorized the assessment, charge or collection of attorney fees?

10)     Please detail and list for me in writing each separate attorney fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

11)     Please detail and list for me in writing each separate attorney fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

12)     Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reasons for such adjustment.

13)     Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment were made and the reasons for such adjustment.

14)     Has interest been charged on any attorney fee assessed or charged to this account? Yes or No?

15)     Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

16)     How much in total attorney fees have been assessed to this account from the inception of this account until present date? $_____

17)     How much in total attorney fees have been collected on this account from the inception of this account until present date? $_____

18)     How much in total attorney fees have been charged to this account from the inception of this account until present date? $_____

19)     Please send to me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that been assessed or collected from this account.

SUSPENSE/UNAPPLIED ACCOUNTS

For purposes of this section, please treat the term suspense account and unapplied account as one in the same.

1)      Has there been any suspense or unapplied account transactions on this account from the inception of this account until present date?

2)      If yes, please explain the reason for each and every suspense transaction that occurred on this account? If no, please skip the questions in this section dealing with suspense and unapplied accounts.

3)    In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that has occurred on this account from the inception of this account until present date?

LATE FEES

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1)    Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

2)    Has any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

3)    Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

4)    Are late fees considered interest? Yes or No?

5)    Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

6)    Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

7)    If yes, please describe what expenses or charges were charged or assessed to this account?

8)    Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late?

9)    Please describe for me in writing what damages you or others undertook due to any payment I made, which was late?

10)    Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed authorized the assessment or collection of late fees?

11) Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from   the inception of this account to present date.

12)    Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to present date.

13)    Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reasons for such adjustment.

14)    Has interest been charged on any late fee assessed or charged to this account? Yes or No?

15)    Is interest allowed to be assessed or charged on late fees charged or assessed to this account? Yes or No?

16)    Have any late charges been assessed to this account? Yes or No?

17)    If yes, how much in total late charges have been assessed to this account from the inception of this account until present date? $_____

18)    Please provide me with the exact months or payment dates you or other previous servicers of this account claim I have been late with a payment from the inception of this account to the present date.

19)    Have late charges been collected on this account from the inception of this account until present date? Yes or No?

20)    If yes, how much in total late charges have been collected on this account from the inception of this account until present date? $_____

PROPERTY INSPECTIONS

1)    For purposes of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

2)    Have any property inspections been conducted on my property from the inception of this account until the present date?

3)    If your answer is no, you can skip the rest of these questions in this section concerning property inspections?

4)    If yes, please tell me the date of each property inspection conducted on my property that is the secured interest for this mortgage, deed or note?

5)    Please tell me the price charged for each property inspection?

6)    Please tell me the date of each property inspection?

7)    Please tell me the name and address of each company and person who conducted each property inspection on my property?

8)    Please tell me why property inspections were conducted on my property?

9)    Please tell me how property inspections are beneficial to me.

10)    Please tell me how property inspections are protective of my property.

11)    Please explain to me your policy on property inspections.

12)    Do you consider the payment of inspection fees as a cost of   collection? Yes or No?

13)    If yes, why?

14)    Do you use property inspections to collect debts? Yes or No?

15)    Have you used any portion of the property inspection process on my property to collect a debt or inform me of a debt, payment or obligation I owe?

16)    If yes, please answer when and why?

17)     Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees?

18)     Have you labeled in any record or document sent to me a property inspection as a misc. advance? Yes or No?

19) If yes, why?

20)     Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

21)     If yes, why?

22)     Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

23)     Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

24)     Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment.

25)     Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment.

26)     Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

27)     If yes, when and how much was charged?

28)     Is interest allowed to be assessed or charged on inspection fees charged or assessed to this account? Yes or No?

29)     How much in total inspection fees have been assessed to this account from the inception of this account until present date? $_____

30)     How much in total inspection fees have been collected on this account from the inception of this account until present date? $_____

31)     Please forward to me copies of all property inspections made on my property in this mortgage account file.

32)     Has any fee charged or assessed for property inspections been placed into escrow account? Yes or no?


BPO FEES

1)     Have any BPOs [Broker Price Opinions] been conducted on my property?

2)      If yes, please tell me the date of each BPO conducted on my property that is the secured interest for this mortgage, deed or note?

3)      Please tell me the price of each BPO?

4)      Please tell me who conducted each BPO?

5)      Please tell me why BPOs were conducted on my property

6)      Please tell me how BPOs are beneficial to me.

7)      Please tell me how BPOs are protective of my property.

8)      Please explain to me your policy on BPOs.

9)      Have any BPO fees been assessed to this account? Yes or No?

10)     If yes, how much in total BPO fees have been assessed to this account? $_____

11)     Have any BPO fees been charged to this account? Yes or No?

12)     If yes, how much in total BPO fees have been charged to this account? $_____

13)     Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect a BPO fee from me.

14) Please send to me copies of all BPO reports that have been done on my property.

15) Has any fee charged or assessed for A BPO been placed into escrow? Yes or no?

FORCED-PLACED INSURANCE
1)      Have you placed or ordered any forced-placed insurance polices on my property?

2)      If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed or note?

3)      Please tell me the price of each policy?

4)      Please tell me the agent for each policy?

5)      Please tell me why each policy was placed on my property.

6)      Please tell me how the policies are beneficial to me.

7)      Please tell me how policies are protective of my property.

8)      Please explain to me your policy on forced-placed insurance.

9)      Have any forced-placed insurance fees been assessed to this mortgage or escrow account? Yes or No?

10)     If yes, how much in total forced-placed policy fees have been assessed to this account? $_____

11)     Have any forced-placed insurance fees been charged to this mortgage or escrow account? Yes or No?

12)     If yes, how much in total forced-placed insurance fees have been charged to this mortgage or escrow account? $_____

13)     Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect forced-placed insurance fees from me.

14)     Do you have any relationship with the agent or agency that placed any policies on my property? If yes, please describe.

15)     Do you have any relationship with the carrier that issued any policies on my property? If yes, please describe.

16)     Has the agency or carrier you used to place a forced-placed insurance policy on my property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

17)     Do you maintain a blanket insurance policy to protect your properties when customer policies have expired?

18)     Please send to me copies of all forced-placed insurance policies that have been ordered on my property.

SERVICING RELATED QUESTIONS

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this mortgage account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below:

1)     Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

2)     Did the originator of this account or previous servicers of this account have a warehouse account agreement or contract with your company?

3)     Did the originator of this account or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or any affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of this account by your company or any affiliate.

4)     Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected?

5)     Where is the original monetary instrument or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

6)     Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

7)      Since the inception of this loan, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify <u>the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment?</u>

8)      Since the inception of this loan, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment?

9)      Since the inception of this loan, has there been any sale or assignment of servicing rights to this mortgage account to any other party? If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment or sale.

10)     Since the inception of this loan, has any sub-servicers serviced any portion of this mortgage loan? If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has sub-serviced this mortgage loan.

11)     Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, please identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

12)     Has each and every assignment of my asset/monetary instrument been recorded in the county land records where the property associated with this mortgage account is located?

13)     Has there been any electronic assignment of this mortgage with MERS [Mortgage Electronic Registration System] or any other computer mortgage registry service or computer program? If yes, please identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that has been assigned the mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

14)     Have there been any investors [as defined in your industry] who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this mortgage to the present date? If yes, please identify the name and address of each and every individual, entity, organization and/or trust.

15)     Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

16)     Please provide me with copies of all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

17)     How much was paid for this individual mortgage account by you?

18)     If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan.

19)     If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan.

20)     Who did you issue a check or payment to for this mortgage loan?

21)     Please provide me copies with the front and back of canceled check.

22)  Did any investor approve the foreclosure of my property?

23)  Has HUD assigned or transferred foreclosure rights to you as required by 12 USC 3754?

24)  Please identify all persons who approved the foreclosure of my property!

Please provide me with the documents I have requested and a detailed answer to each of my questions within the required lawful time frame. Upon receipt of the documents and answers, an exam and audit will be conducted that may lead to a further document request and answers to questions under an additional QWR letter.

Copies of this Qualified Written Request, Validation of Debt, TILA and request for accounting and legal records, Dispute of Debt letter are being sent to FTC, HUD, Thrift Supervision, all relevant state and federal regulators; and other consumer advocates; and my congressman.

It is my hope that you answer this RESPA REQUEST in accordance with law and the questions, documents and validation of debt to the penny and correct any abuse(s) or scheme(s) uncovered and documented.

Default Provision(s) under this QUALIFIED WRITTEN RESPA REQUEST **CITIBANK,, N.A., or** any agents, transfers, or assigns omissions of or agreement by silence of this RESPA REQUEST via certified rebuttal of any and all points herein this RESPA REQUEST", **agrees and consents to including, but not limited by any violations of law and/or immediately terminate/remove any and all right, title and interests (liens) in Grace D Solis or any property or collateral connected to Grace D Solis or account #2908101484 and** waives any and all immunities or defenses in claims and or violations agreed to in this RESPA REQUEST including, but not limited by any and all:

    1. Grace D Solis's right, by breach of fiduciary responsibility and fraud and misrepresentation revocation and rescinding of any and all power of attorney or appointment CITIBANK, N.A, may have or may have had in connection with account # 2908101484 and any property and/or real estate connected with account # 2908101484

    2. Grace D Solis's right to have any certificated or un-certificated security re-registered in Grace D Solis's, and only Grace D Solis's name.

    3. Grace D Solis's right of collection via CITIBANK, N.A., liability insurance and/or bond.

    4. Grace D Solis's entitlement in filing and executing any instruments, as power of attorney for and by CITIBANK, N.A. including but not limited by a new certificated security or any security agreement perfected by filing a UCC Financing Statement with the Secretary of State in the State where the CITIBANK, N.A., is located.

    5. Grace D Solis's right to damages because of CITIBANK, N.A.  wrong-ful registration, breach of intermediary responsibility with regard to Grace D Solis's asset by CITIBANK, N.A., issuing to Grace D Solis's a certified check for the original value of Grace D Solis's monetary instrument.

    6. Grace D Solis's right to have account # 2908101484 completely set off because of CITIBANK, N.A., wrongful registration, breach of intermediary responsibility with regard to Grace D Solis's monetary instrument/asset by CITIBANK, N.A., sending confirmation of set off of wrongful liability of Grace D Solis and issuing a certified check for the difference between the original value of Grace D Solis's monetary instrument/asset and what Grace D Solis mistakenly sent to CITIBANK, N.A. as payment for such wrongful liability.

CITIBANK, N.A. or any transfers, agents or assigns offering a rebuttal of this RESPA REQUEST must do so in the manner of this "RESPA REQUEST" in accordance of and in compliance with current

statutes and/or laws by signing in the capacity of a fully liable man or woman being responsible and liable under the penalty of perjury while offering direct testimony with the official capacity as an appointed agent for CITIBANK, N.A., in accordance with CITIBANK, N.A., Articles of Incorporation, Article of Incorporation, By Laws duly signed by a current and duly sworn under oath director(s) of such corporation/Holding Corporation/National Association. Any direct rebuttal with certified true and complete accompanying proof must be posted with the Notary address herein within sixty days.  When no verified rebuttal of this "RESPA REQUEST" is made in a timely manner, a "Certificate of Non-Response" serves as CITIBANK, N.A.'s judgment and consent/agreement by means of silence with any and all claims and/or violations herein-stated in the default provisions or any other law.

Power of Attorney: When CITIBANK, N.A. fails by not rebutting to any part of this "RESPA REQUEST" CITIBANK, N.A. agrees with the granting unto Grace D Solis's unlimited Power of Attorney and any and all full authorization in signing or endorsing CITIBANK, N.A. name upon any instruments in satisfaction of the obligation(s) of this RESPA REQUEST/Agreement or any agreement arising from this CITIBANK, N.A. Grace D Solis's agreement. Pre-emption of or to any Bankruptcy proceeding shall not discharge any obligation(s) of this agreement. Consent and agreement with this Power of Attorney by CITIBANK, N.A. waives any and all claims of Grace D Solis, and/or defenses and remains in effect until satisfaction of all obligation(s) by CITIBANK, N.A. has been satisfied.

Sincerely,

_____

Grace D Solis

CC:

1. Federal Trade Commission
600 Pennsylvania Avenue NW,
Washington, DC. 20580

3. Office of RESPA and Interstate Land Sales
Office of Housing, Room 9146
Department of Housing and Urban Development
451 Seventh Street, SW

2. Office of Housing Enterprise Oversight (OFHEO )
1700 G Street, NW., Fourth Floor,
Washington, DC 20552.



UNITED STATES
POSTAL SERVICE ®

Home | Help |
Sign In

Track & Confirm          FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: **7001 2510 0008 9411 2081**
Status: **Delivered**

Your item was delivered at 10:41 am on November 27, 2010 in SAN
ANTONIO, TX 78245. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) (?)   ( Return to USPS.com Home > )

Track & Confirm

Enter Label/Receipt Number.

( Go > )

Site Map     Customer Service     Forms     Gov't Services     Careers     Privacy Policy     Terms of Use     Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA



1/25/2011

# EXHIBIT D

## DISPUTE LETTERS SENT TO THE CRAS ON FEBRUARY 3, 2011 WITH PROOF OF DELIVERY



730 86th Street
Miami Beach, FL  33141


February 2, 2011


Equifax
PO Box 740241
Atlanta, GA  30374

Via certified mail #7010 0780 0001 7592 8463

To Whom It May Concern:

I recently pulled my credit report and found errors and inquiries from companies I did not authorize to pull my credit.  Please remove these errors/inquiries and send me a corrected credit report.  Do not share my information with any third party without my express and/or written authorization.  This is my personal information and I will not allow it to be sold or shared.

CITIBANK FSB  account  #2908101484 – account  is  in dispute per  the  attached RESPA QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER, TILA REQUEST (sent on 11/24/10 with no response from creditor) – late reporting in violation of FCRA Section 623;

Sincerely,

Grace D Solis

Cc:  Federal Trade Commission
6th Street & Pennsylvania Avenue NW
Washington, DC  20850

USPS - Track & Confirm



Page 1 of 1


**UNITED STATES**
**POSTAL SERVICE** ®

Home | Help |
Sign In

Track & Confirm          FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: **7010 0780 0001 7592 8463**
Expected Delivery Date: **February 5, 2011**
Class: **First-Class Mail**®
Service(s): **Certified Mail**™
          **Return Receipt**
Status: **Delivered**

Your item was delivered at 3:23 pm on February 06, 2011 in ATLANTA,
GA 30348.

Detailed Results:
• **Delivered, February 06, 2011, 3:23 pm, ATLANTA, GA 30348**
• **Arrival at Unit, February 06, 2011, 9:44 am, ATLANTA, GA 30304**
• **Acceptance, February 03, 2011, 3:50 pm, MIAMI, FL 33180**

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.  ( Go > )

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.     No FEAR Act EEO Data    FOIA

---

COMPLETE THIS SECTION

ems 1, 2, and 3. Also complete
stricted Delivery is desired.
ame and address on the reverse
an return the card to you.
ard to the back of the mailpiece,
nt if space permits.

sed to:

fay
c 740241
ta, gt 30374

---

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X  ffry Allison          ☐ Agent
                          ☐ Addre

B. Received by ( Printed Name)    C. Date of Del

FEB 0 6 2011

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchan
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

7010 0780 0001 7592 8463

rvice label)

bruary 2004          Domestic Return Receipt          102595-02-M

---

7010 0780 0001 7592 8463

Sent To Eagle Eye
         PO Box 740241
         Atlanta, GA 30374

Total Postage & Fees $

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Certified Fee

Postage  $

$6.49

$0.00

$2.30

$1.39

02/03/2011

730 86th Street
Miami Beach, FL 33141

February 2, 2011

TransUnion
PO Box 1000
Chester, PA 19022

Via Certified Mail #7010 0780 0001 7592 8487

To Whom It May Concern:

I recently pulled my credit report and found errors and inquiries from companies I did not authorize to pull my credit. Please remove these errors and send me a corrected credit report. Do not share my information with any third party without my express and/or written authorization. This is my personal information and I will not allow it to be sold or shared.

CITIBANK FSB account #2908101484 – account is in dispute per the attached copy of RESPA QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER, TILA REQUEST (sent on 11/24/10 with no response from creditor) – late reporting is violation of FCRA Section 623;

Sincerely,

Grace D Solis

Cc:  Federal Trade Commission
6th Street & Pennsylvania Avenue NW
Washington, DC  20850

Page 1 of 1

S - Track & Confirm

 

 **UNITED STATES POSTAL SERVICE®**

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7010 0780 0001 7592 8487
Expected Delivery Date: February 7, 2011
Class: **First-Class Mail®**
Service(s): **Certified Mail™**
**Return Receipt**
Status: **Delivered**

Your item was delivered at 10:00 am on February 07, 2011 in CHESTER, PA 19013.

Detailed Results:
• **Delivered, February 07, 2011, 10:00 am, CHESTER, PA 19013**
• **Arrival at Unit, February 07, 2011, 9:38 am, CHESTER, PA 19013**
• **Acceptance, February 03, 2011, 3:50 pm, MIAMI, FL 33180**

### Track & Confirm

Enter Label/Receipt Number.

( Go > )

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email. ( Go > )

Site Map   Customer Service   Forms   Gov't Services   Careers   Privacy Policy   Terms of Use   Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

7010 0780 0001 7592 8487

COMPLETE THIS SECTION

Items 1, 2, and 3. Also complete
restricted Delivery is desired.
name and address on the reverse
can return the card to you.
card to the back of the mailpiece,
ont if space permits.

sed to:

'Union
x 1000
r, PA 1902 2

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                         ☐ Agent
                                          ☐ Addres

B. Received by ( Printed Name )      C. Date of De

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

TransUnion LLC
FEB 07 2011

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandis
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

service label)          7010 0780 0001 7592 8487

730 86th Street
Miami Beach, FL  33141


February 2, 2011


Experian
PO Box 971
Allen, TX  75013

Via Certified Mail #7010 0780 0001 7592 8470

To Whom It May Concern:

I recently pulled my credit report and found errors and inquiries from companies I did not authorize to pull my credit.  Please remove these errors and send me a corrected credit report. Do not share my information with any third party without my express and/or written authorization.  This is my personal information and I will not allow it to be sold or shared.

CITIBANK FSB account #2908101484 – account is in dispute per the attached copy of RESPA QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER, TILA REQUEST (sent on 11/24/10 with no response from creditor) – late reporting is violation of FCRA Section 623;

Sincerely,

Grace D Solis

Cc:  Federal Trade Commission
6th Street & Pennsylvania Avenue NW
Washington, DC  20850

USPS - Track & Confirm   Page 1 of 1

 **UNITED STATES POSTAL SERVICE®**

Home | Help | Sign In

Track & Confirm          FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: 7010 0780 0001 7592 8470
Expected Delivery Date: February 7, 2011
Class: First-Class Mail®
Service(s): Certified Mail™
Return Receipt
Status: Delivered

Your item was delivered at 1:16 pm on February 08, 2011 in ALLEN, TX 75013.

Detailed Results:
• Delivered, February 08, 2011, 1:16 pm, ALLEN, TX 75013
• Arrival at Unit, February 08, 2011, 11:18 am, ALLEN, TX 75002
• Acceptance, February 03, 2011, 3:49 pm, MIAMI, FL 33180

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.  ( Go > )

---

---

7010 0780 0001 7592 8470

COMPLETE THIS SECTION ON DELIVERY:

A. Signature
X **EXPERIAN**
**701 EXPERIAN PARKWAY**
☐ Agent
☐ Addressee

B. Received by (Printed Name)    FEB 10 2011    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Sent to: Experian
Street, Apt. No.; or PO Box No. PO Box 971
City, State, ZIP+4 Allen Tx 75013

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

Postage $1.39
Certified Fee $2.80
Return Receipt Fee (Endorsement Required) $2.30
Restricted Delivery Fee (Endorsement Required) $0.00
Total Postage & Fees $ $6.49

FEB 3 2011

7010 0780 0001 7592 8470

Domestic Return Receipt    102595-02-M-1540

# EXHIBIT E

## 2011 RESPONSE FROM THE COMPTROLLER OF THE CURRENCY

## ADMINISTRATOR OF NATIONAL BANKS



Comptroller of the Currency
Administrator of National Banks

March 14, 2011

Grace Solis
730 86th Street
Miami Beach FL 33141

Re:   Case# 01485224
      CITIBANK, NATIONAL ASSOCIATION

Dear Ms. Solis:

This letter acknowledges receipt of your correspondence concerning the above referenced bank. The Office of the Comptroller of the Currency (OCC) is the federal regulator responsible for this institution. Based upon your correspondence we have opened a case in the OCC's Customer Assistance Group (CAG). Please make note of the case number listed above, and provide the number on any future correspondence or contact with our office.

We have carefully reviewed the information you provided, and contacted the bank requesting a response to your issues. In most instances, the bank will respond directly to you and copy us in writing. Once you receive the bank's response, it is very important that you carefully review their summary and actions taken, if any.

If the bank has satisfactorily addressed your issues and/or concerns no further action on your part is required. If however, the bank failed to address any of your issues and/or concerns or you disagree with their response, please contact the CAG in writing within 30 days of receipt of the bank's letter. Please include in your reply the specific issues that the bank failed to address or, if applicable, the reasons you disagree with the bank's assessment. Also, please include any additional documentation that supports your position.

The OCC examines national banks to ensure their safe and sound financial condition and ensures compliance with applicable banking laws, rules and regulations. The CAG was established to assist customers who have questions or complaints involving national banks. For additional information on the OCC and CAG please visit our internet site www.helpwithmybank.gov.

Ex. D

he CAG offers guidance, and assists consumers in resolving complaints about national banks and their subsidiaries. The CAG is not a consumer advocacy or bank advocacy group. The OCC is an administrative agency and we do not have jurisdiction to resolve contractual and factual issues. We do not have judicial authority and cannot award damages in excess of a bank's error.

While complaint processing times may vary, on average you should receive a written response from CAG within 60 days after we have a complete file. If you would like to check the status of your case online, please visit www.helpwithmybank.gov and click on the Check Case Status link. Should you have questions, please contact this office at the number listed below.

Sincerely,

*Customer Assistance Group*

**EXHIBIT F**


**MARCH 2011 RESPA QUALIFIED WRITTEN REQUEST WITH PROOF OF DELIVERY**

Grace D Solis
730 86th Street
Miami Beach, FL  33141

CITIBANK, N.A.
PO Box 769004
San Antonio, TX 78245-9004

ATTN: ACCOUNT MANAGER

Certified Mail #:  7010 0780 0001 7592 8593

March 4, 2011

SECOND REQUEST - RESPA QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT
& VALIDATION OF DEBT LETTER, TILA REQUEST

This letter is a "qualified written request" in compliance with and under the Real Estate Settlement
Procedures Act, 12 U.S.C. Section 2605(e) and Regulation X at 24 C.F.R. 3500, and The Gramm
Leach Bliley Act.

REF: Alleged Account # 2908101484

Dear Madam or Sir:

You are hereby notified that this is the second certified letter I send to your office.  I sent one previous-
ly on November 19, 2010 and I have not received a response within the sixty days time period allotted
be Federal law.  Your office has proceeded in foreclosure activity through Morris Hardwick Schneider,
Attorneys at Law, in violation of RESPA, TILA, Federal Debt Collection Practices Act and several other
laws.

I am again writing to you to complain about the accounting and servicing of this mortgage and my
need for understanding and clarification of various sale, transfer, funding source, legal and beneficial
ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records
related to the servicing of this account from its origination to the present date.

To date, the documents and information I have, that you have sent, and the conversations with your
service representatives, have been unproductive and have not answered many questions. It is my un-
derstanding that your company may have been accused of engaging in one or more predatory servic-
ing or lending and servicing schemes. As a consumer, I am extremely concerned about such practices
by anyone, let alone this mortgage company or anyone who has any interest this matter. I am con-
cerned that such abuses are targeting the uneducated and uninformed consumer and disadvantaged,
poor, elderly and minority Americans.

Needless to say, I am most concerned. I am worried that potential fraudulent and deceptive practices
by unscrupulous mortgage brokers; sales and transfers of mortgage servicing rights; deceptive and
fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent account-
ing tricks and practices may have also negatively affected any credit rating, mortgage account and/or
the debt or payments that I am currently, or may be legally obligated to.

I hereby demand absolute 1st hand evidence from you of the original un-certificated or certificated se-
curity regarding account number 2908101484. In the event you do not supply me with the very securi-
ty it will be a positive confirmation on your part that you never really created and owned one. I also
hereby demand that a chain of transfer from you to wherever the security is now be promptly sent to
me as well. Absent the actual evidence of the security I have no choice but to dispute the validity of

Ex. E

ownership, funding, entitlement right, and the current debt you allege I owe. By debt I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or subservice for.

<u>To independently validate this debt, I need to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information [if any] to any credit reporting agency until you respond to each of the requests.</u>

I also request that you kindly conduct your own investigation and audit of this account since its inception to validate the debt you currently claim I owe. I would like you to validate this debt so that it is accurate to the penny!

Please do not rely on previous servicers or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account. I understand that potential abuses by you or previous servicers could have deceptively, wrongfully, unlawfully, and/or illegally:

<u>Increased the amounts of monthly payments.</u>
<u>Increased the principal balance I owe;</u>
<u>Increased escrow payments;</u>
<u>Increased the amounts applied and attributed toward interest on this account;</u>
<u>Decreased the proper amounts applied and attributed toward principal on this account; and/or</u>
<u>Assessed, charged and/or collected fees, expenses and misc. charges I am not legally obligated to pay under this mortgage, note and/or deed of trust.</u>

I request you insure that I have not been the victim of such predatory servicing or lending practices. To insure this, I have authorized a thorough review, examination, accounting and audit of mortgage account # 2908101484 by mortgage auditing and predatory servicing or lending experts. This exam and audit will review this mortgage account file from the date of initial contact, application and the origination of this account to the present date written above.

Again this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code as well as a request under Truth In Lending Act [TILA] 15 U.S.C. § 1601, et seq. RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions provided in this letter within sixty [60] days of its receipt!

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed by myself and others to insure that this loan:

Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to Title 62 of the Revised Statutes, RESPA, TILA, Fair Debt Collection Act, HOEPA and other laws;

That any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

That the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc., was and still is properly disclosed to me;

That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust;

That each servicers and sub-servicers of this mortgage has serviced this mortgage in compliance with local, state and federal statutes, laws and regulations;

That this mortgage account has properly been credited, debited, adjusted, amortized and charged correctly;

That interest and principal have been properly calculated and applied to this loan;

That any principal balance has been properly calculated, amortized and accounted for; that no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account;

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, <u>certified</u>, in writing, to various servicing questions. For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account number or my name.

As such, please send to me, at the address above, copies of the documents requested below as soon as possible. Please also provide copies of:

1)      Any certificated or un-certificated security, front and back, used for the funding of account # 2908101484

2)      Any and all "Pool Agreement(s)" including account # 2908101484 between CITIBANK, N.A. and any government sponsored entity, hereinafter (GSE).

3)      Any and all "Deposit Agreement(s)" regarding account # 2908101484 or the "Pool Agreement" including account # 2908101484 between CITIBANK, N.A. and any GSE.

4)      Any and all "Servicing Agreement(s)" between CITIBANK, N.A. and any GSE.

5)      Any and all "Custodial Agreement(s)" between CITIBANK, N.A. and any GSE.

6)      Any and all "Master Purchasing Agreement" between CITIBANK, N.A. and any GSE.

7)      Any and all "Issuer Agreement(s)" between CITIBANK, N.A.  and any GSE.

8)      Any and all "Commitment to Guarantee" agreement(s) between CITIBANK, N.A. and any GSE.

9)      Any and all "Release of Document agreements" between CITIBANK, N.A. and any GSE.

10)     Any and all "Master Agreement for servicer's Principle and Interest Custodial Account" between CITIBANK, N.A. and any GSE.

11)     Any and all "Servicers Escrow Custodial Account" between CITIBANK, N.A. and any GSE.

12)     Any and all "Release of Interest" agreements between CITIBANK, N.A. and any GSE.

13)     Any Trustee agreement(s) between CITIBANK, N.A. and CITIBANK, N.A. trustee regarding account #2908101484 or pool accounts with any GSE.

14) Please send to the requester a copy of any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust <u>and</u> any Note in this matter.

15) Please send to the requester a copy of any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust <u>and</u> any Note.

16) Please send to the requester a copy of any and all document(s) establishing the date of any appointment of Trustee Mortgage/Deed of Trust <u>and</u> any Note. Please also include any and all assignments or transfers or nominees of any substitute trustee(s).

17) Please send to the requester a copy of any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust <u>and</u> any Note.

18) Please send to the requester a copy of any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust <u>and</u> any Note.

19) Please send to the requester a copy of any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust <u>and</u> any Note.

20) Please send to the requester any documentation evidencing the Mortgage or Deed of trust is <u>not</u> a constructive trust or any other form of trust.

21) All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

22) All descriptions and legends of all Codes used in your mortgage servicing and accounting system so that the examiners, auditors and experts retained to audit and review this mortgage account may properly conduct their work.

23) All assignments, transfers, allonge, or other document evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignments on MERS.

24) All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

25) All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

26) The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

27) All escrow analyses conducted on this account from the inception of this account until the date of this letter;

28) The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statement(s) including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

29)      Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

30)      All letters, statements and documents sent to me by your company, CITIBANK, N.A.

31)      All letters, statements and documents sent to me by agents, attorneys or representatives of your company;

32)      All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

33)      All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to present date.

34)      All electronic transfers, assignments, sales of the note/asset, mortgage, deed of trust or other security instrument.

35)      All copies of property inspection reports, appraisals, BPOs and reports done on the property.

36)      All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense, which has been charged to this mortgage account from the inception of this account to the present date.

37)      All checks used to pay invoices for each charged such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

38)      All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

39)      All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until present date.

40)      All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the from the inception of this account until present date.

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below.

ACCOUNT ACCOUNTING & SERVICING SYSTEMS
1)      Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that this experts can decipher the data provided.

2)      For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company or party that designed and sold the system.

3)      For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

## DEBITS & CREDITS

1)      In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account and the date such credit was posted to this account as well as the date any credit was received.

2)      In a spreadsheet form or in letterform in a columnar format, please detail for me each and every debit on this account and the date debit was posted to this account as well as the date any debit was received.

3)      For each debit or credit listed, please provide me with the definition for each corresponding transaction code you utilize?

4)      For each transaction code, please provide us with the master transaction code list used by you or previous servicers.

## MORTGAGE & ASSIGNMENTS

1)      Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the county property records in the county and state in which my property is located from the inception of this account to the present date? Yes or No?

2)      If not, why?

3)      Is your company the servicers of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

4)      Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

5)      If yes, please detail for me the names of each seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed or security instrument I executed securing the obligation on this account that was not recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.

## ATTORNEY FEES

1)      For purposes of my questions below dealing with attorney fees, please consider the terms attorney fees and legal fees to be one in the same.

2)      Have attorney fees ever been assessed to this account from the inception of this account to the present date?

3)      If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessment to this account?

4)      Have attorney fees ever been charged to this account from the inception of this account to the present date?

5)    If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such charge to this account?

6)    Have attorney fees ever been collected from this account from the inception of this account to the present date?

7)    If yes, please detail each separate collection of attorney fees from this account from the inception of this account to the present date and the date of such collection from this account?

8)    Please provide for me the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date?

9)    Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed authorized the assessment, charge or collection of attorney fees?

10)    Please detail and list for me in writing each separate attorney fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

11)    Please detail and list for me in writing each separate attorney fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

12)    Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reasons for such adjustment.

13)    Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment were made and the reasons for such adjustment.

14)    Has interest been charged on any attorney fee assessed or charged to this account? Yes or No?

15)    Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

16)    How much in total attorney fees have been assessed to this account from the inception of this account until present date? $_____

17)    How much in total attorney fees have been collected on this account from the inception of this account until present date? $_____

18)    How much in total attorney fees have been charged to this account from the inception of this account until present date? $_____

19)    Please send to me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that been assessed or collected from this account.

SUSPENSE/UNAPPLIED ACCOUNTS

For purposes of this section, please treat the term suspense account and unapplied account as one in the same.

1)    Has there been any suspense or unapplied account transactions on this account from the inception of this account until present date?

2)      If yes, please explain the reason for each and every suspense transaction that occurred on this account? If no, please skip the questions in this section dealing with suspense and unapplied accounts.

3)      In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that has occurred on this account from the inception of this account until present date?

LATE FEES

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1)      Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

2)      Has any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

3)      Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

4)      Are late fees considered interest? Yes or No?

5)      Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

6)      Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

7)      If yes, please describe what expenses or charges were charged or assessed to this account?

8)      Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late?

9)      Please describe for me in writing what damages you or others undertook due to any payment I made, which was late?

10)     Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed authorized the assessment or collection of late fees?

11) Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from   the inception of this account to present date.

12)     Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to present date.

13)     Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reasons for such adjustment.

14)      Has interest been charged on any late fee assessed or charged to this account? Yes or No?

15)      Is interest allowed to be assessed or charged on late fees charged or assessed to this account? Yes or No?

16)     Have any late charges been assessed to this account? Yes or No?

17)     If yes, how much in total late charges have been assessed to this account from the inception of this account until present date? $_____

18)     Please provide me with the exact months or payment dates you or other previous servicers of this account claim I have been late with a payment from the inception of this account to the present date.

19)     Have late charges been collected on this account from the inception of this account until present date? Yes or No?

20)     If yes, how much in total late charges have been collected on this account from the inception of this account until present date? $_____

PROPERTY INSPECTIONS

1)     For purposes of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

2)     Have any property inspections been conducted on my property from the inception of this account until the present date?

3)     If your answer is no, you can skip the rest of these questions in this section concerning property inspections?

4)     If yes, please tell me the date of each property inspection conducted on my property that is the secured interest for this mortgage, deed or note?

5)     Please tell me the price charged for each property inspection?

6)     Please tell me the date of each property inspection?

7)     Please tell me the name and address of each company and person who conducted each property inspection on my property?

8)     Please tell me why property inspections were conducted on my property?

9)     Please tell me how property inspections are beneficial to me.

10)     Please tell me how property inspections are protective of my property.

11)     Please explain to me your policy on property inspections.

12)     Do you consider the payment of inspection fees as a cost of   collection? Yes or No?

13)     If yes, why?

14)     Do you use property inspections to collect debts? Yes or No?

15)     Have you used any portion of the property inspection process on my property to collect a debt or inform me of a debt, payment or obligation I owe?

16)     If yes, please answer when and why?

17)     Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees?

18)     Have you labeled in any record or document sent to me a property inspection as a misc. advance? Yes or No?

19) If yes, why?

20)     Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

21)     If yes, why?

22)     Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

23)     Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

24)     Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment.

25)     Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment.

26)     Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

27)     If yes, when and how much was charged?

28)     Is interest allowed to be assessed or charged on inspection fees charged or assessed to this account? Yes or No?

29)     How much in total inspection fees have been assessed to this account from the inception of this account until present date? $_____

30)     How much in total inspection fees have been collected on this account from the inception of this account until present date? $_____

31)     Please forward to me copies of all property inspections made on my property in this mortgage account file.

32)     Has any fee charged or assessed for property inspections been placed into escrow account? Yes or no?

BPO FEES

1)   Have any BPOs [Broker Price Opinions] been conducted on my property?

2)   If yes, please tell me the date of each BPO conducted on my property that is the secured interest for this mortgage, deed or note?

3)   Please tell me the price of each BPO?

4)   Please tell me who conducted each BPO?

5)   Please tell me why BPOs were conducted on my property

6)   Please tell me how BPOs are beneficial to me.

7)   Please tell me how BPOs are protective of my property.

8)   Please explain to me your policy on BPOs.

9)   Have any BPO fees been assessed to this account? Yes or No?

10)   If yes, how much in total BPO fees have been assessed to this account? $_____

11)   Have any BPO fees been charged to this account? Yes or No?

12)   If yes, how much in total BPO fees have been charged to this account? $_____

13)   Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect a BPO fee from me.

14) Please send to me copies of all BPO reports that have been done on my property.

15) Has any fee charged or assessed for A BPO been placed into escrow? Yes or no?

FORCED-PLACED INSURANCE

1)   Have you placed or ordered any forced-placed insurance policies on my property?

2)   If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed or note?

3)   Please tell me the price of each policy?

4)   Please tell me the agent for each policy?

5)   Please tell me why each policy was placed on my property.

6)   Please tell me how the policies are beneficial to me.

7)   Please tell me how policies are protective of my property.

8)   Please explain to me your policy on forced-placed insurance.

9)   Have any forced-placed insurance fees been assessed to this mortgage or escrow account? Yes or No?

10)     If yes, how much in total forced-placed policy fees have been assessed to this account? $_____

11)     Have any forced-placed insurance fees been charged to this mortgage or escrow account? Yes or No?

12)     If yes, how much in total forced-placed insurance fees have been charged to this mortgage or escrow account? $_____

13)     Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect forced-placed insurance fees from me.

14)     Do you have any relationship with the agent or agency that placed any policies on my property? If yes, please describe.

15)     Do you have any relationship with the carrier that issued any policies on my property? If yes, please describe.

16)     Has the agency or carrier you used to place a forced-placed insurance policy on my property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

17)     Do you maintain a blanket insurance policy to protect your properties when customer policies have expired?

18)     Please send to me copies of all forced-placed insurance policies that have been ordered on my property.

SERVICING RELATED QUESTIONS

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this mortgage account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below:

1)     Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

2)     Did the originator of this account or previous servicers of this account have a warehouse account agreement or contract with your company?

3)     Did the originator of this account or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or any affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of this account by your company or any affiliate.

4)     Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected?

5)     Where is the original monetary instrument or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

6)      Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

7)      Since the inception of this loan, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment?

8)      Since the inception of this loan, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment?

9)      Since the inception of this loan, has there been any sale or assignment of servicing rights to this mortgage account to any other party? If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment or sale.

10)     Since the inception of this loan, has any sub-servicers serviced any portion of this mortgage loan? If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has sub-serviced this mortgage loan.

11)     Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, please identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

12)     Has each and every assignment of my asset/monetary instrument been recorded in the county land records where the property associated with this mortgage account is located?

13)     Has there been any electronic assignment of this mortgage with MERS [Mortgage Electronic Registration System] or any other computer mortgage registry service or computer program? If yes, please identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that has been assigned the mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

14)     Have there been any investors [as defined in your industry] who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this mortgage to the present date? If yes, please identify the name and address of each and every individual, entity, organization and/or trust.

15)     Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

16)     Please provide me with copies of all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

17)     How much was paid for this individual mortgage account by you?

18)     If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan.

19)     If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan.

20)     Who did you issue a check or payment to for this mortgage loan?

21)   Please provide me copies with the front and back of canceled check.

22)   Did any investor approve the foreclosure of my property?

23)   Has HUD assigned or transferred foreclosure rights to you as required by 12 USC 3754?

24)   Please identify all persons who approved the foreclosure of my property!

Please provide me with the documents I have requested and a detailed answer to each of my questions within the required lawful time frame. Upon receipt of the documents and answers, an exam and audit will be conducted that may lead to a further document request and answers to questions under an additional QWR letter.

Copies of this Qualified Written Request, Validation of Debt, TILA and request for accounting and legal records, Dispute of Debt letter are being sent to FTC, HUD, Thrift Supervision, all relevant state and federal regulators; and other consumer advocates; and my congressman.

It is my hope that you answer this RESPA REQUEST in accordance with law and the questions, documents and validation of debt to the penny and correct any abuse(s) or scheme(s) uncovered and documented.

Default Provision(s) under this QUALIFIED WRITTEN RESPA REQUEST **CITIBANK,, N.A., or** any agents, transfers, or assigns omissions of or agreement by silence of this RESPA REQUEST via certified rebuttal of any and all points herein this RESPA REQUEST", **agrees and consents to including, but not limited by any violations of law and/or immediately terminate/remove any and all right, title and interests (liens) in Grace D Solis or any property or collateral connected to Grace D Solis or account #2908101484 and** waives any and all immunities or defenses in claims and or violations agreed to in this RESPA REQUEST including, but not limited by any and all:

1. Grace D Solis's right, by breach of fiduciary responsibility and fraud and misrepresentation revocation and rescinding of any and all power of attorney or appointment CITIBANK, N.A, may have or may have had in connection with account # 2908101484 and any property and/or real estate connected with account # 2908101484

2. Grace D Solis's right to have any certificated or un-certificated security re-registered in Grace D Solis's, and only Grace D Solis's name.

3. Grace D Solis's right of collection via CITIBANK, N.A., liability insurance and/or bond.

4. Grace D Solis's entitlement in filing and executing any instruments, as power of attorney for and by CITIBANK, N.A. including but not limited by a new certificated security or any security agreement perfected by filing a UCC Financing Statement with the Secretary of State in the State where the CITIBANK, N.A., is located.

5. Grace D Solis's right to damages because of CITIBANK, N.A. wrong-ful registration, breach of intermediary responsibility with regard to Grace D Solis's asset by CITIBANK, N.A., issuing to Grace D Solis's a certified check for the original value of Grace D Solis's monetary instrument.

6. Grace D Solis's right to have account # 2908101484 completely set off because of CITIBANK, N.A., wrongful registration, breach of intermediary responsibility with regard to Grace D Solis's monetary instrument/asset by CITIBANK, N.A., sending confirmation of set off of wrongful liability of Grace D Solis and issuing a certified check for the difference between the original value of Grace D Solis's monetary instrument/asset and what Grace D Solis mistakenly sent to CITIBANK, N.A. as payment for such wrongful liability.

to Grace D Solis's a certified check for the original value of Grace D Solis's monetary instrument.

6. Grace D Solis's right to have account # 2908101484 completely set off because of CITI-BANK, N.A., wrongful registration, breach of intermediary responsibility with regard to Grace D Solis's monetary instrument/asset by CITIBANK, N.A., sending confirmation of set off of wrongful liability of Grace D Solis and issuing a certified check for the difference between the original value of Grace D Solis's monetary instrument/asset and what Grace D Solis mistakenly sent to CITIBANK, N.A. as payment for such wrongful liability.

CITIBANK, N.A. or any transfers, agents or assigns offering a rebuttal of this RESPA REQUEST must do so in the manner of this "RESPA REQUEST" in accordance of and in compliance with current statutes and/or laws by signing in the capacity of a fully liable man or woman being responsible and liable under the penalty of perjury while offering direct testimony with the official capacity as an appointed agent for CITIBANK, N.A., in accordance with CITIBANK, N.A., Articles of Incorporation, Article of Incorporation, By Laws duly signed by a current and duly sworn under oath director(s) of such corporation/Holding Corporation/National Association. Any direct rebuttal with certified true and complete accompanying proof must be posted with the Notary address herein within sixty days. When no verified rebuttal of this "RESPA REQUEST" is made in a timely manner, a "Certificate of Non-Response" serves as CITIBANK, N.A.'s judgment and consent/agreement by means of silence with any and all claims and/or violations herein-stated in the default provisions or any other law.

Power of Attorney: When CITIBANK, N.A. fails by not rebutting to any part of this "RESPA REQUEST" CITIBANK, N.A. agrees with the granting unto Grace D Solis's unlimited Power of Attorney and any and all full authorization in signing or endorsing CITIBANK, N.A. name upon any instruments in satisfaction of the obligation(s) of this RESPA REQUEST/Agreement or any agreement arising from this CITIBANK, N.A. Grace D Solis's agreement. Pre-emption of or to any Bankruptcy proceeding shall not discharge any obligation(s) of this agreement. Consent and agreement with this Power of Attorney by CITIBANK, N.A. waives any and all claims of Grace D Solis, and/or defenses and remains in effect until satisfaction of all obligation(s) by CITIBANK, N.A. has been satisfied.

Sincerely,

Grace D Solis

CC:

1. Consumer Response Center
Federal Trade Commission
600 Pennsylvania Avenue NW,
Room 130A
Washington, DC 20580

2. Office of the Comptroller of the Currency
Customer Assistance Group
1301 McKinney Street, Suite 3450
Houston, TX 77010-9050

3. Office of Attorney General
State of Florida
The Capitol PL -01



**UNITED STATES**
**POSTAL SERVICE**®

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: **7010 0780 0001 7592 8593**
Expected Delivery Date: **March 7, 2011**
Class: **First-Class Mail**®
Service(s): **Certified Mail**™
            **Return Receipt**
Status: **Delivered**

Your item was delivered at 11:00 am on March 07, 2011 in SAN
ANTONIO, TX 78245.

Detailed Results:

- **Delivered, March 07, 2011, 11:00 am, SAN ANTONIO, TX 78245**
- **Arrival at Unit, March 07, 2011, 9:19 am, SAN ANTONIO, TX 78245**
- **Acceptance, March 04, 2011, 4:51 pm, MIAMI, FL 33180**

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   Go >

---

**Track & Confirm**

Enter Label/Receipt Number.

Go >

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

7010 0780 0001 7592 8593

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Citibank, N.A
PO Box 769004
San Antonio, TX
78245-9004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _C.O._          ☐ Agent
                  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
_F.O._                            3-7-11

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7010 0780 0001 7592 8593

Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**CERTIFIED MAIL™ RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**
For delivery information visit our website at www.usps.com®

7010 0780 0001 7592 8593

Postage  $   $1.39
Certified Fee   $2.80
Return Receipt Fee
(Endorsement Required)   $2.30
Restricted Delivery Fee
(Endorsement Required)   $0.00
Total Postage & Fees   $   $6.49

Sent To   Citibank, N.A.
Street, Apt. No.;
or PO Box No.   PO Box 769004
City, State, ZIP+4   San Antonio, TX 78245

Postmark Here   03/04/2011

13   0172

# EXHIBIT G

## JANUARY 2012 QUALIFIED WRITTEN REQUEST AND DEBT VALIDATION LETTER WITH PROOF OF DELIVERY

730 86th Street
Miami Beach, FL 33141

January 16, 2012

CITIBANK, N.A.
PO Box 769004
San Antonio, TX 78245-9004

Via USPS Certified Mail #7007 0220 0001 5134 8741

Attn: Mortgage loan accounting department

RE: Loan# 2908101484

Dear Sir or Madam,

CitiMortgage is the servicer of our mortgage loan at the above address. We dispute the amount that is owned according the Monthly Billing Statement and request that you send us information about the fees, costs, and escrow accounting on our loan. This is a Qualified Written Request, pursuant to Real Estate Settlement and Procedures Act section (2605(e)).

Specifically, we are requesting the itemization of the following:

1. a complete payment history that can be easily read and understood including, but not limited to, the dates and amounts of all the payments made on the loan to date;

2. a breakdown of the amount of claimed arrears of delinquencies;

3. An explanation of what you mean by assignment, sale, or transfer. Which one is it? Please include a copy of any all assignments, proof of sale, proof of transfer and to whom.

In order to avoid any misunderstanding, all communication shall henceforth be on the record, i.e. in writing and duly served. Please serve all communications and process directly to the mailing address provided above.

**I am hereby requesting in writing that neither you, nor any agent on your behalf, call me at home or at work. Do not call me at my home number, or at my place of employment. Please give this information to the appropriate parties within your company so they may comply.**

Thank you for taking to acknowledge and answer the request s required by Real Estate Settlement and Procedures Act section (2605(e)).

Very truly yours,

Grace D. Solis

Ex. F

730 86th Street
Miami Beach, FL  33141


January 16, 2012


Citibank, N.A.
PO Box 769004
San Antonio, TX  78245-9004

Re:  Account #2908101484

Via Certified Mail #7007 0220 0001 5134 8741

To Whom It May Concern:

This letter is being sent to you in response to a notice sent to me.  Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section.  I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

What the money you say I owe is for;
Explain and show me how you calculated what you say I owe;
Provide me with copies of any papers that show I agreed to pay what you say I owe;
Provide a verification or copy of any judgment, if applicable;
Identify the original creditor;
Prove the Statute of Limitations has not expired on this account;
Show me that you are licensed to collect in my state;
Provide me with your license numbers and Registered Agent;

At this time I will also inform you that if your offices have reported invalidated information to any of the three major credit bureaus (Equifax, Experian, or TransUnion) this action may constitute fraud under both Federal and State Laws.  Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent, I will not hesitate in bringing legal action against you for the following:

Violation of the Fair Credit Reporting Act;

Violation of the Fair Debt Collection Practices Act;
Defamation of Character.

If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least thirty days for reviewing and investigating this information.  During such time, all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit.  This includes any listing of any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is not provided proof that it is.

If your offices fail to respond to this validation request within thirty days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I also request, in writing, that no telephone contact be made by your offices to my home or to my place of employment.  If your offices attempt telephone communication with me, including but not limited to, computer generated calls, calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit.  All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action.  This is an attempt to correct your records and any information obtained shall be used for that purpose.

Best regards,


Grace D Solis

USPS.com® - Track & Confirm

English    Customer Service    USPS Mobile

Register / Sign in

# USPS.COM

Search USPS.com or Track Packages

Quick Tools          Ship a Package      Send Mail      Manage Your Mail      Shop      Business Solutions

## Track & Confirm

GET EMAIL UPDATES    PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70070220000151348741 | First-Class Mail® | Delivered | January 23, 2012, 9:35 am | SAN ANTONIO, TX 78245 | Expected Delivery By: January 23, 2012 Certified Mail™ Return Receipt |
| | | Processed at USPS Origin Sort Facility | January 23, 2012, 12:19 am | SAN ANTONIO, TX 78284 | |
| | | Dispatched to Sort Facility | January 19, 2012, 6:58 pm | MIAMI BEACH, FL 33141 | |
| | | Acceptance | January 19, 2012, 1:52 pm | MIAMI BEACH, FL 33141 | |

### Check on Another Item

What's your label (or receipt) number?

Find

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2012 USPS. All Rights Reserved.



**EXHIBIT H**

**AUGUST 14, 2013 QWR TO CITIBANK NOW ALSO REQUESTING MARGINS AND INDICES UTILIZED TO CALCULATE THE INTEREST AMOUNTS OWED WITH PROOF OF DELIVERY**

730 86th Street
Miami Beach, FL  33141


August 14, 2013


CITIBANK, FSB
11800 Spectrum Center Drive
Reston, VA  22090

Via US Certified Mail #7007 0220 0001 5134 8260

Attn: Mortgage loan accounting department

RE ACCOUNT #105080800610000

Dear Sir or Madam,

I dispute the amount that is owed and request that you send me information about the fees and costs of the accounting on the account.  This is a Qualified Written Request, pursuant to Real Estate Settlement and Procedures Act section (2605(e)) and the Helping Families Save Their Homes Act.

Specifically, I am requesting the itemization of the following:

1.  a complete payment history that can be easily read and understood including, but not limited to, the dates and amounts of all the payments made on the loan to date;

2.  The indices and margins including dates used to calculate the interest rates for the life of the account;

3.  a breakdown of the amount of claimed arrears of delinquencies;

4.  The name, address and phone number of the owner of the mortgage/debt.

5.  An explanation of what you mean by successor by merger, assignment, sale, or transfer.  Which one is it?  Please include a copy of any all assignments, proof of sale, proof of transfer and to whom.

In order to avoid any misunderstanding, all communication shall henceforth be on the record, i.e. in writing and duly served.  Please serve all communications and process directly to the mailing address provided above.

**I am hereby requesting in writing that neither you, nor any agent on your behalf, call me at home or at work.  Do not call me at my home number, or at my place of employment.  Please give this information to the appropriate parties within your company so they may comply.**

Thank you for taking to acknowledge and answer the request s required by Real Estate Settlement and Procedures Act section (2605(e)) and the Helping Families Save Their Homes Act.


Very truly yours,


Grace D. Solis

OPINION COUNTS

**From:** US_Postal_Service <US_Postal_Service@usps.com>
**To:** solis.g <solis.g@aol.com>
**Subject:** U.S. Postal Service Track & Confirm email Restoration - 70070220000151348260
**Date:** Tue, Feb 4, 2014 9:50 am

This is a post-only message. Please do not respond.

Grace Solis has requested that you receive this restoration information for Track & Confirm as listed below.

Current Track & Confirm e-mail information provided by the U.S. Postal Service.

Label Number: 70070220000151348260

Service Type: Certified Mail

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Delivered | RESTON VA 20190 | August 19, 2013 11:37 am |
| Arrival at Unit | RESTON VA 20190 | August 19, 2013 8:56 am |
| Depart USPS Sort Facility | DULLES VA 20101 | August 18, 2013 |
| Processed through USPS Sort Facility | DULLES VA 20101 | August 18, 2013 12:43 am |
| Processed through USPS Sort Facility | DULLES VA 20101 | August 17, 2013 10:20 pm |
| Depart USPS Sort Facility | MIAMI FL 33152 | August 15, 2013 |
| Processed at USPS Origin Sort Facility | MIAMI FL 33152 | August 15, 2013 8:19 pm |
| Dispatched to Sort Facility | HOLLYWOOD FL 33024 | August 15, 2013 6:09 pm |
| Acceptance | HOLLYWOOD FL 33024 | August 15, 2013 3:32 pm |

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.

For more information, or if you have additional questions on Track & Confirm services and features, please visit the Frequently Asked Questions (FAQs) section of our Track & Confirm tool at http://www.usps.com/shipping/trackandconfirmfaqs.htm.



# EXHIBIT I

## JULY 30, 2015 AND OCTOBER 30, 2015 LETTERS TO THE CRAS RE-DISPUTING THE ACCURACY OF THE CITI TRADELINE

730 86th Street
Miami Beach, FL  33141


October 30, 2015


NCAC Experian
P O Box 9701
Allen  TX 75013

Via Certified Mail #7013 2250 0002 1029 8082

To Whom It May Concern

This is in response to your letter to me dated October 2015.  I sent you the letter dated July 30

2015 via certified mail and demand that you investigate the following:

I re-dispute the accuracy of the following accounts



CITIBANK #290810 -- inaccurate.




Please provide me with a description of the re-investigation procedure for all items disputed on

April 22, 2015 and today and provide me with the source of information for all items.  Please

send me all information in my consumer file and send me an updated copy of my credit report

You must report accurate information.  Thanking you in advance for your anticipated

cooperation

Sincerely,

Grace D Solis

954 588-8214

SPS.com® - USPS Tracking®                                    https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=7013...

English     Customer Service     USPS Mobile                              Register / Sign In

# USPS.COM

## USPS Tracking®



Customer Service
Have questions? We're here to help.

Delivery Updates
Sign up for My USPS.

Tracking Number: **70132250000210298082**

Expected Delivery Day: **Tuesday, November 10, 2015**

### Product & Tracking Information

**Postal Product:**          **Features:**
First-Class Mail®            Certified Mail™

Available Actions

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| November 9, 2015 , 12:27 pm | Delivered | ALLEN, TX 75013 |

Your item was delivered at 12:27 pm on November 9, 2015 in ALLEN, TX 75013

| November 9, 2015 , 11:40 am | Arrived at Unit | ALLEN, TX 75013 |
| November 8, 2015 , 3:53 pm | Departed USPS Destination Facility | NTX P&DC |
| November 8, 2015 , 1:38 pm | Arrived at USPS Destination Facility | NTX P&DC |
| November 6, 2015 , 9:40 pm | Arrived at USPS Origin Facility | MIAMI, FL 33152 |
| November 6, 2015 , 6:03 pm | Departed Post Office | MIAMI BEACH, FL 33154 |
| November 6, 2015 , 4:50 pm | Acceptance | MIAMI BEACH, FL 33154 |

### Track Another Package

Tracking (or receipt) number



11/30/2015 2:07 PM

P O Box 105518
Atlanta, GA 30348

000003572 F0ECA082515004312000 01 000000
002018399-2463
Grace D Solis
730 86th St
Miami Beach, FL 33141-1116

# EQUIFAX

## CREDIT FILE : August 24, 2015

## Confirmation #

Dear Grace D Solis

Below are the results of your reinvestigation request and as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 425-7961 from 9:00am to 5:00pm Monday-Friday in your time zone

For an added convenience, use one of the below options to start an investigation or check the status of your dispute

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute

Visit us at www.equifax.com/CreditReportAssistance or Call us at 866-349-5186

Thank you for giving Equifax the opportunity to serve you

### The Results Of Our Reinvestigation

>>> We have reviewed your concerns and our conclusions are:

**Credit Account Information**
*(For your security, the last 4 digits of account number(s) have been replaced by *)*
*This section includes open and closed accounts reported by credit grantors)*

| Account History | | | | | |
|---|---|---|---|---|---|
| 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| 4 : 120-149 Days Past Due | H : Foreclosure | |

Status Code
Descriptions

>>> We have researched the credit account. Account # - 900548-290810* The results are: We verified that this item belongs to you Additional information has been provided from the original source regarding this item. Historical account information was deleted from this account If you have additional questions about this item please contact Citibank N.A., PO Box 769006, San Antonio TX 78245-9006 Phone: (800) 685-0935

# EXHIBIT J

# 2016 CITIMORTGAGE'S DECELERATION LETTER

CitiMortgage

citi

CitiMortgage, Inc.
PO BOX 790005
St. Louis, MO 63179-0005


10/5/2016
GRACE D SOLIS
730 86TH ST
MIAMI BEACH, FL 33141


Re: Property Address:    730 86TH ST
    MIAMI BEACH, FL 33141
CitiMortgage, Inc. Loan No.:  2908101484
Security Instrument Dated:  9/2/2005


Dear CitiMortgage, Inc. Customer(s):

Your debt was previously accelerated by the filing of a mortgage foreclosure lawsuit. The foreclosure complaint demanded immediate payment of all sums owed under your loan. The mortgage foreclosure lawsuit was dismissed.

We believe that the dismissal of the mortgage foreclosure lawsuit automatically resulted in your loan returning to installment status. However, to be clear, we are writing to inform you that any previous acceleration of your loan is revoked and nullified. By decelerating your loan, you are no longer obligated to pay immediately all sums due and owing on your loan. However, you are still required to pay monthly installments, as well as any past due amounts, on your loan as specified in your loan documents and monthly billing statement. In other words, your loan is returned to installment status as a result of the deceleration. We may continue to proceed with collection activity, re-acceleration of the debt, and/or foreclosure initiation in accordance with your loan documents and applicable law.

If you have any questions or if you would like to discuss loss mitigation assistance available to you, please contact us at 1-844-862-5498* Monday through Friday 7am-8pm CT, Saturday 7am-4pm CT**.

Sincerely,


CitiMortgage, Inc.

TTY Services are also available. To access: Dial 711 from the United States or Dial 1-866-280-2050 from Puerto Rico. When you call or write to us, please refer to your loan number: 2908101484.

Ex, G

CitiMortgage



*Calls are randomly monitored and may be recorded to ensure quality service.

**Hours provided reflect general hours of operation.

This letter contains important information. You may want to consult an attorney for legal advice. If an attorney represents you, please refer this letter to your attorney and provide us with the attorney's name, address and telephone number.

The purpose of this communication is to collect a debt and any information obtained will be used for that purpose.

**TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO AN AUTOMATIC STAY OF A BANKRUPTCY ORDER UNDER TITLE 11 OF THE UNITED STATES CODE, THIS NOTICE IS FOR COMPLIANCE AND INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT ANY SUCH OBLIGATION.**

# EXHIBIT K

## JULY TO AUGUST 2016 SUMMARY OF ACCOUNT ACTIVITY

CITIBANK, N.A.
P.O. Box 790110
St. Louis, MO 63179-0110

Citibank, N.A.
Account
2908101484

16708
UPGR

GRACE D SOLIS
730 86TH ST
MIAMI BEACH  FL  33141

Statement Period
July 27, 2016 - August 27, 2016
Page 1 of 4

## Summary of Account Activity

| | |
|---|---|
| Previous Balance | $122,430.29 |
| Payments (-) | $0.00 |
| Other Credits (-) | $0.00 |
| Loans/Advances (+) | $0.00 |
| Other Debits (+) | $0.00 |
| Fees Charged (+) | $0.00 |
| Interest Charged (+) | $292.67 |
| New Balance | $122,722.96 |
| Credit Limit | $103,148.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 08/27/16 |
| Days in Billing Cycle | 31 |

**For Billing Inquiries Or Credit Bureau Disputes
Write To This Address: For Billing Inquiries,
Calling Or Sending an E-Mail will Not Preserve
Your Rights.**

CITIBANK
PO BOX 789004
SAN ANTONIO, TX 78245-9004

## Summary of Current Minimum Payment Due

| | |
|---|---|
| Payment Due Date | 09/27/16 |
| Total Scheduled Payment | $722.45 |
| Past Due Amount | $23,802.35 |
| Current and Past Due Fees | $207.54 |
| Minimum Payment Due | $24,732.34 |

At Citi, we value you as a customer and appreciate the opportunity to assist you with all of your lending needs. If you have any questions regarding your account or to learn more about how our lending products can help you make a smart decision about borrowing, stop by your nearest Citibank branch today or call 800-321-CITI (2484). Hours are Monday thru Sunday 8AM - 10PM CST.

### Home Equity Line of Credit          Account Number 2908101484

**Interest Charged**

| | | |
|---|---|---|
| 08/27/16 | Interest Charged | $292.67 |
| | **TOTAL INTEREST FOR THIS PERIOD** | $292.67 |

**2016 Totals Year-To-Date**
Total Fees Charged in 2016   $0.00
Total Interest Charged in 2016   $2,256.43

Ex. H                                    63

# EXHIBIT L

## AUGUST – SEPTEMBER 2016 SUMMARY OF ACCOUNT

Case 1:19-cv-4042-KMW   Document 12   Entered on FLSD Docket 08/30/2019   Page 82 of 94

CITIBANK, N.A.
P.O. Box 790110
St. Louis, MO 63179-0110

Citibank, N.A.
Account
2908101484

6972
UPGR

GRACE D SOLIS
730 86TH ST
MIAMI BEACH FL    33141

Statement Period
August 27, 2016  -  September 27, 2016
Page 1 of 4

| Summary of Account Activity | |
| --- | --- |
| Previous Balance | $122,722.96 |
| Payments (-) | $0.00 |
| Other Credits (-) | $0.00 |
| Loans/Advances (+) | $0.00 |
| Other Debits (+) | $0.00 |
| Fees Charged (+) | $0.00 |
| Interest Charged (+) | $292.68 |
| New Balance | $123,015.64 |
| Credit Limit | $103,148.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 09/27/16 |
| Days in Billing Cycle | 31 |

**For Billing Inquiries Or Credit Bureau Disputes
Write To This Address: For Billing Inquiries,
Calling Or Sending an E-Mail will Not Preserve
Your Rights.**

CITIBANK
PO BOX 768004
SAN ANTONIO, TX 78245-9004

| Summary of Current Minimum Payment Due | |
| --- | --- |
| Payment Due Date | 10/27/16 |
| Total Scheduled Payment | $722.46 |
| Past Due Amount | $24,524.80 |
| Current and Past Due Fees | $207.54 |
| Minimum Payment Due | $25,454.80 |

At Citi, we value you as a customer and appreciate the opportunity to assist you with all of
your lending needs. If you have any questions regarding your account or to learn more
about how our lending products can help you make a smart decision about borrowing,
stop by your nearest Citibank branch today or call 800-321-CITI (2484). Hours are
Monday thru Sunday 8AM - 10PM CST.

| Home Equity Line of Credit | | Account Number 2908101484 | |
| --- | --- | --- | --- |
| | | **Interest Charged** | |
| 09/27/16 | Interest Charged | | $292.68 |
| | **TOTAL INTEREST FOR THIS PERIOD** | | $292.68 |

| 2016 Totals Year-To-Date |
| --- |
| Total Fees Charged in 2016   $0.00 |
| Total Interest Charged in 2016   $2,549.10 |

Ex. I

63

# EXHIBIT M

# DEFENDANTS SETTLE WITH THE CONSUMER FINANCIAL PROTECTION BUREAU FOR $28.8 MILLION

Case 1:19-cv-24042-KMW   Document 29-1   Entered on FLSD Docket 08/07/2020   Page 87 of 123

 Consumer Financial
Protection Bureau

# Bureau of Consumer Financial Protection Settles with Citibank, N.A.

## Citibank Failed To Reevaluate And Reduce The Annual Percentage Rates For Consumer Credit Card Accounts

**JUN 29, 2018**

**WASHINGTON, D.C. –** Today the Bureau of Consumer Financial Protection (Bureau) announced a settlement with Citibank, N.A.

As described in the consent order, the Bureau concluded that Citibank violated the Truth in Lending Act by failing to reevaluate and reduce the annual percentage rates (APRs) for approximately 1.75 million consumer credit card accounts consistent with regulatory requirements, and by failing to have reasonable written policies and procedures to conduct the APR reevaluations consistent with regulation.

Under the terms of the consent order, Citibank must correct these practices and pay $335 million in restitution to consumers affected by these practices. The Bureau did not assess civil money penalties based on a number of factors, including that Citibank self-identified and self-reported the violations to the Bureau, and self-initiated remediation to affected consumers.

The consent order is available at: https://files.consumerfinance.gov/f/documents/bcfp_citibank-na_consent-order_2018-06.pdf (https://files.consumerfinance.gov/f/documents/bcfp_citibank-na_consent-order_2018-06.pdf)

### 

*The Bureau of Consumer Financial Protection is a 21st century agency that helps consumer finance markets work by regularly identifying and addressing outdated, unnecessary, or unduly burdensome regulations, by making rules more effective, by consistently enforcing federal consumer financial law, and by empowering consumers to take more control over their economic lives. For more information, visit consumerfinance.gov.*

Case 1:19-cv-24042-KMW   Document 29-1   Entered on FLSD Docket 08/07/2020   Page 88 of 123

## PRESS INFORMATION

If you want to republish the article or have questions about the content,
please contact the press office.

Go to press resources page (https://www.consumerfinance.gov/about-us/newsroom/press-resou
rces/)

An official website of the United States government

**EXHIBIT N**

**JANUARY 2018 QWR TO CITIBANK REQUESTING INFORMATION ABOUT THE DECELERATION LETTER AND HOW IT AFFECTED THE AMOUNTS OWED**

730 86TH Street
Miami Beach, FL  33141


January 12, 2018


CITIBANK, NA
PO BOX 76900
SAN ANTONIO, TX  78245-9004

Via USPS Certified Mail #7016 1970 0000 9572 9623

Re:      Account #2908101484

To Whom It May Concern:

This letter is being sent to you in response to a notice sent to me.  Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) and the Fair Credit Billing Act 15 U.S.C. § 1601 et seq. that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section.  I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

What the money you say I owe is for;

Explain and show me how you calculated the entire amount of what you say I owe – please include how the index and margin was calculated in order to arrive at the interest rate charged;

I received a deceleration letter – how does this affect the amount owed?

How does the deceleration letter affect the past due amount plus the alleged monthly amount owed?

Please provide a copy of the signed 3 day rescission period document;

Provide me with copies of any and all "**account level documents**" that show I agreed to pay what you say I owe to include **original signatures**. Provide a verification or copy of any judgment if applicable;

Identify the original creditor;

1

Ex. J

If you purchased this alleged account, identify the **SELLER** you purchased it from and **ALL PREVIOUS OWNERS**.

Provide me with **ANY** documentation which establishes your legal standing to collect anything from me.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records and any information obtained shall be used for that purpose.

Cordially

Grace Solis

2

# USPS Tracking®

FAQs › (http://faq.usps.com/?articleId=220900)

## Track Another Package +

Remove ✕

**Tracking Number:** 70161970000095729623

Your item has been delivered to an agent at 9:05 am on January 17, 2018 in SAN ANTONIO, TX 78245.

## ✅ Delivered

January 17, 2018 at 9:05 am
Delivered, To Agent
SAN ANTONIO, TX 78245

---

### Tracking History

**January 17, 2018, 9:05 am**
Delivered, To Agent
SAN ANTONIO, TX 78245
Your item has been delivered to an agent at 9:05 am on January 17, 2018 in SAN ANTONIO, TX 78245.

**January 16, 2018**
In Transit to Next Facility

**January 15, 2018, 1:53 pm**
Departed USPS Regional Destination Facility
SAN ANTONIO TX DISTRIBUTION CENTER

**January 15, 2018, 10:03 am**
Arrived at USPS Regional Destination Facility
SAN ANTONIO TX DISTRIBUTION CENTER



# EXHIBIT O

## MAY 2018 RESPONSE FROM CITIMORTGAGE REDUCING INTEREST OWED

citi

CitiMortgage, Inc.
PO BOX 790005
St. Louis, MO 63179-0005

5/17/2018
GRACE D SOLIS
730 86TH ST
MIAMI BEACH, FL 331410000

Re: Property Address:      730 86TH ST
                                MIAMI BEACH, FL 33141
CitiMortgage, Inc. Loan No.: 2908101484

Dear CitiMortgage, Inc. Customer(s):

CitiMortgage, Inc. has waived certain past due installment payments (including interest, principal, and associated late fees) on your mortgage loan. Those waived installment payments could be deemed uncollectible because they were not enforced within the applicable statute of limitation. The specific amounts waived are as follows:

| | |
|---|---|
| Principal: | $0.00 |
| Interest: | $10,127.09 |
| Late Fees: | $207.54 |
| Other: | $0.00 |

By waiving the amounts identified above, you are no longer obligated to pay those amounts, and CitiMortgage, Inc. will not seek to collect those amounts from you. The change to your outstanding balance will be reflected on your next periodic billing statement, which you will or may have already received.

While this waiver reduces the outstanding balance of your loan, it does not change the obligations and/or terms of your applicable Note and/or Security Instrument. Specifically, it does not change your obligation to make timely monthly installment payments. Further, it does not change CitiMortgage, Inc.'s rights under the applicable Note and Security Instrument.

No action is needed from you for this waiver to take effect.

The waiver of past due payments is generally income to you in the year of waiver, unless you qualify for a tax exclusion. You will be responsible for paying any income taxes due on the amount waived. CitiMortgage, Inc. will report to you and the Internal Revenue Service the amount of the waiver on an applicable Form 1099 (or Form 1042-S for non-U.S. Borrowers), as required by law. The Form 1099 (or Form 1042-S for non-U.S. Borrowers), will generally be mailed to you by January 31 of the year following the year of waiver. Please consult your tax advisor if you have any questions.

©2016 Citi, Arc Design, and Citi with Arc are registered service marks of Citigroup Inc.

Ex. V



If you have any questions or if you would like to discuss loss mitigation assistance available to you, please contact us at 1-844-862-5498* Monday through Friday 7am-8pm CT, Saturday 7am-4 pm CT**.

Sincerely,

CitiMortgage, Inc.

TTY Services are also available. To access: Dial 711 from the United States or Dial 1-866-280-2050 from Puerto Rico. When you call or write to us, please refer to your loan number: 2908101484.

*Calls are randomly monitored and may be recorded to ensure quality service.

**Hours provided reflect general hours of operation.

This letter contains important information. You may want to consult an attorney for legal advice. If an attorney represents you, please refer this letter to your attorney and provide us with the attorney's name, address and telephone number.

THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO AN AUTOMATIC STAY OF A BANKRUPTCY ORDER UNDER TITLE 11 OF THE UNITED STATES CODE, THIS NOTICE IS FOR COMPLIANCE AND INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT ANY SUCH OBLIGATION.**

©2016 Citi, Arc Design, and Citi with Arc are registered service marks of Citigroup Inc.

# EXHIBIT P

## JUNE 2018 QUALIFIED WRITTEN REQUEST AND DEBT VALIDATION LETTER WITH PROOF OF DELIVERY

730 86th Street
Miami Beach, FL  33141


June 22, 2018


CITIBANK, NA
PO Box 7690004          \ PO Box 6117
St. Louis, MO 63179-0005   \ Sioux Falls, SD 57117-6117

Via US Certified Mail #7017 3380 0000 8449 7799

Attn: Mortgage loan accounting department

RE ACCOUNT #2908101484

Dear Sir or Madam,                    Qualified Written Request

This is letter sent to you in response to a notice sent to me dated June 18, 2018 stating that you will begin foreclosure action in response to my debt validation letter that you received on June 4, 2018 via certified mail.  **I dispute the total amount that is owed including interest calculations.  I again request that you send me information about the fees and costs of the accounting on this account.**  This is my fifth Qualified Written Request, pursuant to Real Estate Settlement and Procedures Act section (2605(e)), the Helping Families Save Their Homes Act, Truth In Lending Act and the Fair Credit Billing Act.

Specifically, I am requesting the itemization of the following:

1. a complete payment history that can be easily read and understood including, but not limited to, the dates and amounts of all the payments made on the loan to date;

2. **The indices and margins including dates used to calculate the interest rates for the life of the line of credit;**

3. Explain and show me **how you calculated the entire amount of what you say I owe – please include how the index and margin was calculated in order to arrive at the interest rate charged;**

4. I received a **deceleration letter – how does this affect the amount owed?**

5. **How does the deceleration letter affect the past due amount plus the alleged monthly amount owed?**

6. **Why wasn't an updated amount provided to me when the deceleration letter was sent?  I received several monthly notices directly contradicting the deceleration letter.**

7. **Why wasn't the deceleration amount sent to me when I sent prior Qualified Written Requests?**

8. **Please provide a copy of the signed 3 day rescission period document;**

1

Ex. L

9. a breakdown of the amount of claimed arrears of delinquencies, how late charges were assessed and calculated;

10. The name, address and phone number of the owner of the mortgage/debt.

11. An explanation of what you mean by successor by merger, assignment, sale, or transfer. Which one is it? Please include a copy of any all assignments, proof of sale, proof of transfer and to whom.

In order to avoid any misunderstanding, all communication shall henceforth be on the record, i.e. in writing and duly served. **Please serve all communications and process directly to the mailing address provided above.** I am hereby requesting in writing that neither you, nor any agent on your behalf, call me at home or at work. Do not call me at my home number, or at my place of employment. Please give this information to the appropriate parties within your company so they may comply.

Thank you for taking the time to acknowledge and answer this request as required **by Real Estate Settlement and Procedures Act section (2605(e)), the Helping Families Save Their Homes Act, Truth In Lending Act and the Fair Credit Billing Act.**

Very truly yours,

Grace D. Solis

2

730 86TH Street
Miami Beach, FL  33141


June 22, 2018


CITIBANK, NA
PO BOX 76900
SAN ANTONIO, TX  78245-9004         *PO Box 6117*
                                     *Sioux Falls, SD  57117-6117*

Via USPS Certified Mail #7017 3380 0000 8449 7799

Re:     Account #2908101484

To Whom It May Concern:

This is letter sent to you in response to a notice sent to me dated June 18, 2018 stating that you will begin foreclosure action in response to my debt validation letter that you received on June 4, 2018 via certified mail.  Be advised that this is not a refusal to pay, but a notice sent pursuant to **the Truth In Lending Act, 15 USC 1692g Sec. 809 (b), the Fair Credit Billing Act 15 U.S.C. § 1601 et seq. and the Florida Consumer Collection Practices Act** that your claim is disputed and validation is requested. I have sent several Qualified Written Requests via certified mail to which your offices have not responded.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section.  I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

**Please provide me with the following:**

**What the money you say I owe is for:**

**Explain and show me how you calculated the entire amount of what you say I owe – please include how the index and margin was calculated in order to arrive at the interest rate charged;**

**I received a deceleration letter – how does this affect the amount owed?**

**How does the deceleration letter affect the past due amount plus the alleged monthly amount owed?**

**Why wasn't an updated amount provided to me when the deceleration letter was sent?  I received several monthly notices directly contradicting the deceleration letter.**

**Please provide a copy of the signed 3 day rescission period document;**

1

**Provide me with copies of any and all "account level documents" that show I agreed to pay what you say I owe to include original signatures.**

Provide a verification or copy of any judgment if applicable;

Identify the original creditor;

If you purchased this alleged account, identify the **SELLER** you purchased it from and **ALL PREVIOUS OWNERS**.

Provide me with **ANY** documentation which establishes your legal standing to collect anything from me.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records and any information obtained shall be used for that purpose.

Cordially,

Grace Solis

2

# USPS Tracking®

FAQs >

## Track Another Package +

Remove ✕

**Tracking Number:** 70173380000084497799

Your item was delivered at 6:07 am on June 28, 2018 in SIOUX FALLS, SD 57117.

## ⊘ Delivered

June 28, 2018 at 6:07 am
Delivered
SIOUX FALLS, SD 57117

---

**Tracking History**                                      ∧

June 28, 2018, 6:07 am
Delivered
SIOUX FALLS, SD 57117
Your item was delivered at 6:07 am on June 28, 2018 in SIOUX FALLS, SD 57117.

June 28, 2018, 2:50 am
Arrived at Unit
SIOUX FALLS, SD 57104

June 27, 2018, 2:36 am
Arrived at USPS Regional Destination Facility
SIOUX FALLS SD DISTRIBUTION CENTER

June 26, 2018
In Transit to Next Facility

# EXHIBIT Q

## JULY 2018 QUALIFIED WRITTEN REQUEST AND DEBT VALIDATION LETTER

730 86th Street
Miami Beach, FL 33141

July 27, 2018

CITIBANK, NA
PO Box 7690004
St. Louis, MO 63179-0005

Via US Certified Mail #7017 3380 0000 8449 7850

Attn: Mortgage loan accounting department

RE ACCOUNT #2908101484

Dear Sir or Madam,

This is letter sent to you in response to a notice sent to me dated July 18, 2018. **I dispute the total amount that is owed including interest calculations. I again request that you send me information about the fees and costs of the accounting on this account.** This is my sixth Qualified Written Request, pursuant to Real Estate Settlement and Procedures Act section (2605(e)), the Helping Families Save Their Homes Act, Truth In Lending Act and the Fair Credit Billing Act. I still haven't received answers to my Qualified Written Request and Debt Validation letter regarding the information below.

Specifically, I am requesting the itemization and answers to the following:

1. a complete payment history that can be easily read and understood including, but not limited to, the dates and amounts of all the payments made on the loan to date;

2. **The indices and margins including dates used to calculate the interest rates for the life of the line of credit;**

3. **Explain and show me how you calculated the entire amount of what you say I owe – please include how the index and margin was calculated in order to arrive at the interest rate charged;**

4. **I received a deceleration letter – how does this affect the amount owed?**

5. **How does the deceleration letter affect the past due amount plus the alleged monthly amount owed?**

6. **Why wasn't an updated amount provided to me when the deceleration letter was sent? I received several monthly notices directly contradicting the deceleration letter.**

Ex. M

1

7. **Why wasn't the deceleration amount sent to me when I sent prior Qualified Written Requests?**

8. a breakdown of the amount of claimed arrears of delinquencies, how late charges were assessed and calculated;

9. The name, address and phone number of the owner of the mortgage/debt.

10. An explanation of what you mean by successor by merger, assignment, sale, or transfer. Which one is it?  Please include a copy of any all assignments, proof of sale, proof of transfer and to whom.

In order to avoid any misunderstanding, all communication shall henceforth be on the record, i.e. in writing and duly served.  Please serve all communications and process directly to the mailing address provided above.  I am hereby requesting in writing that neither you, nor any agent on your behalf, call me at home or at work.  Do not call me at my home number, or at my place of employment.  Please give this information to the appropriate parties within your company                       so                       they                       may                       comply.

Thank you for taking the time to acknowledge and answer this request as required **by Real Estate Settlement and Procedures Act section (2605(e)), the Helping Families Save Their Homes Act, Truth In Lending Act and the Fair Credit Billing Act.**

Very truly yours,


Grace D. Solis

2

ALERT: DUE TO THE FLOODING FROM HURRICANE FLORENCE, MANY POST OFFICES IN TH...

# USPS Tracking®

**FAQs** > **(https://www.usps.com/faqs/uspstracking-faqs.htm)**

Track Another Package **+**

Remove ✕

**Tracking Number:** 70173380000084497850

**Expected Delivery on**

# MONDAY

# 24 SEPTEMBER 2018 ⓘ    **See Product Information** ⌄

Feedback

## ⓥ **Delivered**

September 24, 2018 at 6:20 am
Delivered
SAINT LOUIS, MO 63179

Get Updates ⌄

---

**Text & Email Updates**                                         ⌄

---

**Tracking History**                                             ⌃

**September 24, 2018, 6:20 am**
Delivered
SAINT LOUIS, MO 63179
Your item was delivered at 6:20 am on September 24, 2018 in SAINT LOUIS, MO 63179.

**September 23, 2018, 5:45 am**
Available for Pickup
SAINT LOUIS, MO 63179

9/30/2019

June 25, 2018, 9:52 pm
Arrived at USPS Regional Origin Facility
MIAMI FL DISTRIBUTION CENTER

June 25, 2018, 6:22 pm
Departed Post Office
HALLANDALE, FL 33009

June 25, 2018, 4:44 pm
USPS in possession of item
HALLANDALE, FL 33009

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage

Total Postage and Fees

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800                    See Reverse for Instructions

7017 3380 0000 8449 7799

## Product Information ⋀

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™

See Less ⋀

Can'

Go to our FAQ

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Citibank, NA
PO Box 6117
Sioux Falls, SD 57117-
6117

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____     ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                JUN 28 2018

D. Is delivery address different from item 1  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☑ Certified Mail          ☐ Express Mail
☐ Registered              ☐ Return Receipt for Merchandise
☐ Insured Mail            ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service)   7017 3380 0000 8449 7799

PS Form 3811, February 2004    Domestic Return Receipt          102595-02-M

# EXHIBIT R

## 2018 SUE JORDAN, CITIMORTGAGE VP, CERTIFIES UNDER PENALTY OF PERJURY THAT CITIBANK POSSESSES PLAINTIFFS' HOME EQUITY LINE OF CREDIT AGREEMENT

## FLORIDA STATUTES, § 702.015(4) POSSESSION CERTIFICATE

1.    I, Sue Jorden, am employed by CitiMortgage, Inc., as Vice President - Document Control.  Pursuant to an agreement, CitiMortgage, Inc., provides certain loan servicing activities for Citibank, N.A., the holder of the Home Equity Line of Credit Agreement ("HELOC") described below. Pursuant to a corporate resolution from CitiMortgage, Inc., I am authorized to make the representations contained in this Possession Certificate ("Certificate") on behalf of Citibank, N.A.  The statements made in this Certificate are based on my personal knowledge obtained through my review of business records that are kept by CitiMortgage, Inc., in the normal course of business.

2.    I am over the age of 18 and competent to certify the information contained herein. Pursuant to Florida Statutes, § 702.015(4), under penalty of perjury, I give this certification.

3.    For convenience, the following party or parties listed on the HELOC are referred herein as "Borrower": Grace D. Solis. The Borrower executed a Home Equity Line of Credit Agreement ("HELOC") dated September 2, 2005, in the amount of $104,000.00.

4.    Citibank, N.A. is in possession of the original HELOC upon which this action is brought through its custodian, CitiMortgage, Inc., which possesses the HELOC on behalf of Citibank, N.A.

5.    At the time of verification, the original HELOC was located at CitiMortgage, Inc. at 1000 Technology Drive, O'Fallon, Missouri 63368.

6.    I personally verified CitiMortgage, Inc.'s possession of the original HELOC on July 10, 2018 at 9:01 AM.

1

FL – Possession Certificate – 20160128M
v.FL20160128M DEX0340.28598

Ex. N

7. A true and correct copy of the HELOC is attached to this Certificate as <u>Exhibit A</u>.

Under penalty of perjury, I declare that I have read the foregoing Possession Certificate, and the facts alleged therein are true and correct to the best of my knowledge and belief.

**CERTIFIER**

By:

Name: <u>Sue Jorden</u>

Date: 7-10-18

2

**EXHIBIT O**


**JENNIFER OLLIER, CITIMORTGAGE VP-DOCUMENT CONROL,
VERIFIES UNDER PENALTY OF PERJURY THAT CITIBANK
POSSESSES A HOME EQUITY LINE OF CREDIT NOTE**

arise with respect to assessments due or allegedly due to any Homeowners or Condominium

Association, if applicable.

## VERIFICATION OF COMPLAINT

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on this 25 day of September, 2018.

By: _____
Printed Name: Jennifer Ollier
Title: Vice President-Document Control, Employed by CitiMortgage, Inc., which provides certain loan servicing for Plaintiff
PLAINTIFF: CITIBANK, N.A.
Date: 9/25/18


ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Plaintiff
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
Service Email: mail@rasflaw.com

By: _____
[ ] Melissa Konick, Esq., FL Bar No. 17569, Email Address: mkonick@rasflaw.com
[ ] Wendy Manswell, Esq., FL Bar No. 12027, Email Address: wmanswell@rasflaw.com
[X] Rosemarie Wildman, Esq., FL Bar No. 645869, Email Address: rwildman@rasflaw.com
[ ] Gweneth Brimm, Esq., FL Bar No. 727601, Email Address: gbrimm@rasflaw.com
[ ] Shannon Dobel, Esq., FL Bar No. 126299, Email Address: sdobel@rasflaw.com


PAGE 6

18-191226 - JoD

Ex. O

claim an interest as spouses, heirs, devisees, grantees, or other claimants, are joined as Defendants herein. The claims of said Defendants are subordinate, junior, and inferior to the interest of the Plaintiff.

WHEREFORE, Plaintiff demands judgment foreclosing the mortgage, for costs (and, when applicable, attorneys' fees), and, if the proceeds of the sale are insufficient to pay Plaintiff's judgment, Plaintiff asks the court to reserve jurisdiction to determine whether a deficiency is appropriate, in the event it is sought. Subject to any applicable statute of limitations, Plaintiff further requests that the Court ascertain the amount due to Plaintiff for principal and interest on the Mortgage and Note, and for late charges, abstracting, taxes, expenses and costs, including attorney's fees, plus interest thereon. If the sums due Plaintiff under the Mortgage and Note are not paid immediately, Plaintiff requests that the Court foreclose the Mortgage and the Clerk of the Court sell the Property securing the indebtedness to satisfy the Plaintiff's mortgage lien in accordance with the provisions of Florida Statutes §45.031 (2006); and that the rights, title and interest of any Defendant, or any party claiming by, through, under or against any Defendant named herein or hereinafter made a Defendant be forever barred and foreclosed. Plaintiff further requests, where applicable, that the Court appoint a receiver of the Property and of the rents, issues, income and profits thereof, or in the alternative, order sequestration of rents, issues, income and profits pursuant to Florida Statutes §697.07 (2006); and that the Court retain jurisdiction of this action to make any and all further orders and judgments as may be necessary and proper, including the issuance of a writ of possession and the entry of a deficiency judgment decree, when and if such deficiency decree shall appear proper, provided Borrower(s) has/have not been discharged in bankruptcy. Finally, Plaintiff asks the Court to retain jurisdiction to resolve disputes that might

18-191226 - JoD

16.     Defendant, UNKNOWN SPOUSE OF SHIRLEY JANICE SOLIS, may claim some right, title, or interest in the property herein sought to be foreclosed by virtue of homestead rights, possession or some other unknown interest, the exact nature of which is unknown to Plaintiff and not a matter of public record. However, said interest, if any, is subordinate, junior, and inferior to the lien of Plaintiff's mortgage.

17.     The Defendant, EDWARD SOLIS, may claim some right, title, or interest in the property herein sought to be foreclosed by virtue of POSSIBLE HEIR IN THE ESTATE OF SYLVIA SOLIS, DECEASED or some other unknown interest, the exact nature of which is unknown to Plaintiff and not a matter of public record. However, said interest, if any, is subordinate, junior, and inferior to the lien of Plaintiff's mortgage.

18.     Any interest in the property inuring to the Defendant, CITIBANK, N.A. SUCCESSOR BY MERGER TO CITIBANK (SOUTH DAKOTA), N.A., is subordinate and inferior to the lien of Plaintiff's mortgage, including, but not limited to, FINAL JUDGMENT recorded August 4, 2011, in Official Records Book 27779 at Page 2655 and RE-RECORDED FINAL JUDGMENT recorded September 15, 2011, in Official Records Book 27826 at Page 438 of the Public Records of Miami-Dade County, Florida.

19.     Any interest in the property inuring to the Defendant, 13500 NE 3RD COURT, LLC, is subordinate and inferior to the lien of Plaintiff's mortgage, including, but not limited to, FINAL JUDGMENT recorded January 3, 2017, in Official Records Book 30370 at Page 1018 and RE-RECORDED FINAL JUDGMENT recorded April 6, 2017, in Official Records Book 30485 at Page 4281 of the Public Records of Miami-Dade County, Florida.

20.     Any and all unknown parties claiming by, through, under, and against the herein named individual Defendant(s) who are not known to be dead or alive, whether said unknown parties may

PAGE 4

18-191226 - JoD

9. On or about October 26, 2013, SYLVIA SOLIS died.

10. In order to protect its security, the Plaintiff may have advanced and paid Ad Valorem Taxes, premiums on insurance required by the Mortgage and other necessary costs, or may be required to make such advances during the pendency of this action. Any such sum(s) so paid will also be due and owing pursuant to the terms of the note and mortgage.

11. The property is now owned by Defendant(s), GRACE DENISE SOLIS A/K/A GRACE D. SOLIS and SHIRLEY JANICE SOLIS and THE UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, GRANTEES, ASSIGNEES, LIENORS, CREDITORS, TRUSTEES AND ALL OTHERS WHO MAY CLAIM AN INTEREST IN THE ESTATE OF SYLVIA SOLIS, DECEASED, if living and, if dead, the unknown spouses, heirs, and beneficiaries of GRACE DENISE SOLIS A/K/A GRACE D. SOLIS and SHIRLEY JANICE SOLIS who now hold(s) possession.

12. All conditions precedent to the acceleration of this mortgage note and to foreclosure of the mortgage have occurred, been satisfied or been waived.

13. Plaintiff is obligated to pay its attorneys a reasonable fee for their services. Plaintiff is entitled to recover its attorneys' fees pursuant to the express terms of the Note and Mortgage.

14. Plaintiff alleges that the claims of the remaining Defendants are secondary, junior, inferior and subject to the prior claim of Plaintiff.

15. Defendant, UNKNOWN SPOUSE OF GRACE DENISE SOLIS A/K/A GRACE D. SOLIS, may claim some right, title, or interest in the property herein sought to be foreclosed by virtue of homestead rights, possession or some other unknown interest, the exact nature of which is unknown to Plaintiff and not a matter of public record. However, said interest, if any, is subordinate, junior, and inferior to the lien of Plaintiff's mortgage.

PAGE 3

18-191226 - JoD

1.     This is an action to foreclose a mortgage on real property in MIAMI-DADE County, Florida.

2.     The Court has jurisdiction over the subject matter.

3.     On September 2, 2005, GRACE DENISE SOLIS A/K/A GRACE D. SOLIS executed and delivered a promissory note securing the payment of the note to CITIBANK, FEDERAL SAVINGS BANK. A copy of the Note is attached hereto as Exhibit "A". On September 2, 2005 GRACE DENISE SOLIS A/K/A GRACE D. SOLIS and SYLVIA SOLIS, DECEASED and SHIRLEY JANICE SOLIS executed and delivered a mortgage. The Mortgage was recorded on September 29, 2005 in Official Records Book 23824, Page 3563, of the Public Records of Miami-Dade County, Florida and mortgaged the property described in the mortgage then owned by the Mortgagor(s). A copy of the Mortgage is attached hereto as Exhibit "B".

4.     The Plaintiff's Mortgage is a lien superior in dignity to any prior or subsequent right, title, claim, lien, or interest of any defendant in this action, including but not limited to, any interest arising out of Mortgagor(s) or Mortgagor(s)' predecessor(s) and/or successors in interest.

5.     Plaintiff is the holder of the original note secured by the mortgage.

6.     Defendant(s) have defaulted under the Note and Mortgage by failing to pay the payment due December 27, 2013, and all subsequent payments.

7.     Plaintiff declares the full amount payable under the Note and Mortgage to be due, except to the extent any part of that amount is or would be subject to a statute of limitations defense.

8.     Pursuant to the terms of the note and mortgage, and except for those Defendants who have been discharged in bankruptcy, Defendant(s) owe Plaintiff $101,833.68 that is due and owing on principal on the Note and Mortgage, plus interest from and after September 27, 2010, and title search expenses for ascertaining necessary parties to this action.

PAGE 2

18-191226 - JoD

Filing # 78722967 E-Filed 10/02/2018 11:57:50 AM

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO.

CITIBANK, N.A.,
    Plaintiff,

vs.

GRACE DENISE SOLIS A/K/A GRACE
D. SOLIS; UNKNOWN SPOUSE OF
GRACE DENISE SOLIS A/K/A GRACE
D. SOLIS; SHIRLEY JANICE SOLIS;
UNKNOWN SPOUSE OF SHIRLEY
JANICE SOLIS; THE UNKNOWN HEIRS,
BENEFICIARIES, DEVISEES,
GRANTEES, ASSIGNEES, LIENORS,
CREDITORS, TRUSTEES AND ALL
OTHERS WHO MAY CLAIM AN
INTEREST IN THE ESTATE OF SYLVIA
SOLIS, DECEASED; EDWARD SOLIS;
CITIBANK, N.A. SUCCESSOR BY
MERGER TO CITIBANK (SOUTH
DAKOTA), N.A.; 13500 NE 3RD COURT,
LLC; ANY AND ALL UNKNOWN
PARTIES CLAIMING BY, THROUGH,
UNDER, AND AGAINST THE HEREIN
NAMED INDIVIDUAL DEFENDANT(S)
WHO ARE NOT KNOWN TO BE DEAD
OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN
INTEREST AS SPOUSES, HEIRS,
DEVISEES, GRANTEES, OR OTHER
CLAIMANTS,
    Defendant(s).
_____/

## VERIFIED COMPLAINT FOR FORECLOSURE OF MORTGAGE

Plaintiff, CITIBANK, N.A., sues the Defendants and alleges:

## COUNT I – MORTGAGE FORECLOSURE

PAGE 1

18-191226 - JoD

**EXHIBIT S**

**JENNIFER OLLIER, CITIMORTGAGE VP-DOCUMENT CONROL, VERIFIES UNDER PENALTY OF PERJURY THAT CITIBANK POSSESSES A HOME EQUITY LINE OF CREDIT NOTE**

arise with respect to assessments due or allegedly due to any Homeowners or Condominium

Association, if applicable.

## VERIFICATION OF COMPLAINT

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on this 25 day of September , 2018 .

By: _____
Printed Name: Jennifer Ollier
Title: Vice President-Document Control, Employed by CitiMortgage, Inc., which provides certain loan servicing for Plaintiff
PLAINTIFF: CITIBANK, N.A.
Date: 9/25/18 _____

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Plaintiff
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
Service Email: mail@rasflaw.com

By: _____
[ ] Melissa Konick, Esq., FL Bar No. 17569, Email Address: mkonick@rasflaw.com
[ ] Wendy Manswell, Esq., FL Bar No. 12027, Email Address: wmanswell@rasflaw.com
[X] Rosemarie Wildman, Esq., FL Bar No. 645869, Email Address: rwildman@rasflaw.com
[ ] Gweneth Brimm, Esq., FL Bar No. 727601, Email Address: gbrimm@rasflaw.com
[ ] Shannon Dobel, Esq., FL Bar No. 126299, Email Address: sdobel@rasflaw.com

PAGE 6

18-191226 - JoD

Ex. O

claim an interest as spouses, heirs, devisees, grantees, or other claimants, are joined as Defendants herein. The claims of said Defendants are subordinate, junior, and inferior to the interest of the Plaintiff.

WHEREFORE, Plaintiff demands judgment foreclosing the mortgage, for costs (and, when applicable, attorneys' fees), and, if the proceeds of the sale are insufficient to pay Plaintiff's judgment, Plaintiff asks the court to reserve jurisdiction to determine whether a deficiency is appropriate, in the event it is sought. Subject to any applicable statute of limitations, Plaintiff further requests that the Court ascertain the amount due to Plaintiff for principal and interest on the Mortgage and Note, and for late charges, abstracting, taxes, expenses and costs, including attorney's fees, plus interest thereon. If the sums due Plaintiff under the Mortgage and Note are not paid immediately, Plaintiff requests that the Court foreclose the Mortgage and the Clerk of the Court sell the Property securing the indebtedness to satisfy the Plaintiff's mortgage lien in accordance with the provisions of Florida Statutes §45.031 (2006); and that the rights, title and interest of any Defendant, or any party claiming by, through, under or against any Defendant named herein or hereinafter made a Defendant be forever barred and foreclosed. Plaintiff further requests, where applicable, that the Court appoint a receiver of the Property and of the rents, issues, income and profits thereof, or in the alternative, order sequestration of rents, issues, income and profits pursuant to Florida Statutes §697.07 (2006); and that the Court retain jurisdiction of this action to make any and all further orders and judgments as may be necessary and proper, including the issuance of a writ of possession and the entry of a deficiency judgment decree, when and if such deficiency decree shall appear proper, provided Borrower(s) has/have not been discharged in bankruptcy. Finally, Plaintiff asks the Court to retain jurisdiction to resolve disputes that might

PAGE 5

18-191226 - JoD

16. Defendant, UNKNOWN SPOUSE OF SHIRLEY JANICE SOLIS, may claim some right, title, or interest in the property herein sought to be foreclosed by virtue of homestead rights, possession or some other unknown interest, the exact nature of which is unknown to Plaintiff and not a matter of public record. However, said interest, if any, is subordinate, junior, and inferior to the lien of Plaintiff's mortgage.

17. The Defendant, EDWARD SOLIS, may claim some right, title, or interest in the property herein sought to be foreclosed by virtue of POSSIBLE HEIR IN THE ESTATE OF SYLVIA SOLIS, DECEASED or some other unknown interest, the exact nature of which is unknown to Plaintiff and not a matter of public record. However, said interest, if any, is subordinate, junior, and inferior to the lien of Plaintiff's mortgage.

18. Any interest in the property inuring to the Defendant, CITIBANK, N.A. SUCCESSOR BY MERGER TO CITIBANK (SOUTH DAKOTA), N.A., is subordinate and inferior to the lien of Plaintiff's mortgage, including, but not limited to, FINAL JUDGMENT recorded August 4, 2011, in Official Records Book 27779 at Page 2655 and RE-RECORDED FINAL JUDGMENT recorded September 15, 2011, in Official Records Book 27826 at Page 438 of the Public Records of Miami-Dade County, Florida.

19. Any interest in the property inuring to the Defendant, 13500 NE 3RD COURT, LLC, is subordinate and inferior to the lien of Plaintiff's mortgage, including, but not limited to, FINAL JUDGMENT recorded January 3, 2017, in Official Records Book 30370 at Page 1018 and RE-RECORDED FINAL JUDGMENT recorded April 6, 2017, in Official Records Book 30485 at Page 4281 of the Public Records of Miami-Dade County, Florida.

20. Any and all unknown parties claiming by, through, under, and against the herein named individual Defendant(s) who are not known to be dead or alive, whether said unknown parties may

PAGE 4

18-191226 - JoD

9.    On or about October 26, 2013, SYLVIA SOLIS died.

10.    In order to protect its security, the Plaintiff may have advanced and paid Ad Valorem Taxes, premiums on insurance required by the Mortgage and other necessary costs, or may be required to make such advances during the pendency of this action. Any such sum(s) so paid will also be due and owing pursuant to the terms of the note and mortgage.

11.    The property is now owned by Defendant(s), GRACE DENISE SOLIS A/K/A GRACE D. SOLIS and SHIRLEY JANICE SOLIS and THE UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, GRANTEES, ASSIGNEES, LIENORS, CREDITORS, TRUSTEES AND ALL OTHERS WHO MAY CLAIM AN INTEREST IN THE ESTATE OF SYLVIA SOLIS, DECEASED, if living and, if dead, the unknown spouses, heirs, and beneficiaries of GRACE DENISE SOLIS A/K/A GRACE D. SOLIS and SHIRLEY JANICE SOLIS who now hold(s) possession.

12.    All conditions precedent to the acceleration of this mortgage note and to foreclosure of the mortgage have occurred, been satisfied or been waived.

13.    Plaintiff is obligated to pay its attorneys a reasonable fee for their services. Plaintiff is entitled to recover its attorneys' fees pursuant to the express terms of the Note and Mortgage.

14.    Plaintiff alleges that the claims of the remaining Defendants are secondary, junior, inferior and subject to the prior claim of Plaintiff.

15.    Defendant, UNKNOWN SPOUSE OF GRACE DENISE SOLIS A/K/A GRACE D. SOLIS, may claim some right, title, or interest in the property herein sought to be foreclosed by virtue of homestead rights, possession or some other unknown interest, the exact nature of which is unknown to Plaintiff and not a matter of public record. However, said interest, if any, is subordinate, junior, and inferior to the lien of Plaintiff's mortgage.

PAGE 3

18-191226 - JoD

1.      This is an action to foreclose a mortgage on real property in MIAMI-DADE County, Florida.

2.      The Court has jurisdiction over the subject matter.

3.      On September 2, 2005, GRACE DENISE SOLIS A/K/A GRACE D. SOLIS executed and delivered a promissory note securing the payment of the note to CITIBANK, FEDERAL SAVINGS BANK. A copy of the Note is attached hereto as Exhibit "A". On September 2, 2005 GRACE DENISE SOLIS A/K/A GRACE D. SOLIS and SYLVIA SOLIS, DECEASED and SHIRLEY JANICE SOLIS executed and delivered a mortgage. The Mortgage was recorded on September 29, 2005 in Official Records Book 23824, Page 3563, of the Public Records of Miami-Dade County, Florida and mortgaged the property described in the mortgage then owned by the Mortgagor(s). A copy of the Mortgage is attached hereto as Exhibit "B".

4.      The Plaintiff's Mortgage is a lien superior in dignity to any prior or subsequent right, title, claim, lien, or interest of any defendant in this action, including but not limited to, any interest arising out of Mortgagor(s) or Mortgagor(s)' predecessor(s) and/or successors in interest.

5.      Plaintiff is the holder of the original note secured by the mortgage.

6.      Defendant(s) have defaulted under the Note and Mortgage by failing to pay the payment due December 27, 2013, and all subsequent payments.

7.      Plaintiff declares the full amount payable under the Note and Mortgage to be due, except to the extent any part of that amount is or would be subject to a statute of limitations defense.

8.      Pursuant to the terms of the note and mortgage, and except for those Defendants who have been discharged in bankruptcy, Defendant(s) owe Plaintiff $101,833.68 that is due and owing on principal on the Note and Mortgage, plus interest from and after September 27, 2010, and title search expenses for ascertaining necessary parties to this action.

PAGE 2

18-191226 - JoD

Filing # 78722967 E-Filed 10/02/2018 11:57:50 AM

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO.

CITIBANK, N.A.,
    Plaintiff,

vs.

GRACE DENISE SOLIS A/K/A GRACE
D. SOLIS; UNKNOWN SPOUSE OF
GRACE DENISE SOLIS A/K/A GRACE
D. SOLIS; SHIRLEY JANICE SOLIS;
UNKNOWN SPOUSE OF SHIRLEY
JANICE SOLIS; THE UNKNOWN HEIRS,
BENEFICIARIES, DEVISEES,
GRANTEES, ASSIGNEES, LIENORS,
CREDITORS, TRUSTEES AND ALL
OTHERS WHO MAY CLAIM AN
INTEREST IN THE ESTATE OF SYLVIA
SOLIS, DECEASED; EDWARD SOLIS;
CITIBANK, N.A. SUCCESSOR BY
MERGER TO CITIBANK (SOUTH
DAKOTA), N.A.; 13500 NE 3RD COURT,
LLC; ANY AND ALL UNKNOWN
PARTIES CLAIMING BY, THROUGH,
UNDER, AND AGAINST THE HEREIN
NAMED INDIVIDUAL DEFENDANT(S)
WHO ARE NOT KNOWN TO BE DEAD
OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN
INTEREST AS SPOUSES, HEIRS,
DEVISEES, GRANTEES, OR OTHER
CLAIMANTS,
    Defendant(s).
_____/

## VERIFIED COMPLAINT FOR FORECLOSURE OF MORTGAGE

Plaintiff, CITIBANK, N.A., sues the Defendants and alleges:

## COUNT I – MORTGAGE FORECLOSURE

PAGE 1

18-191226 - JoD